UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------x
GIDEON RAPAPORT,

                Plaintiff,        **COMPLAINT**

-against-                          Case No.

                                    Plaintiff demands trial by jury
ABIGAIL FINKELMAN,           of all claims so triable.

                Defendant.
----------------------------------------------------------x

      Plaintiff Gideon Rapaport, by his attorneys, Law Office of Richard A. Altman, for his complaint against defendant, alleges as follows:

### THE PARTIES

      1. Plaintiff Gideon Rapaport is a graduate of the New York University School of Law. He is a citizen of Canada, has been previously lawfully admitted to the United States as a nonresident alien, and that is his current status as well.

      2. Defendant Abigail Finkelman is, on information and belief, a member of the New York State Bar, a graduate of the Yeshiva University Cardozo School of Law, an employee of the Legal Aid Society, and a resident of the City and State of New York

### JURISDICTION AND VENUE

      3. This Court has original jurisdiction over this action pursuant to 28 U.S. C. § 1332, because the parties are, respectively, a nonresident alien and a United States citizen, and the amount in controversy exceeds $75,000, exclusive of interests and costs.

      4. This Court has personal jurisdiction over the defendant because she is either domiciled in the State of New York, or has transacted business within the State of New York during the course

-1-

of her presence, education and employment in the State, or has committed non-defamatory tortious acts in New York within the meaning of NY CPLR 302(2) and (3).

5. Venue is proper in this district pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claims occurred in this district.

## INTRODUCTION

6. The gravamen of this action is defendant's willful and malicious posting on her social media account on X.com (formerly Twitter.com) a defamatory photograph of the plaintiff which had been previously posted by others. The republished photograph was a false, digitally manipulated image showing plaintiff's name and face, and containing false and defamatory words about him. A copy of the posting showing the photograph is attached as Exhibit 1.

7. The fake photograph was immediately viewed by thousands of defendant's followers. As a direct result of defendant's posting, plaintiff has not yet sought admission to the New York bar, despite having passed the bar examination, due to his fear of the adverse effect of defendant's actions upon the Committee on Character and Fitness. He brings this action to clear his name so that he can pursue his chosen career.

8. This digitally manipulated faked image of the plaintiff was originally created by others. To be specific, plaintiff has a pending action in this Court against those others, who are defendants in an action captioned *Gideon Rapaport v. Iyer et al.*, Case No. 23-cv-6709 (JGLC).

9. That action was commenced by plaintiff's filing of a *pro se* complaint on July 28, 2023. However, the faked photo itself was not included as an exhibit to the plaintiff's complaint, because since its initial posting, on or about July 29, 2022, it had disappeared from the internet. Plaintiff

could not obtain a copy, although he was aware of it, and described its contents and its import in that complaint.

10. The action garnered attention in the legal community, because it implicated a well-known professor at New York University Law School, Richard Epstein, and because it mentioned the Federalist Society, a well-known and influential legal association.

11. The plaintiff's *pro se* complaint was the subject of a series of comments by the defendant shortly after it was filed. The thread of the comments is annexed as Exhibit 2. Posting with the handle of "@clapifyoulikeme," and under the assumed–and arguably offensive–name of "Mrs. Detective Pikajew, Esq," on August 6, 2023, defendant Finkelman posted a series of comments about the lawsuit.

12. Her first comment was "I need all of #lawtwitter to read this complaint. I promise you will not regret it." (Exh. 2 at 2).

13. Defendant's subsequent posts that same day made a series of comments about the allegations, all of which were within her First Amendment rights, despite their critical nature.

14. Her second comment was "Smh [shaking my head] why wouldn't you include screenshots, I wanna see the fake 'wanted' or 'public enemy' poster." (Exh. 2 at 3).

15. However, later that same day, she posted the photograph, saying "[w]e got it lads, s/o [shout out] to an anonymous tipster." (Exh. 2 at 20).

16. Accompanying the comment is a copy of the faked photograph of plaintiff (Exhibit 1), with the caption:

DO NOT ADMIT<br>
GIDEON RAPAPORT<br>
KIRKLAND AND ELLIS

17. The faked photograph was intended to create the false and defamatory impression that it had been publicly posted in the lobby of the office building where plaintiff was employed during the summer of 2022 by the law firm of Kirkland and Ellis, and that it was evidence that he had been fired for sexual misconduct and was somehow barred from entry to the building.

18. In fact, plaintiff was not fired from the firm for any reason, and was never barred from entering the building during his term of summer employment, nor at any time thereafter. In fact, the law firm itself never believed in the authenticity of the photo.

19. Although as previously stated, it was originally posted on or about July 29, 2022, it was taken down a few days later, and was never indexed by any search engine. However, once the defendant republished it on August 6, 2023, it was, and remains, widely available. It was seen by defendant's thousands of followers, many of whom commented on it. The full thread of defendant's comments (and those of others) is attached as Exhibit 2, in a paginated PDF format. The original may be viewed at this link: https://x.com/clapifyoulikeme/status/1688355239303204864

20. The photograph, together with the context in which it appears, is susceptible to a defamatory connotation, in that falsely accuses plaintiff, by name and likeness, of being a trespasser, and it falsely implies that he is unfit to practice his profession.

21. At the time that plaintiff filed his *pro se* complaint, he was not aware of the actual names of the defendants, and the original caption named only John Does #1, #2, and #3 as defendants. However, plaintiff also filed subpoenas seeking to compel disclosure of the names from persons with knowledge.

22. The District Court granted those subpoenas, and plaintiff was thereby able to discover the names.

23. After learning the facts and names, plaintiff retained his present counsel, who filed a Notice of Appearance in the case on April 24, 2024.

24. The defendant–who apparently closely monitors the public docket–filed that same day another comment, referring to the plaintiff and his counsel: "1. I cannot believe he got a lawyer./2. Do we think this guy, who was admitted in 1978, knows about reddit." (Exh. 2 at 24). Accompanying her comment was a copy of plaintiff's counsel's Attorney Detail Report from the New York State Court System's website.

25. Plaintiff then filed a First Amended Complaint on May 24, 2024, containing particularized allegations against the defendants in that case, and attaching the faked photograph, which had become available because of defendant's actions.

26. Defendant Finkelman then commented the same day, "THIS IS NOT A DRILL. WE HAVE AN AMENDED COMPLAINT WITH NAMED DEFENDANTS." (original in all CAPS)(Exh. 2 at 25). She then goes on to comment about the allegations in the First Amended Complaint.

### FIRST CLAIM
### (Defamation)

27. Plaintiff re-alleges paragraphs 1 through 26.

28. The faked photograph contains false assertions or implications of fact, including the false statements and implications set forth above.

29. It is defamatory *per se*, in that it falsely accuses plaintiff of conduct incompatible with being an honorable member of the legal profession.

30. As a consequence of the faked photograph and subsequent statements relating to his former employment, plaintiff has also suffered special damages.

31. The faked photograph constitutes defamation *per se* because it (i) falsely accuses plaintiff of committing illegal acts constituting a serious crime; (ii) contains allegations that would tend to injure plaintiff in his trade, business, profession or office; (iii) contains allegations by implication from the language employed such that the reader would understand the defamatory meaning without the necessity of knowing extrinsic explanatory matter, and (iv) by natural consequence would cause plaintiff damages.

32.  The defamatory acts described herein have caused special damage to plaintiff, and continue to do so, in that he has suffered and continues to suffer loss of economic opportunities as well as loss of reputation.

33.  In addition to the foregoing, plaintiff has suffered, and will continue to suffer, mental pain and anguish, emotional distress, harassment, anxiety, embarrassment and humiliation.

## SECOND CLAIM
### (False Light and Invasion of Privacy)

34.  Plaintiff re-alleges paragraphs 1 through 33.

35.  This claim is alleged under the laws of the State of New Jersey where plaintiff resided during the events complained of herein.

36.  This claim is not duplicative of the defamation claim, because it redresses the violation of a right of privacy which is not afforded by the State of New York to its citizens, but which pertains to protecting private figures from intrusion into their lives by publicity that places them in a false light.

37. The above-described faked photograph is a false statement that presents the plaintiff under a false light to the world, including his immediate neighbors and members of his local community in the State of New Jersey.

38. This false light exposes the plaintiff to scorn, derision, harassment, emotional distress, anxiety, loss of privacy and excess notoriety in a manner that shocks the conscience and is intolerable in society.

39. Defendant is liable for compensatory and punitive damages caused plaintiff as a direct result of above-described fake photograph, and plaintiff is entitled to recover those damages.

40. Defendant acted with actual malice and with the intent to harm plaintiff through, among other things, publishing the faked photograph.

41. Plaintiff is entitled to compensatory and punitive damages arising therefrom, as the Court and a jury may determine.

WHEREFORE, plaintiff demands relief as follows:

1. On his First Claim, a judgment (a) declaring that the photo is an inauthentic fake, (b) declaring that the statement contained therein which is of and concerning plaintiff is false and defamatory, (c) granting a preliminary and permanent injunction requiring that the defendant remove the photo from anywhere that she may have published it, and (d) awarding compensatory and punitive damages against defendant in such sums as may be awarded by a jury and the Court;

2. On his Second Claim, a judgment (a) declaring that the photograph and the statement conveyed therein conveys the plaintiff in a false light, (b) granting a preliminary and permanent injunction requiring that the defendant remove the photo from anywhere that she may have published

it, and (c) awarding compensatory and punitive damages against defendant in such sums as may be awarded by a jury and the Court;

Together with the costs and disbursements of this action, and such other relief as may be just.

Dated: New York, New York
       August 5, 2024

*Richard A. Altman*

LAW OFFICE OF RICHARD A. ALTMAN
Attorneys for Plaintiff
150 East 56th Street, Suite 12B
New York, NY 10022
212.633.0123
altmanlaw@earthlink.net