

575 5th Avenue, 14th Floor
New York, NY 10017

Max Rodriguez
max@maxrodriguez.law
T 646-741-5167

September 16, 2024

**VIA ECF**

Hon. Jessica G. L. Clarke
United States District Judge
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, Room 1040
New York, NY 10007

     Re:    *Rapaport v. Finkelman*, No. 1:24-cv-05942-JGLC

Dear Judge Clarke:

    I represent Defendant Abigail Finkelman in the above-captioned action. Pursuant to Your Honor's September 10 order, docketed at ECF No. 9, I write to provide Ms. Finkelman's position on the pending motion of Richard A. Altman, Plaintiff's attorney of record, to withdraw from this action, docketed at ECF Nos. 8 and 10.

    Defendant does not oppose Mr. Altman's motion to withdraw, subject to the limited request that this Court continue to exercise jurisdiction over Mr. Altman for the limited purpose of a future motion for sanctions for violations of Rule 11(b)(1) and 11(b)(2) that Ms. Finkelman intends to file arising from the filing of the complaint and the assertion of the meritless claims against her in this action.

    This sort of limited request by a responding party on a motion to withdraw has been granted in this District before. *See, e.g.*, *Skyline Steel, LLC v. PilePro, LLC*, No. 13-cv-8171-JMF, 2015 WL 1000145, at *2 (S.D.N.Y. Mar. 5, 2015) (granting request to "retain jurisdiction over the firms for the purposes of adjudicating any request for fees" arising from conduct "during this litigation"); *Logicom Inclusive, Inc. v. W.P. Stewart & Co.*, No. 04-cv-604-CSH-DFE, 2008 WL 1777855, at *2 (S.D.N.Y. Apr. 16, 2008) ("[W]ithdrawal from the case does not insulate him from such a claim for pre-withdrawal litigation conduct.")

    The motion to withdraw slightly puts the cart before the horse because Ms. Finkelman has not yet had the opportunity to finalize notice of a future motion for sanctions pursuant to Rule 11(c)(2).[1] But now that the issue is live, for the Court's benefit we provide a brief overview of the most prominent reason why the claims in this case are frivolous and, accordingly, why the Court should retain jurisdiction over Mr. Altman should his motion to withdraw be granted.

---

[1] Defendant acknowledges that this letter is not a substitute for notice under Rule 11(c)(2), and will provide appropriate notice to Mr. Rapaport's new counsel or to him directly if he proceeds *pro se*, as well as to Mr. Altman, in the appropriate manner.

Hon. Jessica G. L. Clarke
*Rapaport v. Finkelman*, No. 1:24-cv-05942-JGLC
September 16, 2024
Page 2 of 3

  Most prominently,[2] the sole alleged defamatory statement in this case referenced in the complaint at paragraphs 15–20 is the discussion concerning and re-posting of an already-public image directly referenced and filed by Mr. Rapaport in his other defamation lawsuit before this Court. *See Rapaport v. Iyer et al.* ("*Rapaport I*"), No. 1:23-cv-06709-JGLC, ECF No. 1, ¶¶ 7–9; ECF No. 38, ¶¶ 35–37, 41, 47, 56; ECF No. 38-1; ECF No. 38-2. The amended complaint in *Rapaport I* was filed by Mr. Altman on Mr. Rapaport's behalf.

  New York, the state whose law governs the claims in this action,[3] provides absolute immunity barring civil actions "against any person, firm or corporation, for the publication of a fair and true report of any judicial proceeding, legislative proceeding or other official proceeding, or for any heading of the report which is a fair and true headnote of the statement published." N.Y. Civil Rights L. § 74. A statement qualifies for the privilege if "the ordinary viewer or reader can determine from the publication itself that the publication is reporting on a judicial proceeding." *Kinsey v. New York Times Co.*, 991 F.3d 171, 179 (2d Cir. 2021). A statement to which the immunity applies is "fair and true" if "it is substantially accurate, that is if, despite minor inaccuracies, it does not produce a different effect on a reader than would a report containing the precise truth." *Id.* at 178.

  Ms. Finkelman's statements at issue in this lawsuit concern *Rapaport I*. Indeed, his pleadings state this explicitly. *See* No. 1:24-cv-05942, ECF No. 1, ¶ 11 ("The plaintiff's *pro se* complaint was the subject of a series of comments by the defendant shortly after it was filed."). Further, the statement and/or reproduction alleged to be defamatory is fair and true because it was merely a reproduction of the same photo that is the basis of *Rapaport I*, and that *Mr. Rapaport publicly filed as an exhibit to his amended complaint in Rapaport I*. Accordingly, Mr. Rapaport's claims against Ms. Finkelman are barred as a matter of law, and even a cursory examination of relevant binding authorities would have revealed that to Mr. Rapaport and Mr. Altman before filing this lawsuit. *See, e.g.*, *Jeanty v. Cerminaro*, No. 21-1974, 2023 WL 325012 (2d Cir. Jan. 20, 2023) (summary order); *Daleiden v. Planned Parenthood Fed. of America*, No.

---

[2] Without further belaboring the merits on which Ms. Finkelman may move to dismiss, *inter alia*, the published photo and/or statement at issue is also true, arose in the course of Ms. Finkelman making constitutionally protected statements of opinion, and no actual malice is alleged in the complaint.

[3] *See Kinsey v. New York Times Co.*, 991 F.3d 171, 178 (2d Cir. 2021) (affirming application of New York rather than District of Columbia law because defendant was based in New York and "alleged defamatory statement emanated from New York"). For this reason, Plaintiff's purported "False Light and Invasion of Privacy" claim is also barred as a matter of law because New York does not recognize a claim for false light separate from defamation.



Hon. Jessica G. L. Clarke
*Rapaport v. Finkelman*, No. 1:24-cv-05942-JGLC
September 16, 2024
Page 3 of 3

21-2068, 2022 WL 1013982 (2d Cir. Apr. 5, 2022) (summary order); *Kinsey*, 991 F.3d at 179–180; *Tacopina v. O'Keeffe*, No. 15-3003, 645 Fed. Appx. 7 (2d Cir. 2016) (summary order).

     A claim is frivolous if "under an objective standard of reasonableness … it is clear … that there is no chance of success and no reasonable argument to extend, modify or reverse the law as it stands." *Gong v. Sarnoff*, No. 23-cv-343-LJL, 2023 WL 5372473, at *10 (S.D.N.Y. Aug. 22, 2023) (cleaned up) (quoting *Galonsky v. Williams*, 1997 WL 759445, at *3 (S.D.N.Y. Dec. 10, 1997)). Where a plaintiff asserts defamation or equivalent claims that are precluded by an absolute immunity for which they have no argument to extend, modify, or reverse the law as it stands, courts in this District have granted Rule 11 sanctions motions for fees and costs from defense against the frivolous complaint. *See, e.g.*, *Kearney v. Todd L. Smith, P.A.*, 624 F. Supp. 1008, 1014–15 (S.D.N.Y. 1985).

     Now having been forced to retain counsel and defend herself against a frivolous lawsuit seemingly filed to punish her for speaking about Mr. Rapaport at all, Ms. Finkelman will move to dismiss, move for sanctions, and pursue all other appropriate relief within her rights against both Mr. Rapaport and Mr. Altman.[4]

     For the reasons explained above, Ms. Finkelman does not oppose Mr. Altman's motion to withdraw, subject to the limited request that this Court affirmatively continue to exercise jurisdiction over Mr. Altman for the limited purposes of a future motion for sanctions.

     Thank you for Your Honor's consideration in this matter.

                        Respectfully,

                        */s/ Max Rodriguez*

                        Max Rodriguez

---

[4] As the Court knows, it also has the authority to *sua sponte* issue an order to show cause why the complaint in this case does not violate Rule 11(b). *See* Fed. R. Civ. P. 11(c)(3). Should the Court choose to do so, I am happy to provide whatever additional information the Court would like and appear at the Court's convenience — remotely or in person — to answer any questions that would help the Court determine whether the complaint in this case violates Rule 11(b), which I respectfully submit it does.