**Law Office of Richard A. Altman**            Tel. and Fax 212.633.0123
**150 East 56th Street, Suite 12B**            altmanlaw@earthlink.net
**New York, New York 10022**                   artesq@earthlink.net
                                               www.altmanlaw.nyc

October 4, 2024

BY ECF
Hon. Jessica G. L. Clarke
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

      Re: *Rapaport v. Finkelman*, Case No. 24-cv-05942-JGLC

Your Honor:

      I write on my own behalf to request that the Court address several issues regarding defendant's counsel's intention to seek a Rule 11 sanction, and that it modify its order of September 17, 2024 to make clear that there is no jurisdiction against me under the present circumstances.

      As the Court will recall, I was abruptly terminated by Mr. Rapaport as his counsel on September 9, 2024 by a terse email without prior explanation or complaint about my representation (it said, in full, "I am writing to inform you that effective immediately you are no longer authorized to represent me in any matter."). I have had no communication from him since.

      That same day, I wrote to the Court, stating that I was thereby obliged to withdraw. The Court's response the next day (ECF#9) directed me to submit a letter stating whether I was asserting a retaining or charging lien, and I responded on September 11 (ECF#10) that I was not asserting either one. Five days later, September 16, defendant's counsel, Max Rodriguez, wrote to the Court (ECF #11), stating that he had no objection to my being relieved, but that the Court should "continue to exercise jurisdiction over Mr. Altman for the limited purpose of a future motion for sanctions for violations of Rule 11(b)(1) and 11(b)(2)." On September 17, the Court entered an order retaining such jurisdiction (#13). Finally, on September 28, I received a copy of his motion for Rule 11 sanctions, thus starting its 21-day safe harbor provision, and my receipt of the papers impels this letter.

      In his September 16 letter, he cites cases indicating that an attorney's withdrawal from a case does not preclude Rule 11 sanctions based upon prior conduct. However, in the cases he cites, either the Rule 11 motion had already been made before the attorney moved to withdraw, or the attorney had been warned about the possibility of a sanctions motion. Thus, those attorneys had the power to invoke the "safe harbor" provision of Rule 11(c)(2) by withdrawing the offending paper prior to leaving the case. Moreover, those attorneys chose to withdraw voluntarily; I did not.

-2-                                    Hon. Jessica G. L. Clarke

The New York Disciplinary Rules make the distinction clear (emphases added):
"RULE 1.16:
DECLINING OR TERMINATING REPRESENTATION
...
(b)...a lawyer *shall* withdraw from the representation of a client when..(3) the lawyer is discharged;
...
(c)...a lawyer *may* withdraw from representing a client when...(5) the client deliberately disregards an agreement or obligation to the lawyer as to expenses or fees."

His actions have also placed me in an impossible ethical conflict. Compare this with *Heaston v City of NY*, 2022 US Dist LEXIS 104247 at *26 (EDNY June 10, 2022, No. 19-CV-5569 (PKC) (VMS):

Pawar was thus aware that he was the subject of the contemplated Rule 11 motion, knew the bases for the Rule 11 motion, and was in a position to cure the complained-of conduct when he instead chose to withdraw from the case, leaving the case active and all of the false allegations and falsified documents on the docket uncorrected.

His letter cites *Skyline Steel, LLC v. PilePro, LLC*, No. 13-cv-8171-JMF, 2015 WL 1000145, at *2 (S.D.N.Y. Mar. 5, 2015) and *Logicom Inclusive, Inc. v. W.P. Stewart & Co.*, No. 04-cv-604-CSH-DFE, 2008 WL 1777855, at *2 (S.D.N.Y. Apr. 16, 2008). In both cases, counsel's withdrawal was permissive, because he was not being paid. By contrast, an attorney who is discharged by the client *must* withdraw; it is not optional, and does not need Court permission. A lawyer who is discharged is thereby placed in an impossible position, if he remains potentially liable for Rule 11 violations which he has no prior notice of, and can no longer cure. By contrast, a lawyer who seeks permission to withdraw may fairly be said to have chosen to accept the risk of a subsequent Rule 11 motion, so long as he was aware of the possibility.

Now that I am relieved as Mr. Rapaport's counsel, I no longer have the authority or power to do anything in this case, and have not had them since September 9, the date of Mr. Rapaport's email. Mr. Rodriguez's September 16 letter acknowledges the issue, where he says "[t]he motion to withdraw slightly puts the cart before the horse because Ms. Finkelman has not yet had the opportunity to finalize notice of a future motion for sanctions pursuant to Rule 11(c)(2)." (ECF#11 at 1). But the issue is not about carts and horses; it is about due process and prior notice, and the power to cure a potential Rule 11 violation. The distinction is not "slight."

Moreover, Mr. Rodriguez's presentation of some of his objections to the Court in his letter itself violates the safe harbor provision, because that provision bars presenting anything whatsoever to the Court about the grounds for the motion before the 21 days has run. His blatant violation of that rule is prejudicial to both me and Mr. Rapaport, because it places his accusations in the public record before Rule 11 permits him to do so.

-3-                                               Hon. Jessica G. L. Clarke

    I am further of the opinion that the motion is brought in bad faith, and would explain why. I commenced this action on Mr. Rapaport's behalf on August 5, 2024, by filing the complaint. I then prepared all of the papers for Rule 4(d) service by mail, and sent them to Ms. Finkelman the next day. On August 16, I received an email from Mr. Rodriguez, informing me that she had retained him. We spoke the next day, and with the consent of Mr. Rapaport, I extended Mr. Rodriguez's time to respond to the complaint until October 28, 2024. He prepared, and with my consent filed, a stipulation which stated only that he would move to dismiss; it was so ordered by the Court on August 29 (ECF #7). At that point, he already had ample opportunity to review the complaint, and make his Rule 11 objection clear to me, rather than just asking for an extension. Yet at no time then or afterward did Mr. Rodriguez state or imply to me that the complaint was sanctionable, or that he was contemplating a Rule 11 motion. Instead, he waited a week after I had been discharged, and only after I had sought to be relieved, to raise the threat in his September 16 response to the Court. But by then I could not act upon it, and I still cannot. I cannot withdraw the complaint; I cannot disclose any communications with Mr. Rapaport; I cannot do anything.

    Finally, in an attempt to resolve this matter, I spoke with Mr. Rodriguez this past Monday and asked him to consider withdrawing his motion against me. But his conditions for doing so are not acceptable.

    I would respectfully ask the Court to modify its order to make clear that, under the present facts and circumstances, I am not subject to jurisdiction for a Rule 11 sanction. In the alternative, I would suggest that the Court direct Mr. Rodriguez and me to appear for an *in camera* conference as soon as possible.

    I appreciate the Court's attention to this serious matter, inasmuch as it involves our responsibilities as officers of the Court.

                                   Respectfully,

                                     Richard A. Altman

Copies to Mr. Rapaport
and Mr. Rodriguez by ECF.