

575 5th Avenue, 14th Floor
New York, NY 10017

Max Rodriguez
max@maxrodriguez.law
T 646-741-5167

October 4, 2024

<span style="text-decoration: underline">Vɪᴀ ECF</span>

Hon. Jessica G. L. Clarke
United States District Judge
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, Room 1040
New York, NY 10007

   Re: *Rapaport v. Finkelman*, No. 1:24-cv-05942-JGLC

Dear Judge Clarke:

   I represent Defendant Abigail Finkelman in the above-captioned action. I write in response to Mr. Altman's letter on his own behalf, ECF no. 14, filed on the docket earlier today. Mr. Altman's letter is procedurally and substantively improper, and has now created a back-and-forth dispute that seems to me a waste of the Court's time. Nevertheless, now that he filed it, I am obligated to respond. I respectfully submit that his motion should be denied and no hearing, *in camera* or otherwise, is necessary, but of course will appear at the Court's convenience if the Court concludes otherwise.

**I.**  **Mr. Altman's request is waived and untimely.**

   Mr. Altman has styled his letter as a "Letter Motion for Conference" but that does not accurately characterize the scope of his request. Instead, at least in part, Mr. Altman asks that the Court "modify its order" retaining jurisdiction over him. ECF no. 14 at 1. The substance of his request for a "modification" as he calls it is in essence an attempt to re-litigate the merits of Defendant's position on the motion to withdraw. But that ship has sailed for two reasons.

   <span style="text-decoration: underline">First</span>, none of the points raised in Mr. Altman's letter filed today were raised in reply to my letter on the motion to withdraw. *See* ECF no. 12. Even if these positions had any merit (which, as explained below, they do not), Mr. Altman has waived the right to raise them. *See Banister v. Davis*, 590 U.S. 504, 508 (2020) ("[C]ourts will not address new arguments or evidence that the moving party could have raised before the decision issued."). <span style="text-decoration: underline">Second</span>, because the Court has already ruled on the question, Mr. Altman's letter motion, in this respect, is essentially a motion for reconsideration. However, the Court's order was issued 17 days ago, making his requested relief on this point untimely. *See* L.R. 6.3 (requiring service of a motion for reconsideration "within 14 days after entry of the court's order being challenged").

**II.**  **Mr. Altman's request is substantively incorrect.**



Hon. Jessica G. L. Clarke
*Rapaport v. Finkelman*, No. 1:24-cv-05942-JGLC
October 4, 2024
Page 2 of 3

On the substance, Mr. Altman essentially argues that the Court cannot retain jurisdiction over him and, by extension, Ms. Finkelman cannot move for sanctions against him because he was, in his words, "abruptly terminated" by Mr. Rapaport on September 9, 2024. ECF no. 14 at 1. His position is incorrect. As the Second Circuit has noted, a "late effort to withdraw" — regardless of the context — does not neutralize prior sanctionable conduct by an attorney if that attorney "failed to make a reasonable inquiry *before* the [pleading] was filed." *Cross & Cross Properties, Ltd. v. Everett Allied Co.*, 886 F.2d 497, 505 (2d Cir. 1989) (emphasis in original); *see also Logicom Inclusive, Inc. v. W.P. Stewart & Co.*, No. 04-cv-604, 2008 WL 1777855, at *2 (S.D.N.Y. Apr. 16, 2008) ("As for defendants' contemplated claim against [plaintiff's counsel] for Rule 11 sanctions, his withdrawal from the case does not insulate him from such a claim for pre-withdrawal litigation conduct. This Court will retain jurisdiction over a Rule 11 sanctions claim if defendants decide to assert it." (alteration in original)); *Dangerfield v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, No. 02-cv-2561, 2003 WL 22227956, at *7 (S.D.N.Y. Sept. 26, 2003) ("[A]n attorney's withdrawal from a case does not prevent the imposition of Rule 11 sanctions for papers filed prior to the withdrawal.").

If Ms. Finkelman files a motion for sanctions arising from the filing of the complaint and the assertion of frivolous claims therein — which Mr. Altman filed on Mr. Rapaport's behalf — he cannot be insulated from sanctions by his withdrawal. Accordingly, the Court properly granted Ms. Finkelman's request to retain jurisdiction over him for this purpose. This is especially salient because the thrust of the motion, if filed, would turn principally on the total legal frivolousness of the asserted claims, which did not under Rule 11 and should not under basic principles of attorney professionalism have required notice. Mr. Altman was under an obligation to make reasonable inquiries into the viability of Mr. Rapaport's claims. He either didn't or filed the claims anyway knowing they were frivolous.

Indeed, the one case Mr. Altman now cites to support his point, *Heaston v. City of New York*, precisely defeats his argument. No. 19-cv-5569, 2022 WL 2106267 (S.D.N.Y. June 10, 2022). In that case, the court's reasoning did not — as Mr. Altman claims in his letter — turn on whether the attorney was in a "position to cure the complained-of conduct" during the safe-harbor period under Rule 11, *id.* at *9. Instead, that quoted reasoning related to the court's rejection of the attorney's explanation for why he had not asserted his arguments (raised in a motion for reconsideration) in his original opposition to the motion for sanctions because he claimed to be unaware he was a subject of the motion. *See id.* Furthermore, the court rejected the attorney's arguments on the merits, citing *Cross & Cross*, saying "withdrawing from the case did not absolve Parwar of his Rule 11 obligations." *Id.* at *8.

Mr. Altman claims he "cannot do anything" with respect to Ms. Finkelman's Rule 11(c)(2) notice, which was sent by e-mail to Mr. Rapaport and Mr. Altman on September 27, 2024. ECF no. 14 at 3. But that's not accurate either. He could oppose Ms. Finkelman's motion



Hon. Jessica G. L. Clarke
*Rapaport v. Finkelman*, No. 1:24-cv-05942-JGLC
October 4, 2024
Page 3 of 3

if and when it is filed and, among other things, attempt to argue that there was an objectively reasonable basis to believe "the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law…." Fed. R. Civ. P. 11(b)(2). But I suspect Mr. Altman does not consider or mention that as an option because he knows there aren't and never were any nonfrivolous arguments in support of the claims he filed on Mr. Rapaport's behalf. To allow him to avoid any potential accountability, should the Court grant the hypothetical motion *and* in its discretion impose a sanction on Mr. Altman, would undermine Rule 11's command that lawyers affirmatively consider the viability of their clients' claims and arguments before asserting them. His efforts here would "turn[] a rule meant to ensure that lawyers fulfill their ethical obligations into one that allows lawyers to evade accountability. [He] had a duty under Rule 11 to reasonably investigate the allegations before filing them in a complaint or amended complaint." *Heaston*, 2022 WL 2106267, at *9.

### III.   Mr. Altman's various attempts at opprobrium are irrelevant and fall flat.

Finally, Mr. Altman's letter includes several accusations and aspersions about me, two of which I must briefly respond to. First, Mr. Altman attempts to paint the timing and sequence of events in this case as some dastardly plot on my part. This would require clairvoyance that Mr. Rapaport would, again in Mr. Altman's own words, "abruptly terminate[]" him before I had the opportunity to provide notice under Rule 11(c)(2). Needless to say, I did not have any knowledge that Mr. Altman would be or was terminated, or that he would seek to withdraw, prior to the filing of his first letter motion.

Second, Mr. Altman claims that my September 16 letter violated the Rule 11 safe harbor requirement. It did not. A sanctions motion "must not be filed or be presented to the court" if the challenged item is withdrawn during the safe-harbor period. Fed. R. Civ. P. 11(c)(2). Noting Ms. Finkelman's intention to pursue a motion for sanctions and some of the substantive bases upon which I respectfully submit this case is legally frivolous to contextualize my timely request for retention of jurisdiction did not cause the motion to be filed or presented to the Court.

For the reasons explained above, Mr. Altman's motion should be denied and I respectfully submit that no hearing is necessary. Thank you for Your Honor's consideration in this matter.

Respectfully,

*/s/ Max Rodriguez*

Max Rodriguez