# Exhibit 2



575 5th Avenue, 14th Floor
New York, NY 10017

Max Rodriguez
max@maxrodriguez.law
T 646-741-5167

September 27, 2024

**VIA EMAIL**

Gideon Rapaport
1078 Summit Avenue, Suite 627
Jersey City, NJ 07307

Address Unknown
Vancouver, BC, Canada[1]
*Email*: gideonrapaportlaw@outlook.com

Re:   *Rapaport v. Finkelman*, No. 1:24-cv-05942-JGLC

Dear Mr. Rapaport:

I represent Defendant Abigail Finkelman in the above-captioned action. I write to provide notice[2] that, on or before October 28, 2024, but no earlier than October 21, Ms. Finkelman will file the enclosed motion for sanctions under Rule 11(c)(2), along with a separate motion to dismiss the complaint in this action with prejudice.

The complaint you have filed asserts claims that are barred as a matter of law and are, in every respect under, among other things, the law of defamation, choice-of-law analysis, and New York Civil Rights Law, frivolous. Further, the thrust of your complaint strongly suggests that you filed this lawsuit and asserted these claims against Ms. Finkelman for an improper purpose, namely to harass, intimidate, and inconvenience her with needless legal costs for making legally and constitutionally protected public comments on X (formerly known as Twitter) about your

---

[1] Multiple filings you have made *pro se* in *Rapaport v. Iyer et al.* refer to having been executed in "Vancouver, British Columbia (Canada)." *See, e.g.*, No. 1:23-cv-06709, ECF Nos. 67, 68 (Sept. 13, 2024 S.D.N.Y.). You list the above address in Jersey City in your signature block and on CM/ECF. However, your pleadings in your case against Ms. Finkelman say that you resided in New Jersey "during the events complained of herein" but the description of you as a party describes you as "a citizen of Canada, [who] has been previously lawfully admitted to the United States as a nonresident alien, and that is his current status as well." No. 1:24-cv-05942, ECF No. 1, ¶¶ 1, 35 (Aug. 5, 2024). This suggests you no longer reside at the Jersey City address. Whether you reside in Vancouver or somewhere else, you are obligated to provide the Court with an updated address where you can successfully be reached for service under Rule 11(a). *See, e.g.*, *Correa v. Lynch*, No. 20-CV-02875 (PMH), 2022 WL 161446, at *1 (S.D.N.Y. Jan. 18, 2022). Accordingly, please provide and/or confirm your present updated address in your response to this letter and share the same with the Court.

[2] This letter is also sent to and directed towards Mr. Richard A. Altman, your prior attorney, and should serve as notice under Rule 11(c)(2) to him.



Mr. Gideon Rapaport
*Rapaport v. Finkelman*, No. 1:24-cv-05942-JGLC
September 27, 2024
Page 2 of 12

other lawsuit, *Rapaport v. Iyer et al.*, No. 1:23-cv-06709 (S.D.N.Y.) ("*Rapaport I*"). Your complaint in this case also asserts verifiably false allegations that Ms. Finkelman caused injuries that you yourself have admitted in other public filings she did not cause. Taken together, this case is a prime example of frivolous litigation pursued for an improper purpose.

To avoid the need for Ms. Finkelman to incur additional legal fees, costs, and other injuries arising from your frivolous lawsuit, you may cure your sanctionable conduct (and Mr. Altman's) by immediately dismissing this case in its entirety with prejudice, but certainly no later than twenty-one days after transmission of this letter. Ms. Finkelman reserves all her rights and remedies, including but not limited to those described in this letter.

### I.  **Motions for Sanctions Generally**

When a pleading is filed with and advocated for before the court, the attorney and/or unrepresented party[3] responsible for that pleading certifies that "to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances," among other things, "it is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation," "the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law," or "the factual contentions have evidentiary support…." Fed. R. Civ. P. 11(b), (b)(1), (b)(2), (b)(3).

Accordingly, there is an "affirmative duty … to conduct a reasonable inquiry into the viability of a pleading before it is signed." *Gutierrez v. Fox*, 141 F.3d 425, 427 (2d Cir. 1998) (cleaned up). And when "it should have been patently obvious to [anyone] who had familiarized himself with the law" that the action was frivolous, the continued pursuit of the action is objectively unreasonable and sanctionable. *Four Keys Leasing & Maint. Corp. v. Simithis*, 849 F.2d 770, 773 (2d Cir. 1988). Further, it is also sanctionable "where an attorney or party declines to withdraw a claim upon an express request by his or her adversary after learning that [the claim is] groundless." *Int'l Techonologies Mktg., Inc. v. Cognyte Techs. Israel Ltd.*, No. 1:15-CV-2457-GHW, 2022 WL 11280876, at *6 (S.D.N.Y. Oct. 19, 2022) (quoting *Azuike v. BNY Mellon*, 962 F. Supp. 2d 591, 597 (S.D.N.Y. 2013)).

In the context of defamation or equivalent claims, courts in the Second Circuit have imposed sanctions for the assertion of frivolous claims, including those asserted with respect to claims

---

[3] In this case, both you and Mr. Rapaport, your former attorney, are responsible for this frivolous lawsuit and may both be held responsible for pursuing it under Rule 11(b)(1) and 11(b)(2), and for making false allegations under 11(b)(3), because Mr. Rapaport filed it on your behalf, and you, now as a *pro se* plaintiff, continue to pursue it.



Mr. Gideon Rapaport
*Rapaport v. Finkelman*, No. 1:24-cv-05942-JGLC
September 27, 2024
Page 3 of 12

protected by a legal privilege or immunity. *See Chemiakin v. Yefimov*, 932 F.2d 124, 126 (2d Cir. 1991) (affirming and restating district court's imposition of sanctions because complaint was "patently frivolous" and "does not, and cannot, state a claim in defamation"); *Gray v. Millea*, 892 F. Supp. 432, 437–38 (N.D.N.Y. 1995) (granting sanctions motion because "plaintiff failed to point to any even arguably defamatory statement by any defendant" and conduct in opposition to dismissal that indicated "a willful disregard of the facts and law amounting to bad faith litigation"); *Zerman v. Sullivan & Cromwell*, 677 F. Supp. 1316, 1324 (S.D.N.Y. 1988) ("Plaintiff could not have held a reasonable belief that liability could be based on the lawyers' statements reported in the article. Those statements are either clearly protected reports of judicial proceedings or clearly protected expressions of opinion."); *Kearney v. Todd L. Smith, P.A.*, 624 F. Supp. 1008, 1013, 1015 (S.D.N.Y. 1985) (granting sanctions motion because allegedly defamatory statements were "absolutely privileged" and "do not provide a basis for a claim" leading to conclusion that "litigation was [] intended to harass or needlessly increase the cost of litigation").

## II. <u>Your defamation claim against Ms. Finkelman is frivolous and barred as a matter of law</u>

As you hopefully know, under New York law, a defamation claim must allege "(1) a false statement about the [complainant]; (2) published to a third party without authorization or privilege; (3) through fault amounting to at least negligence on [the] part of the publisher; (4) that either constitutes defamation per se or caused 'special damages.'" *Fuji Photo Film U.S.A., Inc. v. McNulty*, 669 F. Supp. 2d 405, 411 (S.D.N.Y. 2009) (alterations in original) (quoting *Gargiulo v. Forster & Garbus Esqs.*, 651 F. Supp. 2d 188, 192 (S.D.N.Y. 2009)).

However, when the statement alleged to be defamatory is a "communication in a place open to the public or a public forum in connection with an issue of public interest" New York considers the defamation case to be an "action involving public petition and participation" and requires the plaintiff to prove that "any communication which gives rise to the action was made with knowledge of its falsity or with reckless disregard of whether it was false," i.e., actual malice, rather than mere negligence. N.Y. Civil Rights L. § 76-a(1)(a)(1), (2). The term "public interest" is "construed broadly, and shall mean any subject other than a purely private matter." *Id.* § 76-a(1)(d). This includes public statements concerning lawsuits. *See, e.g.*, *Reus v. ETC Hous. Corp.*, 72 Misc. 3d 479, 485 (N.Y. Sup. Ct. 2021), *aff'd*, 203 A.D.3d 1281 (N.Y. App. Div. 3d Dep't 2022).

The complained-of statement by Ms. Finkelman is protected by a statutory immunity under New York law. Furthermore, your complaint fails to allege any of the requisite elements of a claim for defamation, and could not truthfully do so through an amended pleading.



Mr. Gideon Rapaport
*Rapaport v. Finkelman*, No. 1:24-cv-05942-JGLC
September 27, 2024
Page 4 of 12

### A. Your claims are barred by N.Y. Civil Rights Law § 74

New York provides absolute immunity barring civil actions "against any person, firm or corporation, for the publication of a fair and true report of any judicial proceeding, legislative proceeding or other official proceeding, or for any heading of the report which is a fair and true headnote of the statement published." N.Y. Civil Rights L. § 74. A statement qualifies for the privilege if "the ordinary viewer or reader can determine from the publication itself that the publication is reporting on a judicial proceeding." *Kinsey v. New York Times Co.*, 991 F.3d 171, 179 (2d Cir. 2021). A statement to which the immunity applies is "fair and true" if "it is substantially accurate, that is if, despite minor inaccuracies, it does not produce a different effect on a reader than would a report containing the precise truth." *Id.* at 178; *Bouchard v. Daily Gazette Co.*, 136 A.D.3d 1233, 1234 (N.Y. App. Div. 3d Dep't 2016) ("[T]he language used 'does not suggest more serious conduct than that actually suggested in the official proceeding.'" (quoting *Geiger v. Town of Greece*, 311 Fed. Appx. 413, 417 (2d Cir. 2009)). The immunity provided by section 74 has "a liberal interpretation … so as to provide broad protection to [] accounts of judicial proceedings." *Id.* at 179 (quoting *Friedman v. Bloomberg L.P.*, 884 F.3d 83, 93 (2d Cir. 2017)).

Ms. Finkelman's statements at issue in this lawsuit concern *Rapaport I*. Indeed, your pleadings state this explicitly. *See* No. 1:24-cv-05942, ECF No. 1 ("Complaint"), ¶ 11 ("The plaintiff's *pro se* complaint was the subject of a series of comments by the defendant shortly after it was filed."). Furthermore, the statement you claim is defamatory — i.e., the reproduction of a photograph you claim is fake showing your picture posted at a security desk with the caption "DO NOT ADMIT GIDEON RAPAPORT KIRKLAND AND ELLIS" — is a fair and true report because it is a reproduction of the photograph at issue in *Rapaport I*. Beyond that, you subsequently caused the same photo to be publicly filed as an exhibit to your amended complaint in *Rapaport I*. *See Rapaport I*, ECF No. 1, ¶¶ 7–9; ECF No. 38, ¶¶ 35–37, 41, 47, 56; ECF No. 38-1; ECF No. 38-2.

Ms. Finkelman's publication of the photograph and statements concerning it (and all other statements referenced in your complaint), are squarely protected by section 74 under binding Second Circuit and New York precedents. Public speakers are entitled to reference the contents of documents filed in a judicial proceeding, including text and images. *See Kinsey*, 991 F.3d at 179. Speakers are also entitled to reference "background material with regard to the case so long as the statement is a substantially accurate description of the allegation." *Fishof v. Abady*, 280 A.D.2d 417, 417–18 (N.Y. App. Div. 1st Dep't 2001) (citation omitted).

Accordingly, before even considering the insufficiency of your allegations as to the elements of a defamation claim, your claims against Ms. Finkelman are barred as a matter of

LAW OFFICE OF
MAX RODRIGUEZ

Mr. Gideon Rapaport
*Rapaport v. Finkelman*, No. 1:24-cv-05942-JGLC
September 27, 2024
Page 5 of 12

law. The case law cited above is but a small sample of the copious available precedents that foreclose your claims because of section 74.[4]

### B. Ms. Finkelman's statements are non-actionable opinions

Turning to the elements of your defamation claim, your case fares no better. Your claim turns exclusively on arguing that Ms. Finkelman posting the photograph communicated that the photo "had been publicly posted in the lobby of the office building where plaintiff was employed" and "was evidence that he had been fired for sexual misconduct and was somehow barred from entry to the building." Complaint ¶ 17. But that is not what Ms. Finkelman's statements, read in context as an ordinary reader would understand them, said. Ms. Finkelman's entire thread, including her posting of the photograph, are protected statements of opinion that communicated one clear opinion to any reasonable reader: she thought your *Rapaport I* lawsuit was ridiculous, mockworthy, and amusing. She was not the only one.[5]

"Among other questions of law, courts are charged with distinguishing between statements of fact, which may be defamatory, and expressions of opinion, which 'are not defamatory; instead, they receive absolute protection under the New York Constitution.'" *Jacob v. Lorenz*, 626 F. Supp. 3d 672, 690 (S.D.N.Y. 2022) (quoting *Live Face on Web, LLC v. Five*

---

[4] *See, e.g.*, *Jeanty v. Cerminaro*, No. 21-1974, 2023 WL 325012 (2d Cir. Jan. 20, 2023) (summary order); *Daleiden v. Planned Parenthood Fed. of America*, No. 21-2068, 2022 WL 1013982 (2d Cir. Apr. 5, 2022) (summary order); *Kinsey*, 991 F.3d at 179–180; *Tacopina v. O'Keeffe*, No. 15-3003, 645 Fed. Appx. 7 (2d Cir. 2016) (summary order); *Seymour v. Lakeville J. Co. LLC*, 150 Fed. Appx. 103 (2d Cir. 2005) (summary order); Misek-Falkoff v. McDonald, 63 Fed. Appx. 551 (2d Cir. 2003) (summary order); *Gonzalez v. Gray*, 216 F.3d 1072 (2d Cir. 2000) (summary order); *Aguirre v. Best Care Agency, Inc.*, 961 F. Supp. 2d 427, 457–60 (E.D.N.Y. 2013); *Test Masters Educ. Servs., Inc. v. NYP Holdings, Inc.*, 603 F. Supp. 2d 584, 588–89 (S.D.N.Y. 2009); *Idema v. Wager*, 120 F. Supp. 2d 361, 367–69 (S.D.N.Y. 2000), *aff'd*, 29 Fed. Appx. 676 (2d Cir. 2002); *Aboutaam v. Dow Jones & Co.*, 180 A.D.3d 573, 574–75 (N.Y. App. Div. 1st Dep't 2020); *Ford v. Levinson*, 90 A.D.2d 464, 465 (N.Y. App. Div. 1st Dep't 1982).

[5] The following posts and comment threads are examples:
https://www.otbl.org/node/405/page32;
https://www.reddit.com/r/biglaw/comments/15l7o2n/rip_to_cf_is_big_law_rally_this_toxic/;
https://www.reddit.com/r/biglaw/comments/1bkckm9/ever_heard_of_or_seen_a_summer_associate_being/; https://www.glassdoor.com/Community/big-law/a-former-summer-is-suing-ke;
https://bsky.app/profile/kenwhite.bsky.social/post/3kzmu7m7oh227.

LAW OFFICE OF
MAX RODRIGUEZ

Mr. Gideon Rapaport
*Rapaport v. Finkelman*, No. 1:24-cv-05942-JGLC
September 27, 2024
Page 6 of 12

*Boro Mold Specialist Inc.*, No. 15 Civ. 4779 (LTS) (SN), 2016 WL 1717218, at *2 (S.D.N.Y. Apr. 28, 2016)).[6] Statements criticizing or mocking a party's public pre-litigation or litigation positions are classic statements of opinion. Indeed, precisely these sorts of statements have been deemed opinions by courts in the Second Circuit. *See, e.g.*, *LaNasa v. Stiene*, No. 22-CV-5686 (KAM) (VMS), 2024 WL 1648001, at *8 (E.D.N.Y. Apr. 17, 2024); *Hosseinzadeh v. Klein*, 276 F. Supp. 3d 34, 47–48 (S.D.N.Y. 2017).

### C. To the extent they are statements of fact, Ms. Finkelman's statements are true

Even if Ms. Finkelman's statement you allege to be defamatory is not a protected opinion, that does not change that your claim is frivolous because what Ms. Finkelman said about the photograph was true. "[T]ruth is an absolute, unqualified defense to a civil defamation action and 'substantial truth' suffices to defeat a charge of libel." *Cortes v. Twenty-First Century Fox America, Inc.*, 285 F. Supp. 3d 629, 642 (S.D.N.Y. 2018) (quoting *Giuffre v. Maxwell*, 15 Civ. 7433 (RWS), 2017 WL 1536009, at *4 (S.D.N.Y. Apr. 27, 2017)). A plaintiff must "plead facts that, if proven, would allow a reasonable person to consider the statement false." *Tannerite Sports, LLC v. NBCUniversal News Grp., a division of NBCUniversal Media, LLC*, 864 F.3d 236, 247 (2d Cir. 2017).

In this case, as your pleadings state, Ms. Finkelman expressed a desire to "see the <u>fake</u> 'wanted' or 'public enemy' poster." Complaint ¶ 14 (emphasis added). She then said she had received the photo, and posted the photo, with no contrary commentary suggesting she believed the photo communicated anything about your tenure at Kirkland & Ellis. *Id.* ¶¶ 15–17. A reasonable person reading Ms. Finkelman's posts would understand her to be (1) accepting your allegation in *Rapaport I* that the photo was fake; (2) expressing an interest in seeing it for her own and others' amusement; and (3) posting the photo at issue in *Rapaport I*. None of these statements are false. Indeed, they are completely true. You confirmed their truth when you posted the same photo as an exhibit to your amended complaint in *Rapaport I*.

Your attempt to claim the posting of the photograph carries some "false and defamatory impression" regardless of the context in which the speaker posted it (i.e., explicitly saying the

---

[6] Even if they are not entirely statements of opinion, Ms. Finkelman's posts in the thread cannot be understood to communicate the defamatory meaning you allege. In order to be actionable for defamation, a statement does not just need to be a statement of fact capable of being proven or disproven, it also must be susceptible to having a defamatory intent. This evaluation is made by "giv[ing] the disputed language a fair reading in the context of *the publication as a whole*." *Celle v. Filipino Reporter Enters. Inc.*, 209 F.3d 163, 177 (2d Cir. 2000) (emphasis in original) (quoting *Armstrong v. Simon & Schuster, Inc.*, 85 N.Y.2d 373, 380 (1995)).

LAW OFFICE OF
**MAX RODRIGUEZ**

Mr. Gideon Rapaport
*Rapaport v. Finkelman*, No. 1:24-cv-05942-JGLC
September 27, 2024
Page 7 of 12

photo is faked, but is relevant to *Rapaport I*) falls flat. Complaint ¶ 17. Further, it runs afoul of courts' frequent and repeated dismissal of defamation claims based on "insufficient innuendo when only a strained, unreasonable, unjustifiable innuendo … would support the plaintiff's contention that the challenged language exposes [him] to public shame, hatred, or ostracism." *Idema v. Wagner*, 120 F. Supp. 2d 361, 368 (S.D.N.Y. 2000) (cleaned up); *see also Tracy v. Newsday, Inc.*, 5 N.Y.2d 134, 137 (1959) ("The pleaded innuendo is strained, unreasonable and unjustified. It does not explain any statement in the article, but adds an entirely new and independent thought that finds no support in the article." (cleaned up)).

Ms. Finkelman accepted your representation that the photo was not authentic, and that is what she said. That she found the photo as amusing as she found the rest of your lawsuit in *Rapaport I* does not alter that her statements, to the extent they were not opinions, were true. The law does not allow you to squint at a statement to manufacture defamation liability.

**D. Your complaint does not and cannot allege actual malice**

Your complaint is separately lacking and frivolous because you have not made (and cannot make) any allegations that Ms. Finkelman acted with actual malice. As explained above, New York Civil Rights Law § 76-a(2) requires you to adequately and plausibly allege that Ms. Finkelman made the statements you allege to be defamatory "with knowledge of [their] falsity or with reckless disregard of whether [they] are false…." Further, even if section 76-a(2) did not apply, which it does, your lawsuit was the subject of copious discussion and mockery online, making you for these purposes a limited-purpose public figure obligated to plead actual malice. *See* Complaint ¶ 10 ("The action garnered attention in the legal community….").

You have not made any allegations about Ms. Finkelman's intent in making the statements, much less demonstrated any actual malice. This is not a pleading deficiency you could cure through amendment because, to state the obvious, Ms. Finkelman did not make any statements with actual malice.

**III.   Your false light and invasion of privacy claim against Ms. Finkelman is frivolous and barred as a matter of law**

You also assert a claim against Ms. Finkelman for "False Light and Invasion of Privacy." Your complaint says that "[t]his claim is alleged under the laws of the State of New Jersey where plaintiff resided during the events complained of herein." Complaint ¶ 35. No doubt you assert this second claim under New Jersey law because "New York does not recognize a separate cause of action for false light/invasion of privacy." *Henry v. Fox News Network LLC*, 629 F. Supp. 3d 136, 151 (S.D.N.Y. 2022).



Mr. Gideon Rapaport
*Rapaport v. Finkelman*, No. 1:24-cv-05942-JGLC
September 27, 2024
Page 8 of 12

  Where there is an actual conflict between the laws of two different jurisdictions, New York "applies the law of the state with the most significant interest in the litigation." *Lee v. Bankers Trust Co.*, 166 F.3d 540, 545 (2d Cir. 1999). In circumstances both similar to and exactly analogous to this case, courts have repeatedly applied New York law, especially where the defendant is domiciled in New York and/or the statements emanated from New York. *See, e.g.*, *Kinsey*, 991 F.3d at 175–78; *Jacob v. Lorenz*, 626 F. Supp. 3d 672, 684–86 (S.D.N.Y. 2022); *Prince v. Intercept*, 634 F. Supp. 3d 114, 131–34 (S.D.N.Y. 2022); *Henry*, 629 F. Supp. 3d at 151–52.

  The Second Circuit's decision in *Kinsey* is especially worth noting in this letter because the circumstances considered by the court in that case are analogous to this case, and would weigh heavily on (if not control) the court's analysis of comparable choice-of-law questions in this case. Your attempt to assert New Jersey law is indeed even less defensible than the attempt to assert District of Columbia law in *Kinsey* because in that case, the plaintiff alleged that relevant "events [] took place at a bar in the District of Columbia and [] adversely affected his employment in the District of Columbia." *Kinsey*, 991 F.3d at 178. In this case, your complaint alleges: (1) "a substantial part of the events or omissions giving rise to the claims occurred in [S.D.N.Y.]," Complaint ¶ 5; and (2) "[a]s a direct result of defendant's posting, plaintiff has not yet sought admission to the New York bar," *id.* ¶ 7. And in *Rapaport I*, you discuss in greater detail how yet more of the relevant facts in this case occurred in New York. *See Rapaport I*, ECF No. 1, ¶ 9 (describing photograph as "falsely asserted to have been taken at the guarded security gate at 601 Lexington Avenue, New York"). Accordingly, New York law applies and forecloses your false light or invasion of privacy claim, and there is no serious argument to the contrary.

  Finally, the points raised above with respect to the insufficiency of your defamation claim on the merits apply with equal force to your false light or invasion of privacy claim. Even if New Jersey law somehow applied, which it doesn't, this claim would still fail. *See Henry*, 629 F. Supp. 3d at 151–52 ("Because his complaint lacks sufficient facts to support his defamation by implication claim, and there are no additional facts related to his invasion of privacy claim, his claim fails under Maryland law as well.").

### IV. <u>Your complaint contains verifiably false factual allegations</u>

  Separately, your complaint includes false allegations that purport to attribute supposed injuries you have suffered to Ms. Finkelman. In particular, you allege that "[a]s a direct result of defendant's posting, plaintiff has not yet sought admission to the New York bar, despite having passed the bar examination, due to his fear of the adverse effect of defendant's actions upon the Committee on Character and Fitness." Complaint ¶ 7. The trouble is that you made this same near-verbatim allegation in your amended complaint in *Rapaport I* (also filed on your behalf by Mr. Altman). *See Rapaport I*, ECF no. 38, ¶ 14. The amended complaint in *Rapaport I* was filed



Mr. Gideon Rapaport
*Rapaport v. Finkelman*, No. 1:24-cv-05942-JGLC
September 27, 2024
Page 9 of 12

about two and a half months before you filed the complaint in this case, and arises from alleged injuries that you allege occurred in July and August 2022, i.e., the messages, supposedly fake photograph, and other acts that form the basis of your claims in *Rapaport I*. *See id.* ¶¶ 32–77.

If you were already supposedly injured by not seeking admission to the New York bar because of what you allege in *Rapaport I* happened in July and August 2022, you cannot credibly allege that anything Ms. Finkelman said or did in August 2023 caused those same injuries.

### V.     Your lawsuit has been filed and pursued for an improper purpose

Considering the total lack of merit to the claims you assert against Ms. Finkelman, it is unavoidable to conclude that you, with Mr. Altman's assistance, filed this case and now continue to pursue it *pro se* for an improper purpose. "A court may infer an improper purpose if, in light of Plaintiffs' conduct during and outside the litigation, a complaint is so baseless as to suggest that there is an ulterior motive behind the lawsuit." *An v. Despins*, No. 22-cv-10062, 2023 WL 4931832, at *6 (S.D.N.Y. Aug. 2, 2023). Where the plaintiff's claims "are legally frivolous and factually flawed," there is "no difficulty finding that Plaintiff [] initiated [the] action for an improper purpose." *Gong v. Sarnoff*, No. 23-CV-343 (LJL), 2023 WL 5372473, at *13 (S.D.N.Y. Aug. 22, 2023). The *Gong* decision warrants further focus. In that case, the court reached the clear logical inference that the plaintiff had not filed his complaint "to redress any injury … or to obtain judicial relief, but to harass [] Defendants" for doing something completely within their rights to do "and to deter others from doing the same." *Id.* at *14.

For a variety of reasons laid out below, it is clear from the face of your complaint, as well as from Mr. Altman's conduct during his brief tenure as your attorney in this case, that you filed and continue to pursue this case to harass Ms. Finkelman for mocking your risible *Rapaport I* lawsuit as she is legally allowed to do.

First, in describing Ms. Finkelman in your complaint, you mention that she is "a member of the New York State Bar" and "an employee of the Legal Aid Society." Complaint ¶ 2. These facts have no bearing on your claims, raising the question why a plaintiff would reference this information. To refer to Ms. Finkelman's status as a licensed attorney admitted to practice law (which, unlike you, she is), raises the clear suggestion you intended to damage or endanger her status as an attorney in good standing. Further, to mention her employment as an attorney at the Legal Aid Society similarly has no relevance to your claims. Instead, it speaks to your calculated and cynical choice to sue a person employed by a public interest legal organization, who would be in a less strong financial position to defend herself from your frivolous claims than alternative targets.



Mr. Gideon Rapaport
*Rapaport v. Finkelman*, No. 1:24-cv-05942-JGLC
September 27, 2024
Page 10 of 12

     Second, several allegations in your complaint reveal your personal disagreement with and dislike of Ms. Finkelman. For example, for no relevant legal purpose, your complaint discusses the "arguably offensive" quality of Ms. Finkelman's account name, Complaint ¶ 11, elaborates in detail about critical posts that are not relevant, *id.* ¶¶ 12–14, 24–26, quotes Ms. Finkelman's posts that include her opinions about Mr. Altman's appearance as your attorney, *id.* ¶ 24, and the filing of your amended complaint, noting that she "apparently closely monitors the public docket," *id.*; *see also id.* ¶ 26.[7] These "allegations" transparently reveal your displeasure with Ms. Finkelman's interest in and commentary about your case in *Rapaport I* (and seemingly Mr. Altman's displeasure at his mention). In the absence of any valid or even arguably valid claim against her, filing a lawsuit including these allegations is telling.

     Third, in filing this frivolous action against Ms. Finkelman, and in tying her directly to the account at issue — which was anonymous — you have essentially doxxed[8] Ms. Finkelman. Your complaint directly and publicly associated her with an online account she had intentionally chosen to keep anonymous. Because your claims have no conceivable merit, the decision to proceed in this manner speaks to your desire to harm, humiliate, and intimidate Ms. Finkelman by revealing her identity against her will.

     Fourth, during his brief tenure as your attorney in this case, Mr. Altman's conduct further reveals that you filed this lawsuit for an improper purpose. During an August 27, 2024 phone call between myself and Mr. Altman, which I initiated to discuss waiver of service and a schedule by which to respond to the complaint, Mr. Altman told me that it would "go a long way" to resolve this case if Ms. Finkelman would delete her entire thread of posts. I informed him in response that my early assessment of the case (at that point I had only been engaged for a few days) suggested that the case was frivolous and you should consider dismissing it.

     Mr. Altman's comment speaks volumes. Among other purposes described above, your strategy in filing this lawsuit appears to have been to intimidate Ms. Finkelman by forcing her to defend herself in a lawsuit for which you believed she could not afford to hire an attorney (noting your previous "Legal Aid" allegation), and that you would leverage that to demand that she delete her entire thread, including comments that your Complaint (in a rare moment of legal

---

[7] In case you are not aware, there are many free services that check, index, and update court dockets, and provide pdfs of the relevant filings. These include examples that are easy to find for your case. *See, e.g.*, *Rapaport I* Docket, *available at* https://www.courtlistener.com/docket/67655347/rapaport-v-doe-1/.

[8] Doxxing refers to the nonconsensual publication of personally identifiable information. *See* Wikipedia, Doxxing, *available at* https://en.wikipedia.org/wiki/Doxing.

LAW OFFICE OF
**MAX RODRIGUEZ**

Mr. Gideon Rapaport
*Rapaport v. Finkelman*, No. 1:24-cv-05942-JGLC
September 27, 2024
Page 11 of 12

accuracy) noted "were within her First Amendment rights, despite their critical nature." Complaint ¶ 13.

Taking together the frivolousness of your claims and the litany of suggestions of improper, cynical, and (especially for someone who purports to aspire to become an attorney) unethical motives for pursuing those claims, it is clear to me that you have filed this lawsuit for an improper purpose in violation of Rule 11. I believe the court will reach the same conclusion.

### VI.     **Ms. Finkelman has additional rights and remedies she reserves the right to pursue**

In addition to pursuing dismissal of your complaint with prejudice and sanctions, I advise you that Ms. Finkelman reserves the right to assert claims (whether as counterclaims in this action or claims in a separate action) against you under New York Civil Rights Law. Even though federal procedural law likely precludes the assertion of a so-called "anti-SLAPP motion" in federal court, a defamation defendant may under New York law "maintain an action, claim, cross claim or counterclaim to recover damages … from any person who commenced or continued" a defamation action "involving public petition and participation [that] was commenced or continued without a substantial basis in fact and law and could not be supported by a substantial argument for the extension, modification or reversal of existing law." N.Y. Civil Rights L. § 70-a(1), (1)(a) (describing standard for costs and attorney's fees). In addition, section 70-a permits a defamation defendant to recover "other compensatory damages" when a plaintiff "commenced or continued [a defamation action] for the purpose of harassing, intimidating, punishing or otherwise maliciously inhibiting the free exercise of speech, petition or association rights" as well as "punitive damages" if the plaintiff commenced his case "for the sole purpose of harassing, intimidating, punishing or otherwise maliciously inhibiting the free exercise of speech, petition or association rights." *Id.* § 70-a(1)(b), (1)(c).

Prior decisions in the Southern District of New York strongly suggest that such a claim would be meritorious. In particular, at least one decision denied a motion to dismiss a counterclaim under section 70-a where the counterclaimant at issue had — similarly to Ms. Finkelman — merely "republished" content that the defamation plaintiff alleged was defamatory in its original context. *Watson v. NY Doe 1*, No. 19-CV-533 (JGK), 2023 WL 6540662, at *5 (S.D.N.Y. Oct. 6, 2023).

\*     \*     \*

As explained at the outset, under the Rule 11 safe harbor, you may cure the sanctionable conduct described in this letter by voluntarily dismissing your complaint in its entirety and with



Mr. Gideon Rapaport
*Rapaport v. Finkelman*, No. 1:24-cv-05942-JGLC
September 27, 2024
Page 12 of 12

prejudice within the period described in Rule 11. No other remedy would cure the issue because your claims are frivolous and no amendment to the pleading can change that.

    If you choose not to dismiss your complaint in its entirety and with prejudice before that deadline, Ms. Finkelman will vigorously defend herself and reserves all rights and remedies available to her under the law.

                                                    Sincerely,

                                                    */s/ Max Rodriguez*

                                                    Max Rodriguez

cc: Mr. Richard A. Altman, Esq. (former counsel for Plaintiff subject to court's jurisdiction)

Enclosure (Draft Notice of Motion for Sanctions)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| GIDEON RAPAPORT, <br><br> Plaintiff, <br><br> - vs. - <br><br> ABIGAIL FINKELMAN, <br><br> Defendant. | No.: 1:24-cv-05942 (JGLC) |

### NOTICE OF DEFENDANT ABIGAIL FINKELMAN'S MOTION FOR RULE 11 SANCTIONS AGAINST PLAINTIFF GIDEON RAPAPORT AND PLAINTIFF'S FORMER COUNSEL RICHARD A. ALTMAN

PLEASE TAKE NOTICE that, upon the accompanying Memorandum of Law in Support of Defendant's Motion for Rule 11 Sanctions Against Plaintiff Gideon Rapaport and Plaintiff's Former Counsel Richard A. Altman, the annexed Declaration of Max Rodriguez and the exhibits thereto, and all the pleadings and proceedings herein, Defendant Abigail Finkelman, by and through her undersigned counsel, hereby moves this Court before the Honorable Jessica G.L. Clarke, United States District Judge for the Southern District of New York, at the United States Courthouse located at 500 Pearl Street, Room 1040, New York NY 10007, for an order, pursuant to Federal Rule of Civil Procedure 11, ordering sanctions against Plaintiff Gideon Rapaport, and his former counsel, Richard A. Altman of the Law Office of Richard A. Altman, and requiring them to pay all of the attorneys' fees, costs, and other expenses that Defendants have incurred in defending against this action, as well as any other sanctions the Court deems appropriate. Defendant respectfully requests oral argument on this motion.

Dated: October 21, 2024
      New York, New York

                           LAW OFFICE OF MAX RODRIGUEZ PLLC

                          By:   /s/ *DRAFT*

                          Max Rodriguez
                          575 5th Avenue
                          14th Floor
                          New York, NY 10017
                          (646) 741-5167
                          max@maxrodriguez.law
                          *Attorney for Defendant Abigail Finkelman*