# Exhibit 5

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

| | | |
|---|---|---|
| PRESENT: **HON. MARY V. ROSADO** | PART | 33M |
| Justice | | |

-------------------------------------------------------------------X

DAMON J. GILLESPIE

                         Plaintiff,

- v -

GRACE KLING AKA GRACE AKI,

                         Defendant.

-------------------------------------------------------------------X

INDEX NO.        158959/2021

MOTION DATE      12/13/2022

MOTION SEQ. NO.  002

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 002) 35, 36, 37, 38, 39, 40, 41, 42

were read on this motion to/for                        ATTORNEY - FEES                .

      Upon the foregoing documents, and after oral argument, which took place on January 17, 2021, where Richard Altman appeared for Plaintiff Damon J. Gillespie, Esq. ("Plaintiff" or "Gillespie") and opposed the motion, and Valdi Licul, Esq. appeared for Defendant Grace Kling AKA Grace Aki ("Defendant" or "Kling"), Defendant's motion for attorneys' fees is granted in part, and the total amount owed is referred to a special referee to hear and to report.

      Plaintiff commenced this defamation action against Defendant for statements made on her podcast pertaining to Plaintiff's purported physical and mental abuse of Defendant when they were quarantined together during the Covid-19 pandemic. Defendant brought a motion to dismiss Plaintiff's Complaint pursuant to New York's Anti-SLAPP law (*see* N.Y. Civ. Rights Law § 70-a(1)(a); *see also* NYSCEF Docs. 6-30). By Decision and Order dated November 2, 2022, this Court granted Defendant's motion to dismiss. As Plaintiff correctly notes, pursuant to CPLR § 3211(g) and N.Y. Civ. Rights Law § 70-a(1)(a), counsel fees are mandatory "upon a demonstration…that [an] action involving public petition and participation was commenced or continued without a substantial basis in fact and law and could not be supported by a substantial argument for the

158959/2021 GILLESPIE, DAMON J. vs. KLING AKA GRACE AKI, GRACE       Page 1 of 4
Motion No. 002

1 of 4

extension, modification or reversal of existing law" (*see also Golan v Daily News, L.P.*, 77 Misc.3d 258 [Sup. Ct., NY Co. 2022]). Therefore, Defendant is entitled to attorneys' fees for costs incurred in this action.

However, a review of Defendant's time entries shows that Defendant has split fees between this action and another action which Defendant commenced for damages against Plaintiff (*see* NYSCEF Doc. 38 at pages 4-6). In New York, attorneys' fees must be sought within the same action in which they are incurred (*O'Connell v 1205-15 First Ave. Associates, LLC*, 28 AD3d 233, 234 [1st Dept 2006]; *Wavertree Corp. v 136 Waverly Associates,* 258 AD2d 392, 392 [1st Dept 1999]). Therefore, to the extent Defendant seeks in this action fees accrued in another action, those are not allowed. As the time entries submitted on this motion blend attorneys' fees for this action and the subsequent action, and Defendant is seeking over $70,000.00 on a fee application based on a motion to dismiss, the Court finds the attorneys' fees to which Defendant is entitled accrued in this action is best determined by a special referee.

Accordingly, it is hereby,

ORDERED that Defendant's motion is granted to the extent the Court confirms she is entitled to an award of attorneys' fees accrued in this action; and it is further

ORDERED that to the extent Defendant seeks attorneys' fees accrued in the parallel action captioned *Grace Kling v Damon J. Gillespie* (Index No. 151076/2022), Defendant's motion is denied; and it is further

ORDERED that a Judicial Hearing Officer ("JHO") or Special Referee shall be designated to hear and report to this court on the amount of reasonable attorneys' fees Defendant is entitled to collect from Plaintiff as a result of her motion to dismiss Plaintiff's Complaint pursuant to CPLR § 3211(g) and N.Y. Civ. Rights Law § 70-a being granted; and it is further

158959/2021  GILLESPIE, DAMON J. vs. KLING AKA GRACE AKI, GRACE
Motion No. 002

Page 2 of 4

2 of 4

ORDERED that the powers of the JHO/Special Referee shall not be limited beyond the limitations set forth in the CPLR; and it is further

ORDERED that this matter is hereby referred to the Special Referee Clerk for placement at the earliest possible date upon the calendar of the Special Referees Part (Part SRP), which, in accordance with the Rules of that Part (which are posted on the website of this court), shall assign this matter at the initial appearance to an available JHO/Special Referee to hear and report as specified above; and it is further

ORDERED that counsel shall immediately consult one another and counsel for plaintiff/petitioner shall, within 15 days from the date of this Order, submit to the Special Referee Clerk by e-mail an Information Sheet (accessible at the "References" link on the court's website) containing all the information called for therein and that, as soon as practical thereafter, the Special Referee Clerk shall advise counsel for the parties of the date fixed for the appearance of the matter upon the calendar of the Special Referees Part; and it is further

ORDERED that the parties shall appear for the reference hearing, including with all witnesses and evidence they seek to present, and shall be ready to proceed with the hearing, on the date fixed by the Special Referee Clerk for the initial appearance in the Special Referees Part, subject only to any adjournment that may be authorized by the Special Referees Part in accordance with the Rules of that Part; and it is further

ORDERED that on the initial appearance in the Special Referees Part the parties shall appear for a pre-hearing conference before the assigned JHO/Special Referee and the date for the hearing shall be fixed at that conference; the parties need not appear at the conference with all witnesses and evidence; and it is further

158959/2021 GILLESPIE, DAMON J. vs. KLING AKA GRACE AKI, GRACE
Motion No. 002
Page 3 of 4

3 of 4

ORDERED that, except as otherwise directed by the assigned JHO/Special Referee for good cause shown, the trial of the issue(s) specified above shall proceed from day to day until completion and counsel must arrange their schedules and those of their witnesses accordingly; and it is further

ORDERED that counsel shall file memoranda or other documents directed to the assigned JHO/Special Referee in accordance with the Uniform Rules of the Judicial Hearing Officers and the Special Referees (available at the "References" link on the court's website) by filing same with the New York State Courts Electronic Filing System (see Rule 2 of the Uniform Rules); and it is further

ORDERED that any motion to confirm or disaffirm the Report of the JHO/Special Referee shall be made within the time and in the manner specified in CPLR 4403 and Section 202.44 of the Uniform Rules for the Trial Courts; and it is further

ORDERED that within ten days of entry, counsel for Defendant shall serve a copy of this Decision and Order on Plaintiff with notice of entry; and it is further

ORDERED that the Clerk of the Court is directed to enter judgment accordingly.

This constitutes the Decision and Order of the Court.

| 3/22/2022 | | Mary V Rosado  JSC |
|---|---|---|
| DATE | | HON. MARY V. ROSADO, J.S.C. |

| CHECK ONE: | [x] CASE DISPOSED | [ ] NON-FINAL DISPOSITION | |
| --- | --- | --- | --- |
| | [ ] GRANTED    [ ] DENIED | [x] GRANTED IN PART | [ ] OTHER |
| APPLICATION: | [ ] SETTLE ORDER | [ ] SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | [ ] INCLUDES TRANSFER/REASSIGN | [ ] FIDUCIARY APPOINTMENT | [x] REFERENCE |

158959/2021 GILLESPIE, DAMON J. vs. KLING AKA GRACE AKI, GRACE
Motion No. 002
Page 4 of 4

4 of 4