The Honorable Jessica G. L. Clarke
United States District Court Judge
Southern District of New York
500 Pearl Street
New York NY, 10007

**Re:**     **Rapaport v. Finkelman, 24-cv-05942**

<u>**Letter-Motion for Expedited Stay of Defendant Finkelman's Motion for Sanctions**</u>

Your Honor:

     I am respectfully writing to request that you order a stay of proceedings with respect to the sanctions motions filed against myself and my former counsel by defendant Finkelman.

     For the reasons explained in my motion for sanctions against Mr. Rodriguez filed on October 18, 2024, the sanctions motion that my former counsel and I were threatened with by him, which was filed today, is frivolous and made in bad faith without any colorable basis. I would also like to draw attention to the fact that he only entered into the record the detailed threat letter he sent to me, which addressed me by name and in the second person as "you", but he did not include the presumably different letter he sent to my former counsel.

     A stay is warranted in this case for the additional reason that compelling my former counsel to litigate this my case on its merits concurrently with me, without my authorization, and in his own interests, violates my right to choose my own counsel, represent myself per 28 U.S.C. § 1654 and the attorney-client privilege that protects my communications with my former counsel.

     This motion should be considered on an expedited basis because at any moment my former counsel may continue to prejudice my interests by filing in this docket without my authorization, making arguments that pertain to the merits of the case, or disclosing his communications with me in his former capacity as my attorney that are protected by attorney-client privilege. This would cause me irreparable harm and is impending at any moment.

     Since defendant Finkelman has filed her motion to dismiss, I propose that this motion should be litigated first, or in the alternative, that she should be compelled to answer the complaint allowing for full discovery. Survival of a motion to dismiss will preclude any possibility of my complaint being sanctionable as a frivolous complaint, and will be supported by similar arguments to those I have made in moving to sanction Mr. Rodriguez for his frivolous and malicious threats of sanctions. It will also efficiently advance the case and aid in the just, speedy and inexpensive determination of this action.

     To briefly summarize, the defamation claim in this action pertains to a defamatory image that was never a part of any judicial proceeding when defendant Finkelman republished it after obtaining it from an "anonymous tipster" Complaint Exhibit 2 at 20, and the immunity claimed by her counsel, arising under the New York Civil Rights Law at § 74 is barred by the second and final sentence of that section, which Mr. Rodriguez ignored in his communications to me or the Court "This section does not apply to a libel contained in any other matter added by any person concerned in the publication". Furthermore, § 74 does not apply at all because her reporting was neither fair nor true as required for immunity as is demonstrated in the memorandum of law for my motion for sanctions, and evident throughout her own writings included in Exhibit 2 to the Complaint.

  Throughout his filings and letters, Mr. Rodriguez has also ignored the second of two claims in this action, which is false light and invasion of privacy arising under the laws of New Jersey, in all but a single reference to choice of law. To try and show that attempted application of the laws of New Jersey to the false light invasion of privacy claim should be sanctionable, he cites a single case in which the Second Circuit denied the application of District of Columbia law to a defamation claim, but not a false light invasion of privacy claim as is at issue here *Kinsey v. New York Times Co.*, 991 F.3d 171. He ignores the reality that this District routinely applies New Jersey law on behalf of New Jersey plaintiffs to vindicate the inherently local protection against false light invasion of privacy in their communities as in *Catalanello v. Kramer 18 F. Supp. 3d 504*, which was favorably cited by the Second Circuit as an accurate statement of the law in the only authority that Mr. Rodriguez himself cited, *Kinsey* at footnote 21. Mr. Rodriguez frivolously and in bad faith attempts to sanction me for bringing this second claim as well, based on a single citation to a mostly irrelevant case.

  Thank you for considering my request in this matter,

    Respectfully submitted,

      /s/ Gideon Rapaport *pro se*
      GideonRapaportLaw@outlook.com
      (862) 213-0895
      #627 1078 Summit Avenue
      Jersey City, New Jersey, 07307