The Honorable Jessica G. L. Clarke
United States District Court Judge
Southern District of New York
500 Pearl Street
New York NY, 10007

Re:     Rapaport v. Finkelman, 24-cv-05942

**<u>Letter in Opposition to Defendant Finkelman's Scheduling Request and in Reply to Opposition of Plaintiff's Motions for Expedited Stay, Expedited Discovery and Sanctions</u>**

Your Honor:

I am respectfully writing in opposition and reply to Mr. Rodriguez's October 23 letter.

Mr. Rodriguez sent me an email yesterday at 4:37PM demanding a response by 10:00AM the next morning. I was traveling that day, and was unable to read the roughly 50 pages of factual contentions and legal argument he had filed the day before pertaining to these matters in order to formulate a response in that short time-frame (almost entirely outside of normal business hours).

Mr. Rodriguez's letter begins with an insinuation that a *pro se* litigant's arguments should be treated with negative bias *ex ante*, or prejudice, because he represents himself *pro se*. This is odious and undermines basic principles of due process, impartiality and the command of 28 U.S.C § 1654. The only motion that should be dismissed *sua sponte* by the Court is Mr. Rodriguez's frivolous and malicious motion for sanctions previously threatened and now actually filed in bad faith and without any colorable basis. His motion is a cynical abuse of the sanctions process in an attempt to prejudice the plaintiff, breach his attorney-client privilege and inflict unnecessary delay and expense. The sanctionable nature of Mr. Rodriguez's now acted upon threats is laid out in plaintiff's motion for sanctions ECF No. 24 filed October 18, 2024.

In his proposed schedule, Mr. Rodriguez effectively admits that the proceedings he initiated with respect to sanctions are tied to the substantive merits of this action, which are at the core of all deliberations pertaining to sanctions and his motion to dismiss this case. He wishes to answer on a consolidated basis to these related matters himself, while forcing duplicative and burdensome labor on the *pro se* plaintiff responding to his frivolous, malicious and bad faith motion for sanctions brought without any colorable basis.

Mr. Rodriguez has not identified any reason, or provided any argument as to how defendant Finkelman will be unfairly disadvantaged if her motion for sanctions is stayed until after the concurrently filed (and presumptively concurrently scheduled per the rules) motion to dismiss is decided. He writes in footnote 1 of his October 23 letter that a stay would "prejudice" defendant Finkelman, yet never supports that contention in any reference to the facts of this case. Later, Mr. Rodriguez refers to the Court's resources, but ignores the obvious benefit that resolution of his motion to dismiss first will have in terms of conserving the Court's resources. If the motion to dismiss is denied, then this action could not be frivolous, and no consideration of his stayed motion for sanctions will be required, thus promoting efficiency and conserving the Court's resources. Mr. Rodriguez's aggressive persistence in his deceptive, duplicitous and malicious abuse of the sanctions rules, by which his frivolous motion serves as a red herring of epic proportion, underlines the weakness of his client's case, and represents a desperate need to avoid facing the claims brought on their merits.

      Mr. Rodriguez also wishes to have his cake and eat it too in yet another respect. On one hand he offers himself as a witness to conversations and other communications he had with the plaintiff's former counsel that he claims justify significant joint-and-several penalties against the plaintiff, while on the other he describes the plaintiff's request for discovery pertaining to this same evidence and testimony offered against the plaintiff as "unnecessary, vexatious, and burdensome". Essentially, Mr. Rodriguez wants to punish the plaintiff for bringing a meritorious case against his client by using secret evidence and his own unexamined testimony (as a lawyer for the adverse party no less). The expedited discovery sought cannot be unnecessary for the plaintiff in defending against Mr. Rodriguez's motion for sanctions, because it pertains solely and precisely to the materials and testimony that Mr. Rodriguez himself claims justify those sanctions in the first place. He has offered no support for why such narrow expedited discovery limited to precisely the issues he himself has raised is vexatious when the plaintiff requests it in order to defend himself. This expedited discovery cannot be burdensome either, on account of how narrowly tailored it is to precisely the materials and testimony relied upon by the movant, which are unavailable to the non-movant *pro se* plaintiff in defense.

      Deceptively, Mr. Rodriguez claims that the Federal Rules of Civil Procedure do not allow for such discovery, yet discovery pertaining to sanctions is routinely authorized, as is expedited discovery prior to a Rule 26 conference, which is granted under a flexible standard of reasonableness and good cause[1]. Although ordinarily discovery is obtained after the parties confer in a Rule 26 conference, Mr. Rodriguez has chosen, by bringing his motion for sanctions on the basis of evidence and testimony unavailable to the plaintiff, to force a need for this expedited discovery. FRCP 26(d)(1) provides that the general requirement for a conference is excepted "when authorized by these rules, by stipulation, or by court order". Mr. Rodriguez deceptively cited that exact sub-clause as authority for the opposite proposition, in repetition of his pattern of deception seen throughout his motion for sanctions of simply ignoring the parts of legal texts that contradict him. The plaintiff's pending motion for expedited discovery ECF No. 25 moves for precisely such an order contemplated by the rules according to common practice in this District, and is necessary to prevent the plaintiff from suffering irreparable harm on account of being unable to defend himself due to lack of information from the malicious sanctions motion brought by Mr. Rodriguez.

      Thank you for considering my request in this matter,

      Respectfully submitted,

          /s/ Gideon Rapaport *pro se*
          GideonRapaportLaw@outlook.com
          (862) 213-0895
          #627 1078 Summit Avenue
          Jersey City, New Jersey, 07307

---

1   *Rapaport v. Iyer et al.*, 23-cv-06709 (S.D.N.Y 2024) Docket No. 21 (Clarke, J.); *Strike 3 Holdings, LLC v. Doe*, 2018 WL 2229124 (S.D.N.Y. 2018) (Nathan, J.); *Digital Sin, Inc. v. Does 1-176*, 279 F.R.D. 239 (S.D.N.Y. 2012) (Nathan, J.)