

575 5th Avenue, 14th Floor
New York, NY 10017

Max Rodriguez
max@maxrodriguez.law
T 646-741-5167

October 23, 2024

<u>Via ECF</u>

Hon. Jessica G. L. Clarke
United States District Judge
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, Room 1040
New York, NY 10007



      Re:    *Rapaport v. Finkelman*, No. 1:24-cv-05942-JGLC

Dear Judge Clarke:

    I represent Defendant Abigail Finkelman in the above-captioned action. Pursuant to Local Rule 7.1(d) and the Court's Individual Rule 2(e), I request a clarified briefing schedule to respond to Plaintiff Gideon Rapaport's recently-filed motion for sanctions, letter motion for discovery on Defendant's motion for sanctions, and letter motion for a stay, or in the alternative, that the Court deny the motions *sua sponte*.[1] ECF no. 24–26. I also respond to Mr. Altman's letter motion, ECF no. 27. Ms. Finkelman opposes Mr. Altman's letter motion and reserves all rights and arguments with respect to Plaintiff's pending motions.

### I.    <u>Clarification of Deadlines for Plaintiff's Motion and Letter Motions</u>

    Plaintiff filed three motions or letter motions, entered yesterday with earlier filing dates:

- "MOTION Notice of Plaintiff Gideon Rapaport's Motion for Sanctions against Max E. Rodriguez Counsel For Defendant Abigail Finkelman," ECF no. 24, entered yesterday, but the header and docket dates says it was filed on October 17;

---

[1] Especially in the *pro se* context, the Court has the inherent authority to *sua sponte* address and deny motions to preserve the resources of the Court and the responding party. *See, e.g.*, *Merritt v. Cnty. of Suffolk*, No. 13-CV-1940, 2014 WL 737636, at *1 (E.D.N.Y. Feb. 24, 2014). Plaintiff's sanctions motion fails to cite or even engage with the high standard for sanctions pursuant to the Court's inherent authority, which isn't remotely close to satisfied here. *See, e.g.*, *Sorenson v. Wolfson*, 170 F. Supp. 3d 622, 633–34 (S.D.N.Y. 2016). His "expedited discovery" motion is baseless and seeks unnecessary, vexatious, and burdensome discovery not permitted by Civil Procedure rules. *See, e.g.*, Fed. R. Civ. P. 26(d)(1). His stay motion engages in the same red herring as Mr. Altman's motion, *see infra* § II, would prejudice Defendant, and is outweighed by the Court's interest in efficiently resolving this case. *See, e.g.*, *Galati v. Pharmacia & Upjohn Co.*, No. 10-CV-3899, 2011 WL 2470047, at *1–2 (E.D.N.Y. June 17, 2011).

Hon. Jessica G. L. Clarke
*Rapaport v. Finkelman*, No. 1:24-cv-05942-JGLC
October 23, 2024
Page 2 of 3

- "LETTER addressed to Judge Jessica G. L. Clarke re: Letter Motion for Expedited Discovery Relating to Defendant Finkelman's Motion for Sanctions," ECF no. 25, entered yesterday, but the header and docket dates says it was filed on October 21; and

- "LETTER addressed to Judge Jessica G. L. Clarke re: Letter Motion for Expedited Stay of Defendant Finkelman's Motion for Sanctions," ECF no. 26, entered yesterday, but the header and docket dates says it was filed on October 21.

I received notice of these three filings yesterday at 2:34pm, 3:50pm, and 3:55pm respectively. Plaintiff did not provide notice of or attempt to confer with me about these motions before filing them. According to their actual entry on the docket opposition and/or response to each of these motions or letter motions would be due on November 5, 2024. *See* L.R. 6.1(b).

I write to request the following schedule and format to respond to Plaintiff's motions, if the Court does not *sua sponte* deny the motions, *see supra* n.1. First, I request that the Court allow me to submit a consolidated letter totaling no more than six pages on October 25 or October 28, addressing both letter motions, which Ms. Finkelman would oppose. This deadline will allow the Court to quickly address these meritless requests before proceeding to the merits of Ms. Finkelman's motions to dismiss and for sanctions when they are fully briefed.

Second, with respect to Plaintiff's motion for sanctions, ECF no. 24, I request that the Court allow me to oppose this motion in a consolidated brief also acting as a reply memorandum of law in further support of Ms. Finkelman's motion for sanctions, ECF no. 20, to be filed on or before November 11, 2024. Because the proposed brief would be consolidated, I request that the Court allow the brief to be a maximum of 15 pages. This proposal would allow me to address the overlapping issues on a consolidated basis, benefitting Ms. Finkelman and the Court.

There have been no previous requests for extension or clarification. Per your Honor's Individual Rules, yesterday at 4:37pm I sent Plaintiff an email to obtain his position on my request, giving him until 10:00am today to respond. He did not respond.

II. **<u>Mr. Altman's Letter Motion for a Conference and Extension</u>**

Separately, Ms. Finkelman opposes Mr. Altman's latest request for a conference and his vague request for an extension. Now for the third time, Mr. Altman has asserted to this Court, all precedent to the contrary, that he is somehow immune from sanctions or incapable of opposing a motion for sanctions because of the termination of his attorney-client relationship with Plaintiff. As already explained in opposition to Mr. Altman's last letter motion, this is incorrect. *See* ECF no. 15 at 2–3 (collecting and describing cases). The Court agreed, noting in its order that his arguments — which he has now renewed again — were "without merit." ECF no. 16.

Hon. Jessica G. L. Clarke
*Rapaport v. Finkelman*, No. 1:24-cv-05942-JGLC
October 23, 2024
Page 3 of 3

  Withdrawal does not insulate an attorney who "failed to make a reasonable inquiry *before* the [pleading] was filed." *Cross & Cross Properties, Ltd. v. Everett Allied Co.*, 886 F.2d 497, 505 (2d Cir. 1989) (emphasis in original). The "eleventh hour realization that his vexatious conduct throughout this litigation could have personal consequences does not excuse or counterbalance his preceding bad faith conduct…." *Baiul v. NBC Sports*, No. 15-CV-9920, 2016 WL 1587250, at *16 (S.D.N.Y. Apr. 19, 2016) (awarding sanctions post-withdrawal). Mr. Altman's request, lacking any reference to authority, rings even hollower than his last attempt.

  Mr. Altman's handwringing and request for an extension are similarly unfounded. Procedurally, his request does not adhere to the Court's Individual Rule 2(e). Mr. Altman did not attempt to confer with me about his request, does not propose a new proposed deadline, and does not provide any real reason justifying the requested extension beyond his own displeasure. It is especially head-scratching to request an extension because Mr. Altman has been on notice about the bases for Ms. Finkelman's motion since September 27. *See* ECF no. 21-1, 21-2.

  On the substance, Mr. Altman claims yet again he is unable to "address[] the merits of the complaint" in opposing the motion for sanctions. ECF no. 27. He is wrong. As reflected by the precedents referenced above and previously, withdrawn attorneys have (unsuccessfully) opposed sanctions motions by, among other things, addressing the merits of claims or positions they asserted on behalf of their former clients. No argument presented on Ms. Finkelman's behalf requires or invites Mr. Altman to take positions adverse to Plaintiff or even impliedly requires his privileged communications with Plaintiff. This is a red herring that Mr. Altman has repeatedly invoked "I suspect … because he knows there aren't and never were any nonfrivolous arguments in support of the claims he filed on Mr. Rapaport's behalf." ECF no. 15 at 3.

  This letter, its unsupported personal attacks and repetition of already-rejected arguments, and Plaintiff's flurry of baseless motions counsel in favor of keeping the existing schedule for briefing Ms. Finkelman's motion to dismiss and motion for sanctions. Ms. Finkelman deserves rapid consideration of the merits to bring this vindictive and frivolous litigation to an end.

  Although I respectfully submit there is no reason to hold a conference, I will appear at the Court's convenience should the Court order otherwise. Thank you for your Honor's consideration in this matter.

Respectfully,

*/s/ Max Rodriguez*
Max Rodriguez

---

The Court has reviewed the parties' letters at ECF Nos. 25, 26, 27, and 28. The Court stays briefing on both motions for sanctions until after the Court's decision on Defendant's motion to dismiss. It seems highly unlikely, for the reasons stated in Defendant's letter herein, that any opposition from Mr. Altman would require revealing attorney-client privileged information or taking a position opposing his former client. Nonetheless, the Court sees no harm in staying briefing on both motions for sanctions until after the motion to dismiss is decided. As such, any oppositions are due two weeks after the motion to dismiss is decided, and any replies are due one week later. Mr. Altman's request for a conference is therefore denied. Plaintiff also requests expedited discovery related to Defendant's motion for sanctions. This request is likewise denied. As an initial matter, this request for expedited discovery is moot in light of the stay. Plaintiff has also failed to demonstrate the relevance of this information in disputing Defendant's argument that Plaintiff's claims are legally frivolous. The Court of Court is directed to terminate ECF No. 27.

SO ORDERED.

*Jessica Clarke*
JESSICA G. L. CLARKE
United States District Judge

Dated: October 25, 2024
New York, New York