UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| GIDEON RAPAPORT,<br><br>                          Plaintiff,<br><br>       - vs. -<br><br>ABIGAIL FINKELMAN,<br><br>                          Defendant. | No.: 1:24-cv-05942 (JGLC) |

**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF
DEFENDANT ABIGAIL FINKELMAN'S
<u>MOTION TO DISMISS WITH PREJUDICE FOR FAILURE TO STATE A CLAIM</u>**

Max Rodriguez
LAW OFFICE OF MAX RODRIGUEZ PLLC
575 5th Avenue, 14th Floor
New York, NY 10017
max@maxrodriguez.law
(646) 741-5167
*Attorney for Defendant Abigail Finkelman*

# **TABLE OF CONTENTS**

**INTRODUCTION** ........................................................................................................................... 1

**ARGUMENT** ................................................................................................................................... 1

I.    **Plaintiff's defamation claim fails** ................................................................................... 1

    A.    **Ms. Finkelman is immune under New York Civil Rights Law § 74** ............................ 1

        1.    Section 74 applies in this case ................................................................................. 2

        2.    Section 74 immunity applies to media and text alike ....................................... 3

        3.    Ms. Finkelman's posts were a fair and true report of Rapaport I .................. 4

    B.    **Ms. Finkelman's posts were nonactionable opinions** ...................................................... 5

    C.    **Ms. Finkelman's posts were true** ...................................................................................... 6

    D.    **Plaintiff has not alleged actual malice and waives opposition to its application** ......... 6

II.    **Plaintiff's false light and invasion of privacy claim fails** ....................................... 7

    A.    **New York law must apply and forecloses Plaintiff's claim** ........................................... 8

    B.    **Plaintiff fails to state a claim for false light or invasion of privacy** .............................. 9

III.    **Plaintiff admits his claims only relate to the photograph** ............................................. 9

IV.    **Plaintiff has waived his right to seek leave to amend and the Court should grant Ms. Finkelman's motion with prejudice** ...................................................................... 10

**Conclusion** ................................................................................................................................... 10

# **TABLE OF AUTHORITIES**

**CASES**

*Aboutaam v. Dow Jones & Co.*,
   180 A.D.3d 573 (N.Y. App. Div. 1st Dep't 2020) .............................................................. 3, 4

*Adelson v. Harris*,
   973 F. Supp. 2d 467 (S.D.N.Y. 2013) ..................................................................................... 8

*Armstrong v. Simon & Schuster, Inc.*,
   85 N.Y.2d 373 (1995) ............................................................................................................. 5

*Bloom v. A360 Media LLC*,
   No. 23-cv-11024, 2024 WL 2812905 (S.D.N.Y. June 3, 2024) ............................................ 7

*Bouchard v. Daily Gazette Co.*,
   136 A.D.3d 1233 (N.Y. App. Div. 3d Dep't 2016) ................................................................ 4

*Brach v. Congregation Yetev Lev D'Satmar, Inc.*,
   265 A.D.2d 360 (N.Y. App. Div. 2d Dep't 1999) .................................................................. 5

*BYD Co. Ltd. v. VICE Media LLC*,
   531 F. Supp. 3d 810 (S.D.N.Y. 2021) ............................................................................. 4, 10

*Catalanello v. Kramer*,
   18 F. Supp. 3d 504 (S.D.N.Y. 2014) ....................................................................................... 8

*Celle v. Filipino Reporter Enters. Inc.*,
   209 F.3d 163 (2d Cir. 2000) .................................................................................................... 5

*Cholowsky v. Civiletti*,
   69 A.D.3d 110 (N.Y. App. Div. 2d Dep't 2009) ............................................................... 2, 4

*Daleiden v. Planned Parenthood Fed. of Am.*, No. 21-2068,
   2022 WL 1013982 (2d Cir. Apr. 5, 2022) ............................................................................. 2

*Ford v. Levinson*,
   90 A.D.2d 464 (N.Y. App. Div. 1st Dep't 1982) .................................................................. 2

*Geiger v. Town of Greece*,
   311 Fed. Appx. 413 (2d Cir. 2009) ........................................................................................ 4

*Henry v. Fox News Network LLC*,
   629 F. Supp. 3d 136 (S.D.N.Y. 2022) .................................................................................... 8

*Idema v. Wagner*,
 120 F. Supp. 2d 361 (S.D.N.Y. 2000)...................................................................................... 6

*Jacob v. Lorenz*,
 626 F. Supp. 3d 672 (S.D.N.Y. 2022)...................................................................................... 8

*Josephs v. News Syndicate Co., Inc.*,
 5 Misc.2d 184 (N.Y. Sup. Ct. 1957) ........................................................................................ 2

*Karedes v. Ackerley Grp., Inc.*,
 423 F.3d 107 (2d Cir. 2005) ..................................................................................................... 4

*Kinsey v. New York Times Co.*,
 991 F.3d 171 (2d Cir. 2021) ............................................................................................ 3, 8, 8

*Lan Sang v. Ming Hai*,
 951 F. Supp. 2d 504 (S.D.N.Y. 2013) ..................................................................................... 4

*Lee v. Bankers Trust Co.*,
 166 F.3d 540 (2d Cir. 1999) ..................................................................................................... 8

*Machleder v. Diaz*,
 801 F.2d 46 (2d Cir. 1986) ....................................................................................................... 8

*Mahoney v. Adirondack Pub. Co.*,
 123 A.D.2d 10 (N.Y. App. Div. 3d Dep't 1986) ................................................................... 5

*McDougal v. Fox News Network, LLC*,
 489 F. Supp. 3d 174 (S.D.N.Y. 2020) ..................................................................................... 7

*Prince v. The Intercept*, No. 21-cv-10075, 2023 WL 4492413 (S.D.N.Y. July 12, 2023) ......... 7, 8

*Reliance Ins. Co. v. Barron's*,
 442 F. Supp. 1341 (S.D.N.Y. 1977) ........................................................................................ 7

*Rodriguez v. Daily News, L.P.*,
 142 A.D.3d 1062 (N.Y. App. Div. 2d Dep't 2016) ............................................................... 3

*Seltzer v. Fields*,
 20 A.D.2d 60 (N.Y. App. Div. 1st Dep't 1963) ..................................................................... 2

*Sheindlin v. Brady*,
 597 F. Supp. 3d 607 (S.D.N.Y. 2022) ..................................................................................... 2

*Silsdorf v. Levine*,
 59 N.Y.2d 8 (1983) .................................................................................................................... 5

*Tannerite Sports, LLC v. NBCUniversal News Grp., a division of NBCUniversal Media, LLC,* 864 F.3d 236 (2d Cir. 2017) ....................................................................................... 6

*Test Masters Educ. Servs., Inc. v. NYP Holdings, Inc.*, 603 F. Supp. 2d 584 (S.D.N.Y. 2009) ................................................................................. 2

*The Law Firm of Daniel P. Foster, P.C. v. Turner Broadcasting Sys., Inc.*, 844 F.2d 955 (2d Cir. 1988) ............................................................................................... 2

**STATUTES**

N.Y. Civil Rights L. § 74 ........................................................................................................ 1, 2

**RULES**

Fed. R. Civ. P. 11 ...................................................................................................................... 7

## INTRODUCTION

Although there was never much doubt from the face of the complaint, ECF no. 1 (the "Complaint"), and Plaintiff's conduct in pursuing this case, his brief in opposition, ECF no. 33 ("Opposition Brief" or "Opposition Br.") fully reveals his motivations for filing this case. Infuriated by her mockery, her criticism, and her reach, Plaintiff sued Defendant Abigail Finkelman to punish her, soothe his bruised ego, and intimidate others from discussing him or his litigation in any way he doesn't like. He fails to meaningfully engage with Ms. Finkelman's arguments in her brief, ECF no. 19 ("Opening Brief" or "Opening Br."), misreads and mischaracterizes authorities, and grasps at disparate threads — some alleged in the Complaint and some wholly absent — in a desperate attempt to characterize his claims as colorable. But his arguments further demonstrate that his claims are frivolous. This Court must grant the motion to dismiss in its entirety and with prejudice.

## ARGUMENT

### I.    PLAINTIFF'S DEFAMATION CLAIM FAILS

#### A.    Ms. Finkelman is immune under New York Civil Rights Law § 74

New York bars civil actions "against any person, firm or corporation, for the publication of a fair and true report of any judicial proceeding, legislative proceeding or other official proceeding, or for any heading of the report which is a fair and true headnote of the statement published." N.Y. Civil Rights L. § 74; *see* Opening Br. at 8–10.

Plaintiff throws three arguments at the wall on this point, none of which are credible or persuasive. First, he argues that immunity under section 74 does not apply because the photograph was not included in his original complaint in *Rapaport v. Iyer et al.*, No. 1:23-cv-06709 (S.D.N.Y.) ("*Rapaport I*"). Second, he claims that immunity does not apply to a photograph rather than a description. Third, he claims the immunity does not apply because Ms.

1

Finkelman's statements were, in his words and among other things, "unfair[]," "malicious," and "intensely personal commentary." Opposition Br. at 10. Plaintiff is wrong and reveals with greater emphasis why immunity should apply in this case.

1. Section 74 applies in this case

Plaintiff attempts to escape the clear application of immunity by arguing — without a single citation to authority — that section 74's carveout applies. He is wrong. That second sentence of the statute says, "This section does not apply to a libel contained in any other matter added by any person concerned in the publication; or in the report of anything said or done at the time and place of such a proceeding which was not a part thereof." N.Y. Civil Rights L. § 74. By its plain meaning, that text refers to a "matter" other than the judicial proceeding. It does not reference in any way a requirement that statements be directly quoted from a proceeding. Rather, "[f]or the privilege to apply, the statement at issue must be <u>connected</u> to a judicial proceeding." *Sheindlin v. Brady*, 597 F. Supp. 3d 607, 630 (S.D.N.Y. 2022) (emphasis added).

Furthermore, the Second Circuit has already rejected Plaintiff's interpretation of the carveout, noting in multiple decisions that the addition of supplemental information or commentary concerning a judicial proceeding does not place the statement outside the scope of immunity.[1] Other courts have reached the same conclusion.[2]

---

[1] *See Daleiden v. Planned Parenthood Fed. of Am.*, No. 21-2068, 2022 WL 1013982, at *2 (2d Cir. Apr. 5, 2022) (summary order) (affirming immunity for statements that "provided background to the misconduct attributed to Plaintiffs in that case and therefore fell within the statutory privilege afforded to a fair and true report" (cleaned up)); *The Law Firm of Daniel P. Foster, P.C. v. Turner Broadcasting Sys., Inc.*, 844 F.2d 955, 961 n.11 (2d Cir. 1988).

[2] *See also Test Masters Educ. Servs., Inc. v. NYP Holdings, Inc.*, 603 F. Supp. 2d 584, 588 (S.D.N.Y. 2009) (applying section 74 immunity to report about investigation regardless of whether the writer "learned of the investigation through an official press release or a draft release or some other means"); *Cholowsky v. Civiletti*, 69 A.D.3d 110, 115 (N.Y. App. Div. 2d Dep't 2009) ("[T]he fact that the defendants derived information about the judicial proceedings from secondary sources did not mean that Civil Rights Law § 74 was inapplicable."); *Ford v. Levinson*, 90 A.D.2d 464, 465 (N.Y. App. Div. 1st Dep't 1982) (applying immunity to statements that "considered … in light of the totality of the circumstances presented … can[not] reasonably be considered a separate libel or a comment that affects in a legally significant way the applicability of the privilege set forth in Civil Rights Law § 74"

Section 74 immunity applies in this case. All of Ms. Finkelman's posts, including the photograph, are an extensive discussion of both the allegations in and subject matter related to Plaintiff's complaint in *Rapaport I*. Plaintiff's attempts to argue otherwise are utterly frivolous.

2.   Section 74 immunity applies to media and text alike

Plaintiff also claims that posting the photograph is somehow different in kind than describing the photograph and therefore not protected by section 74. Nothing in the text of section 74 compels or even suggests the limitation he demands. Furthermore, courts have made clear that section 74 is to be given "a liberal interpretation … so as to provide broad protection to [] accounts of judicial proceedings." *Kinsey v. New York Times Co.*, 991 F.3d 171, 179 (2d Cir. 2021). So even if Plaintiff's attempts to finely parse Ms. Finkelman's statements made sense (which they don't), that approach is specifically foreclosed when applying section 74. Finally, New York courts have squarely rejected attempts to carve out defamation claims from section 74 when a photograph is used, even (and especially) when the plaintiff claims the underlying content is defamatory.[3]

Section 74 immunity applies to photographs and other media. It applies regardless of whether they are directly pulled from filings in a relevant proceeding, or merely "appropriately

---

because the statement "constitutes background to the misconduct attributed" in the judicial proceeding at issue "rather than a separate and independently defamatory accusation"); *Seltzer v. Fields*, 20 A.D.2d 60, 62 (N.Y. App. Div. 1st Dep't 1963) ("It is enough if the offending statement may <u>possibly</u> bear on the issues in litigation now or at some future time…. [I]t would seem that the barest rationality, divorced from any palpable or pragmatic degree of probability, suffices." (emphasis added)); *Josephs v. News Syndicate Co., Inc.*, 5 Misc.2d 184, 184 (N.Y. Sup. Ct. 1957) (applying immunity "even though the article may have been embellished with the fair and expectant comment of the story teller, who adds to the recital a little touch of his piquant pen").

[3] *See, e.g.*, *Aboutaam v. Dow Jones & Co.*, 180 A.D.3d 573, 574 (N.Y. App. Div. 1st Dep't 2020) (applying section 74 immunity to use of photos of plaintiff in report about antiquities looting investigations because they were "appropriately related to the subject of the article and are accompanied by accurate captions" because "[t]heir inclusion was a reasonable exercise of editorial discretion"); *Rodriguez v. Daily News, L.P.*, 142 A.D.3d 1062, 1064 (N.Y. App. Div. 2d Dep't 2016) (affirming section 74 immunity for "news reports containing [plaintiff's] photograph, which stated that police were looking for him" even though he claimed police were mistaken in using his photograph because immunity "was designed precisely to protect the publisher of a fair and true report from liability for just such an error and to relieve it of any duty to expose the error through its own investigation").

related." *Aboutaam*, 180 A.D.3d at 574. Plaintiff's argument is frivolous.

### 3. Ms. Finkelman's posts were a fair and true report of *Rapaport I*

Ms. Finkelman's posts were a fair and true report about Plaintiff's lawsuit in *Rapaport I*. She discussed the particulars of his complaint at length, and posted the photograph at issue in his lawsuit. Indeed, Plaintiff conceded that is what she was doing in the Complaint, ¶ 11, and now in his brief. Opposition Br. at 6–7.

Plaintiff tries to argue that section 74 immunity does not apply because Ms. Finkelman's discussion concerning *Rapaport I* was not to his liking or sufficiently favorable to him. Plaintiff claims immunity does not apply because she "did not positively comment upon a single fact or even allegation by the plaintiff," "express[ed] such vile hatred and contempt," and made what he called "malicious, obsessive, and intensely personal commentary." Opposition Br. at 10–11.

Even if Plaintiff's characterization were accurate, it would not matter. His argument is specifically foreclosed by precedent. Section 74 immunity applies to any discussion of a judicial proceeding so long as "the language used 'does not suggest more serious conduct than that actually suggested in the official proceeding.'" *Bouchard v. Daily Gazette Co.*, 136 A.D.3d 1233, 1234 (N.Y. App. Div. 3d Dep't 2016) (quoting *Geiger v. Town of Greece*, 311 Fed. Appx. 413, 417 (2d Cir. 2009)). As a general matter "[t]he fair and true report privilege has been described as an absolute privilege that is not defeated by the presence of malice or bad faith." *Lan Sang v. Ming Hai*, 951 F. Supp. 2d 504, 520 (S.D.N.Y. 2013). And numerous courts have concluded that immunity applies even when statements include commentary, one-sided analysis, or hyperbole.[4]

---

[4] *See Geiger v. Town of Greece*, 311 Fed. Appx. 413, 417 (2d Cir. 2009) (summary order) ("[W]e observe, as the district court did, that the [] article uses more colorful language than the press release, but it does not 'suggest more serious conduct than that actually suggested in the official proceeding,' and, therefore, it cannot provide a legal basis for plaintiff's libel claim." (quoting *Karedes v. Ackerley Grp., Inc.*, 423 F.3d 107, 119 (2d Cir. 2005)); *BYD Co. Ltd. v. VICE Media LLC*, 531 F. Supp. 3d 810, 822 (S.D.N.Y. 2021) (dismissing claims on section 74 immunity because "even if the language used is at times hyperbolic, the discussion of the legislative process is 'fair and true' and

4

Plaintiff does not get to control Ms. Finkelman's opinion, her assessment of his case, or her tone. He does not get to sue her for not showing deference as he demands. Section 74 does not distinguish between a neutral descriptive piece of writing about a judicial proceeding and one filled with strong perspectives for precisely this reason.

### B.     Ms. Finkelman's posts were nonactionable opinions

Plaintiff's claims also fail because Ms. Finkelman's statements, including her posting of the photograph, are nonactionable opinions. Plaintiff fails to address any of the cases cited in the Opening Brief or respond substantively to any of the points raised therein. Instead, he claims that whatever he alleges was defamatory in *Rapaport I* is automatically incorporated into Ms. Finkelman's posting of the photograph — regardless of context, related statements, or anything else.[5] This argument, in addition to being nonsensical,[6] runs afoul of controlling law that this Court must "give the disputed language a fair reading in the context of *the publication as a whole*." *Celle v. Filipino Reporter Enters. Inc.*, 209 F.3d 163, 177 (2d Cir. 2000) (emphasis in original) (quoting *Armstrong v. Simon & Schuster, Inc.*, 85 N.Y.2d 373, 380 (1995)).[7]

Plaintiff asks this Court to do the opposite, reading the statement at issue in isolation,

---

conveys accurately the nature of the proceedings"); *Cholowsky*, 69 A.D.3d at 114–15 (applying section 74 even though plaintiff claimed coverage was not fair and true because it did not provide plaintiff's "side").

[5] Plaintiff's citations do not support his argument at all. Instead, they relate to whether statements of opinion are actionable based on a full disclosure of underlying facts that form the basis of the opinion. *See Silsdorf v. Levine*, 59 N.Y.2d 8, 14–16 (1983) (allowing plaintiff's claims to proceed because full basis for opinions was not disclosed); *Brach v. Congregation Yetev Lev D'Satmar, Inc.*, 265 A.D.2d 360, 361 (N.Y. App. Div. 2d Dep't 1999) (same); *Mahoney v. Adirondack Pub. Co.*, 123 A.D.2d 10, 17 (N.Y. App. Div. 3d Dep't 1986) (affirming liability where defendant relied on "distorted [] interchanges he heard between plaintiff and the quarterback"), *rev'd*, 71 N.Y.2d 31 (1987). By contrast, Ms. Finkelman disclosed everything her views were based on. Opening Br. at 12–13 n.10.

[6] Reaching the heights of absurdity, Plaintiff also demands that an emoticon (an internet illustration using text and symbol characters) of a person shrugging communicates specific defamatory meaning, when both general and specific context make clear that such an illustration would communicate that someone does not know something. This allegation is absent from the Complaint, and in any case is implausible.

[7] Plaintiff claims, without comprehensible explanation or analysis, that *Celle* bolsters his claims in this case. Opposition Br. at 13. *Celle* is factually dissimilar from this case in every conceivable way.

5

against all context, and based on "insufficient innuendo when only a strained, unreasonable, unjustifiable innuendo … would support the plaintiff's contention that the challenged language exposes [him] to 'public shame, hatred, or ostracism.'" *Idema v. Wagner*, 120 F. Supp. 2d 361, 368 (S.D.N.Y. 2000) (cleaned up). Plaintiff's argument fails.

### C.     Ms. Finkelman's posts were true

Even if posting the photograph communicated a fact, it was true. Ms. Finkelman posted the photo at issue in *Rapaport I* and said it was "fake." Plaintiff's response lacks coherence, but appears to claim that describing the photo as a "wanted or public enemy poster" is actionable even though he did not plead that, that saying it was received from a "tipster" implies specific belief of its truth despite Ms. Finkelman explicitly saying it was fake, and that use of the word "fake" shouldn't be considered when analyzing the meaning of Ms. Finkelman's posts. Opposition Br. at 8. These points are not in the Complaint, and cannot form a basis for liability.

Plaintiff must "plead facts that, if proven, would allow a <u>reasonable</u> person to consider the statement false." *Tannerite Sports, LLC v. NBCUniversal News Grp., a division of NBCUniversal Media, LLC*, 864 F.3d 236, 247 (2d Cir. 2017) (emphasis added). Plaintiff's reading of Ms. Finkelman's posts do not reflect what a reasonable person would see. His demand that this Court strain to read points he favors and ignore unambiguous points he finds inconvenient demonstrates the fundamental unreasonableness of Plaintiff's interpretations.

### D.     **Plaintiff has not alleged actual malice and waives opposition to its application**

Plaintiff also claims he has adequately alleged actual malice[8] based on statements and points that don't satisfy his burden, are not alleged in his Complaint, and/or are fabrications.

---

[8] Plaintiff also ignores the actual malice requirement under section 76-a. *See* Opening Br. at 7. He has waived objection to its application and has failed to plausibly allege it. Even if the Court did consider Plaintiff's argument concerning Constitutional application of actual malice, which is irrelevant given his avoidance of the issue under New York law, his argument is nonresponsive and unpersuasive.

6

First, Plaintiff engages in the tautological error that because he claims something is false, it is also sufficient evidence of actual malice. But "inaccuracy itself will not demonstrate 'actual malice' in a libel case." *Reliance Ins. Co. v. Barron's*, 442 F. Supp. 1341, 1350 (S.D.N.Y. 1977).

Second, Plaintiff references his view that Ms. Finkelman's posts were "unfair[]," "malicious," and "intensely personal commentary." Whether this characterization is accurate or a reflection of his thin skin is irrelevant. Neither "personal biases"[9] nor an "ulterior motive … [like] a personal desire to harm the subject of a story"[10] are sufficient to plead actual malice.[11]

Third, Plaintiff claims Ms. Finkelman engaged in a variety of "actions" that demonstrate actual malice. Some, if not all, of these are fabrications.[12] More importantly, these points are not even alleged in the Complaint. They also require, as explained above, a fundamentally unreasonable interpretation dependent on Plaintiff's subjective and particularized resentment.[13]

## II.   PLAINTIFF'S FALSE LIGHT AND INVASION OF PRIVACY CLAIM FAILS

Plaintiff's defense of his "False Light and Invasion of Privacy" claim boils down to two principal arguments, both of which are flatly wrong. First, he argues that New Jersey law should categorically apply to this claim[14] because of his supposed residency in New Jersey.[15] Second,

---

[9] *McDougal v. Fox News Network, LLC*, 489 F. Supp. 3d 174, 185 (S.D.N.Y. 2020)

[10] *Bloom v. A360 Media LLC*, No. 23-cv-11024, 2024 WL 2812905, at *5 (S.D.N.Y. June 3, 2024)

[11] *See also Prince v. The Intercept*, No. 21-cv-10075, 2023 WL 4492413, at *7–8 (S.D.N.Y. July 12, 2023).

[12] Plaintiff claims an anonymous account on Fishbowl (an anonymous job review and message board site) that re-posted Ms. Finkelman's post is Ms. Finkelman. Ms. Finkelman has never posted on Fishbowl, making this representation not only rank speculation, but also untrue. The Complaint also does not reference this point at all.

[13] Plaintiff claims the shrug emoticon proves his point, or that Ms. Finkelman locking her account after his initiation of a frivolous and abusive lawsuit somehow proves actual malice. These purported inferences are nonsensical.

[14] Plaintiff's tangent on the doctrine of dépeçage provides no discernable value here. Ms. Finkelman's arguments analyze the false light and invasion of privacy claim on its own. The operative question is whether the allegations in the Complaint justify the application of New Jersey law to Plaintiff's false light and invasion of privacy claim under New York's choice of law rules. Plaintiff's claim fails that analysis and New York law must apply.

[15] Plaintiff has once again introduced skepticism that he lives in New Jersey as he claims. After previous filings indicated Plaintiff is in Vancouver, *see* Opening Br. at 17 n.12, Plaintiff again recently revealed himself to be in the

7

Plaintiff claims that defamation and "false light and invasion of privacy" do not have duplicative elements, and he has stated a claim (the elements of which he does not discuss) for the latter.

### A.  New York law must apply and forecloses Plaintiff's claim

As to choice of law, Plaintiff claims this Court must apply New Jersey law as a categorical matter because he allegedly lived in New Jersey at the time of the alleged tort. This argument is wrong and fails to address any of the New York-specific factors raised in the Opening Brief that precedent dictates would require the application of New York law.[16]

Plaintiff also misrepresents his authorities. The cases are distinguishable because they involve limited or no relevant conduct in New York and significant relevant conduct in New Jersey.[17] He similarly mischaracterizes choice of law decisions involving other states.[18]

Plaintiff claims an empty residential attachment to New Jersey, while every other relevant allegation emanates from or relates more closely to New York. *See* Opening Br. at 17–19. New York law must be applied, invalidating his claim. *See Kinsey*, 991 F.3d at 175–78.

---

Vancouver area. On November 4, Plaintiff filed a motion for extension of the deadline to file his opposition due to "power outage amid storms in my area…." ECF no. 32. There were no power outages in Jersey City on November 4. Instead, there were power outages in Vancouver, which Plaintiff disclosed in email correspondence without providing an address. Rodriguez Reply Declaration, Ex. 1–2. Plaintiff appears to be using an old address to manufacture application of preferred state law and avoid disclosure of a current address in violation of Rule 11(a).

[16] Plaintiff claims Ms. Finkelman relies on one case. She relies on several. He addresses none. *See Kinsey*, 991 F.3d at 175–78; *Jacob v. Lorenz*, 626 F. Supp. 3d 672, 684–86 (S.D.N.Y. 2022); *Prince*, 634 F. Supp. 3d at 131–34; *Henry v. Fox News Network LLC*, 629 F. Supp. 3d 136, 151–52 (S.D.N.Y. 2022).

[17] In *Catalanello*, New Jersey law applied because no party was domiciled in New York and none of the facts relevant to the claim emanated from New York. *Catalanello v. Kramer*, 18 F. Supp. 3d 504, 512–13 (S.D.N.Y. 2014). In *Lee*, New Jersey was the "situs of the tort" not just because the plaintiff was domiciled there, but because the "allegedly defamatory actions … took place … in New Jersey." *Lee v. Bankers Trust Co.*, 166 F.3d 540, 545 (2d Cir. 1999). In *Machleder*, New Jersey law applied because although the defendant TV station was in New York, the production of the report at issue occurred in New Jersey. *Machleder v. Diaz*, 801 F.2d 46, 52 (2d Cir. 1986).

[18] Plaintiff also cites *Adelson* to claim the plaintiff's residency is categorically the situs of the tort. *Adelson v. Harris*, 973 F. Supp. 2d 467 (S.D.N.Y. 2013). This case is also distinguishable because the plaintiff's home state of Nevada had broader interests to protect — a business empire — and the defendants' home state had no factual connections to the dispute beyond their residency. *Id.* at 476–78. Indeed, the court cited several decisions — distinguishable in that case but relevant here — explaining that courts in this District apply New York law when the defendant is from New York and there are stronger factual connections to New York. *See id.* at 479 (collecting cases).

### B.  Plaintiff fails to state a claim for false light or invasion of privacy

On the merits, Plaintiff fares no better.[19] He appears to claim that his "false light and invasion of privacy" claim[20] can be stated by alleging the "impacts of the undue amounts of attention that false portrayal brings upon a private person…." Opposition Br. at 18. As explained in the Opening Brief, among other things, Plaintiff needs to plausibly allege the falsity of the publicized matter, that it isn't an opinion, that it would be highly offensive to a reasonable person, that the defendant acted with actual malice, and/or that Plaintiff had a plausible reasonable expectation of privacy. *See* Opening Br. at 20–21, 20 n.13. Plaintiff fails to engage with most of these elements and has not plausibly or adequately alleged any of them.

### III.  PLAINTIFF ADMITS HIS CLAIMS ONLY RELATE TO THE PHOTOGRAPH

Throughout his Opposition Brief and other filings in this case, Plaintiff references Ms. Finkelman's other posts, trying to bolster his legally frivolous claims. But amongst the scattershot, he makes an important concession: his claims arise from the posting of the photograph and nothing else. *See* Opposition Br. at 6 ("[T]his image is the defamation itself…."); *id.* at 13. Accordingly, even if other statements of hers were actionable (and they aren't), it is irrelevant whether Ms. Finkelman insulted Plaintiff, compared him to fictional characters, or anything else he complains about.[21] The only question in this case is whether the posting of the photograph, in context, is actionable under New York law.[22] As explained above

---

[19] New Jersey also recognizes absolute immunity for fair and true reports concerning judicial proceedings. *See* Opening Br. at 10 n.9. Accordingly, his claim would be barred under New Jersey law as it is under New York law. Plaintiff never responds to this argument.

[20] These are two different claims. Plaintiff never distinguishes between them, or analyzes their respective elements, even now when he has been confronted with that fact. *See* Opening Br. at 20, 20 n.13.

[21] Plaintiff claims one of Ms. Finkelman's posts describing an allegation in the complaint in *Rapaport I* was a "fabricated [] quote." Opposition Br. at 10. This statement, not even alleged to be false or actionable in the Complaint, is clearly a satirical characterization of Plaintiff's allegations in *Rapaport I*. *See* ECF no. 1-2 at 6.

[22] Beyond that, even if these statements were alleged in the Complaint as actionable — they aren't — each of them would be nonactionable opinion or hyperbole.

and in the Opening Brief, for myriad reasons, it isn't.

## IV. PLAINTIFF HAS WAIVED HIS RIGHT TO SEEK LEAVE TO AMEND AND THE COURT SHOULD GRANT MS. FINKELMAN'S MOTION WITH PREJUDICE

In addition to the reasons articulated in the Opening Brief, Opening Br. at 21, Plaintiff's opposition confirms this case should be dismissed with prejudice. Among other things, Plaintiff has failed to respond to the Opening Brief's request that dismissal be with prejudice.[23] And on October 31, Plaintiff gave notice to this Court that he will rely on his current pleading in response to Ms. Finkelman's motion. The Court's individual rules create a presumption against future amendment in those circumstances. *See* Individual Rule 4(e). Plaintiff has also further revealed that amendment would be futile, harassing and prejudicial to Ms. Finkelman, and a waste of the Court's time. The Court should grant the motion to dismiss with prejudice.

## CONCLUSION

For all of the foregoing reasons and the reasons in the Opening Brief, this Court should grant Ms. Finkelman's motion to dismiss the Complaint with prejudice.

Respectfully submitted,

DATED:     November 13, 2024        /s/ Max Rodriguez
                                    Max Rodriguez
                                    LAW OFFICE OF MAX RODRIGUEZ PLLC
                                    575 5th Avenue, 14th Floor
                                    New York, NY 10017
                                    max@maxrodriguez.law
                                    (646) 741-5167
                                    *Attorney for Defendant Abigail Finkelman*

---

[23] "Plaintiffs' failure to oppose Defendants' specific argument in a motion to dismiss is deemed waiver of that issue." *BYD Co.*, 531 F. Supp. 3d at 821.