Wednesday, November 13, 2024 at 17:26:15 Eastern Standard Time

**Subject:** Re: Rapaport v. Finkelman 24-CV-05942 Conferral Re Extension of Time to Oppose Motion to Dismiss
**Date:** Monday, November 4, 2024 at 5:24:13 PM Eastern Standard Time
**From:** Max Rodriguez
**To:** Gideon Rapaport

Mr. Rapaport,

I am sorry to hear about the power. However the PSE&G outage map does not reflect any outages in Jersey City. I don't have any other known address for where you live or currently are, so I have no way to verify what you are telling me if you are somewhere else. I am not comfortable making a submission to the court on your behalf representing facts I am incapable of verifying myself under these circumstances.

If for some reason your access prevents you from completing your filing before midnight tonight, you might consider filing your brief tomorrow along with a letter motion seeking a *nunc pro tunc* extension of the deadline. If the letter motion encloses an affidavit swearing to the represented facts under penalty of perjury and includes evidence (e.g., an explanation of the address where you were located and exhibits of associated information from the utility provider for that address reflecting the outage), I will review your filings and file a letter noting that my client does not object to the request if I am satisfied with the information.

Ms. Finkelman reserves all rights, including the right to object if a satisfactory basis for the request is not provided.

Sincerely,
Max Rodriguez

**From:** Gideon Rapaport <GideonRapaportLaw@outlook.com>
**Date:** Monday, November 4, 2024 at 4:54 PM
**To:** Max Rodriguez <max@maxrodriguez.law>
**Subject:** Re: Rapaport v. Finkelman 24-CV-05942 Conferral Re Extension of Time to Oppose Motion to Dismiss

Dear Mr. Rodriguez,

I appreciate your position regarding the previously requested extension.

I write to confer regarding a request of an extension of one day in light of a power outage in my area that has prevented me from accessing my files and materials on my computer.

Cellular data has been inconsistent today and I may not be able to receive your response in time. If you agree I would appreciate if you would file such agreement to a one day extension for this reason in the docket.

/s/ Gideon Rapaport

**From:** Max Rodriguez <max@maxrodriguez.law>
**Sent:** Thursday, October 31, 2024 9:02 PM
**To:** Gideon Rapaport <GideonRapaportLaw@outlook.com>
**Subject:** Re: Rapaport v. Finkelman 24-CV-05942 Conferral Re Extension of Time to Oppose Motion to Dismiss

I appreciate you providing the basis for your request but I am not in a position to agree. Your litigation deadlines in your other matters do not supersede my client's interest in resolution of the motion to dismiss as soon as possible since you refuse to voluntarily dismiss this case.

In addition, you have been on notice of the arguments made in the motion to dismiss for five weeks. They were laid out in copious detail in my 11(c)(2) letter. Instead of focusing on that, you spent time, among other things, preparing a frivolous motion for sanctions that I will be forced to respond to.

You also requested that the court continue the briefing schedule on my client's motion for sanctions based on the representation that we would first proceed with the motion to dismiss to more speedily and expeditiously move forward in this case. Extending the briefing schedule now for anything other than an exigent personal circumstance would frustrate the purpose of what you asked for.

You are of course permitted to make a motion to the Court to request an extension without my agreement. If you do, I will oppose it.

Sincerely,
Max

Sent from my iPhone

> On Oct 31, 2024, at 8:30 PM, Gideon Rapaport <GideonRapaportLaw@outlook.com> wrote:
>
> Dear Mr. Rodriguez,
>
> I will certainly share my basis for the request for extension. The significant enlargement and consolidation of a reply-opposition, ordered today, and an out-of-scope reply in another case have significantly increased my workload, and my responses are due in just seven days. The granting of a stay in this case to the motions to sanction has also affected my workflow. Furthermore, I have for the first time, as a *pro se* litigant, been required to coordinate personal service of summons upon a few defendants in different and in some cases

presently unknown locations that I must uncover by investigation.

Apologies for not sharing my basis sooner.

/s/ Gideon Rapaport *pro se*
GideonRapaportLaw@outlook.com
(862) 213-0895
#627 1078 Summit Avenue
Jersey City, New Jersey, 07307

---

**From:** Max Rodriguez <max@maxrodriguez.law>
**Sent:** Thursday, October 31, 2024 7:03 PM
**To:** Gideon Rapaport <GideonRapaportLaw@outlook.com>
**Subject:** Re: Rapaport v. Finkelman 24-CV-05942 Conferral Re Extension of Time to Oppose Motion to Dismiss

Mr. Rapaport,

You haven't provided a basis for your request so I can't evaluate it. Is there a reason you are requesting an extension?

Sincerely,
Max


Sent from my iPhone

> On Oct 31, 2024, at 6:57 PM, Gideon Rapaport <GideonRapaportLaw@outlook.com> wrote:
>
> Dear Mr. Rodriguez,
>
> I am writing to confer with you about a proposed two-week extension of time for me to oppose your motion to dismiss. This would extend the time for this filing until November 18, 2024.
>
> Please let me know soon, because in the interest of time, I intend to file a motion to this end tomorrow at 1PM.
>
> /s/ Gideon Rapaport *pro se*

GideonRapaportLaw@outlook.com
(862) 213-0895
#627 1078 Summit Avenue
Jersey City, New Jersey, 07307