The Honorable Jessica G. L. Clarke
United States District Court Judge
Southern District of New York
500 Pearl Street
New York NY, 10007

**Re:**    **Rapaport v. Finkelman, 24-cv-05942**

<u>**Letter Update Re Motion for Sanctions Against Mr. Max Rodriguez, Counsel for Defendant Finkelman**</u>

Your Honor:

    I am respectfully writing to bring to the Court's attention that Defendant Finkelman's counsel, Mr. Max Rodriguez, against whom I have filed a sanctions motion that is presently stayed, continues to threaten and intrude upon me in an inappropriate and sanctionable manner.

    Since my self-representation in this case, Mr. Rodriguez has had an obsession with my residential address and physical location, and has through paragraph-long footnotes in every legal brief he has filed discussed and wildly speculated as to this point *Docket No. 34 at n. 15*, *No. 22 at n. 6*, *No. 19 at n. 12*. Additionally, in direct communications outside of the docket, including through his many deceptive and threatening communications of his frivolous and baseless sanctions threats against myself and my former Counsel, he has fixated upon this point as well, and demanded testimony from me as to this matter outside of discovery *Docket No. 24 at page 24 n. 1, 23-27*.

    For some reason, he chose to enter into the docket an email correspondence I had with him to request his consent for a brief extension in light of a storm-related power outage that affected the area in which I was staying at that time *Docket Nos. 35,35-1,35-2*. He immediately turned the topic of correspondence, which I made in an emergency context, into the validity of the Jersey City address which I have provided for correspondence with him and the Court, and again demanded testimony from me outside of discovery.

    Now he has gone even further, and falsely accused me of somehow fraudulently or wrongfully manufacturing jurisdictional ties to New Jersey, despite having lived within the state for three years, and for all of the relevant period where defendant Finkelman tortiously defamed me, and placed me before a false light to the world while invading my privacy *Docket No. 34 at n. 15*. In fact, the immense scale of the injuries perpetrated upon me by defendant Finkelman among others, is the reason why I have not been able to maintain more presence in New Jersey, where I lived for a significant time and aspire to return, and practice the vocation for which I have dedicated a significant number of years and financial resources to learn.

    The address I have provided to the Court in Jersey City is my only consistent mailing address due to my difficulties in securing employment and housing as a result of defendant Finkelman's tortious actions, among others. I have by duly notarized forms designated agents that are authorized to receive and handle my mail during all business days and hours. I arranged for this for the convenience of the Court, other parties and myself, because my housing situation and physical location has been uncertain. Additionally, I possess real property in New Jersey, in the form of a storage unit which contains my personal belongings such as books, clothes, kitchenware and furniture, which I keep in

anticipation of when I am able to increase my presence in New Jersey after I clear my name, and become able to secure employment in my vocation.

      Mr. Rodriguez's need to barrage the Court with a great number of his own personal declarations is a rarely seen and fairly bizarre attempt to inject himself into the facts of this case, and distract from the obviously tortious conduct of his client, who relied only upon internet anonymity and gave no regard to the law or human decency. It appears to me that Mr. Rodriguez believes that by his vile, intrusive and sanctionable behavior, directed towards a *pro se* plaintiff who has always treated him with respect, he may advance the cause of defendant Finkelman by making her tortious behavior appear more normal to the Court by comparison. Mr. Rodriguez should not be rewarded for his sanctionable conduct in any manner, and I bring this matter to the attention of the Court should it decide at a future date to consider the presently stayed sanctions motion against Mr. Rodriguez.

      Respectfully submitted,

      /s/ Gideon Rapaport *pro se*
      GideonRapaportLaw@outlook.com
      (862) 213-0895
      #627 1078 Summit Avenue
      Jersey City, New Jersey, 07307