The Honorable Jessica G. L. Clarke
United States District Court Judge
Southern District of New York
500 Pearl Street
New York NY, 10007



Re:     Rapaport v. Finkelman, 24-cv-05942

**Letter in Response to Defendant Finkelman's December 2 Letter ECF No. 37**

Your Honor:

     I am respectfully writing to oppose defendant Finkelman's patently false representations regarding my earlier letter *ECF No. 36* both with regard to its character and contents.

     Defendant Finkelman accuses me of filing an impermissible surreply to the reply to my opposition of her motion to dismiss, or alternatively briefing my sanctions motion that is stayed. My letter in question is not a surreply nor a legal brief of any kind, as it did not advance any legal arguments, and merely advised the Court of new factual circumstances relating to my sanctions motion that is before the Court, which are impacted by Mr. Rodriguez's continuing improper and harassing conduct as described in that letter and implicate the inherent authority of the Court. Although that motion is stayed, it may be unstayed at any time by the Court, and I have a legal obligation and moral duty to inform the Court of relevant factual circumstances, including changes, as part of the Duty of Candor found in NY Rules of Professional Conduct, Rule 3.3 and ABA Model Rule 3.3, which operate to maintain the accuracy and integrity of judicial proceedings.

     Defendant Finkelman also misrepresents my previous filings to the severe extent of attempting to deceive the Court, in her "Second" point, because I never requested that my own sanctions motion be stayed nor that all sanctions briefing in general be stayed, rather only the one motion advanced by defendant Finkelman due to the overlap with her simultaneous motion to dismiss, which is not shared by my motion for sanctions that arises under other grounds. My motion for expedited stay was titled "Letter-Motion for Expedited Stay of Defendant Finkelman's Motion for Sanctions" *ECF No. 26* and explicitly only referred to that motion for sanctions, and not the one I had earlier filed myself, as defendant Finkelman now deceptively suggests.

     However, I have not and do not oppose the Court's decision to stay my sanctions motion against Mr. Rodriguez for his threatening, harassing, deceptive and improper communications, made in bad-faith to intimidate me, as a *pro se* litigant, into surrendering my meritorious claims, while also intruding on my attorney-client privilege by attempting to convert my former counsel into a party. The primary purpose of these judicial proceedings is to adjudicate the claims brought against defendant Finkelman, not the sanctionable and reprehensible conduct of Mr. Rodriguez. As much as Mr. Rodriguez attempts to improperly and by sanctionable means distract from defendant Finkelman's malfeasance and bog the Court down with sideshows, he must not be allowed to succeed.

     Mr. Rodriguez argues, absent any authority, that because he included his entirely extraneous, irrelevant and lengthy discussion of my physical location and mailing address in a reply to my opposition to the motion to dismiss, that I may not bring the factual truth of his harassing filings and communications relating to this topic to the attention of the Court in the context of sanctions. There is no conceivable relevance of this matter which Mr. Rodriguez appears fixated on, to the merits of my

claims or the pending motion to dismiss, for which defendant Finkelman must accept all of my allegations as true and refrain from presenting contradictory or other allegations, but it is highly relevant to the pending sanctions motion against Mr. Rodriguez, which although stayed, continues to factually develop as a result of his ongoing and wanton malfeasance.

        Respectfully submitted,

           /s/ Gideon Rapaport *pro se*
           GideonRapaportLaw@outlook.com
           (862) 213-0895
           #627 1078 Summit Avenue
           Jersey City, New Jersey, 07307

The parties have filed letters regarding allegedly sanctionable conduct, and are HEREBY DIRECTED to cease filing letters with respect to fully briefed (and stayed) motions. *See* ECF No. 30.

SO ORDERED.

*Jessica Clarke*

JESSICA G. L. CLARKE
United States District Judge

Dated: December 9, 2024
       New York, New York