February 7, 2025

**V<small>IA</small> ECF**

Hon. Jessica G. L. Clarke
United States District Judge
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, Room 1040
New York, NY 10007

    Re:    *Rapaport v. Finkelman*, No. 1:24-cv-05942-JGLC

Dear Judge Clarke:

Pursuant to the Court's instructions docketed at ECF no. 4, counsel for Defendant Abigail Finkelman and Plaintiff *pro se* Gideon Rapaport submit the following joint letter in advance of the initial pretrial conference scheduled for February 14, 2025.

1. **Need for an Initial Pretrial Conference**

The parties agree that an initial pretrial conference is necessary in this case.

2. **Nature of the Action**

Plaintiff asserts claims for defamation and false light invasion of privacy arising from the republication of a defamatory image forged by Ajay S. Iyer to falsely portray the plaintiff as being banned from the premises of his former employer Kirkland & Ellis LLP and falsely accuse him of being fired for sexual harassment. Defendant Finkelman caused this image, as a result of her malicious republication of it after receiving it from an "anonymous tipster", to be viewed more than 300,000 times on X alone, among other websites, and to be indexed for the first time by major search engines such as Google in correlation with Plaintiff's name. Plaintiff states that claims were properly pleaded, and that Defendant's defenses cannot be resolved at the pleading stage, also in light of Defendant's selective entry of exhibits from the internet public record while limiting access to or deleting other related parts of the internet public record under her control.

Without waiver of any defenses not listed herein, Defendant states that the claims in this action fail because they, among other things: (1) are barred by Civil Rights Law § 74; (2) are based on non-actionable opinions; (3) are based on statements that are true; (4) do not satisfy the actual malice requirement; and (5) are not permitted under New York law. Defendant states that these and other arguments are before the Court on the fully-briefed motion to dismiss, *see* ECF no. 17–19, 33–34, and any or all of these issues can fully resolve the claims in this case.

Hon. Jessica G. L. Clarke
*Rapaport v. Finkelman*, No. 1:24-cv-05942-JGLC
February 7, 2025
Page 2 of 3

### 3. Jurisdiction and Venue

Plaintiff alleges that diversity of citizenship jurisdiction exists per 28 U.S.C. § 1332(a)(2) because he is not a citizen of the United States and Defendant is a citizen of the United States.

Defendant does not at this time object to Plaintiff's allegations concerning jurisdiction or venue, and does not at this time anticipate disputing jurisdiction or venue.

### 4. Existing Deadlines, Due Dates, and/or Cut-Off Dates

At this time, the only existing deadline in this case is to file this joint letter and the proposed case management plan on or before February 7, 2025. Briefing on Plaintiff's motion for sanctions, ECF no. 24, and Defendant's motion for sanctions, ECF no. 20–22, was stayed pending resolution of Defendant's pending and fully-briefed motion to dismiss, *see* ECF no. 30.

### 5. Outstanding Motions

As mentioned above, Defendant's fully-briefed motion to dismiss, ECF no. 17–19, Plaintiff's motion for sanctions ECF no. 24 and Defendant's motion for sanctions, ECF no. 20–22, are the outstanding motions in this case. Defendant's motion to dismiss seeks dismissal under Rule 12(b)(6). *See* ECF no. 19. Plaintiff's motion for sanctions seeks sanctions against counsel for Defendant under the inherent authority of the Court and/or New York Judiciary Law § 487. *See* ECF no. 24. Defendant's motion for sanctions seeks recovery of attorney's fees and costs under Rule 11(c) against Plaintiff, as well as Plaintiff's former counsel Richard A. Altman and his law firm, the Law Office of Richard A. Altman. *See* ECF no. 22.

No discovery has taken place in this case.

Plaintiff states that discovery is required for the Court to properly evaluate, in context, Defendant's selectively entered evidence from the internet public record *See* ECF no. 18 (and all attachments) in the context of other related parts of the internet public record under Defendant's control that she has restricted access to or deleted after she learned of this litigation, and her assertion that the defamations which give rise to this action are true. The internet public record referred to includes the contents of her X account, "https://x.com/clapifyoulikeme/" which was made access-restricted over the course of litigation and is particularly relevant with respect to her defense claimed under NY Civil Rights Law § 74 for "fair and accurate" reporting.

Defendant is unwilling to engage in any discovery at this time and, if necessary, will file a letter motion to stay discovery pending resolution of the motion to dismiss. Defendant categorically denies Plaintiff's allegation that any materials relevant to this case have been deleted.

Hon. Jessica G. L. Clarke
*Rapaport v. Finkelman*, No. 1:24-cv-05942-JGLC
February 7, 2025
Page 3 of 3

### 6. Description of Settlement Discussions

No settlement discussions have taken place between Plaintiff and counsel for Defendant. Counsel for Defendant did engage in preliminary settlement discussions with Mr. Altman concerning Defendant's pending motion for sanctions as it pertains to him and his law firm (i.e., not speaking for Plaintiff), but no agreement was reached.

### 7. Other Information

Plaintiff states that the Court cannot resolve the case by a 12(b)(6) dismissal because the defenses claimed by the Defendant are not only legally meritless or irrelevant but are also premature and incapable of being resolved on the face of the *Complaint* alone at the pleading stage. Defendant's selective entry of some materials from the internet public record for judicial notice while restricting access to or destroying materials under her control that were previously in the internet public record significantly exacerbates this issue to the extent of manifesting bad-faith and an attempt to deceive the Court.

Defendant states that the Court can most effectively and efficiently resolve this case by ruling on the motion to dismiss as soon as possible. Defendant further states that all of Plaintiff's claims in this case rise or fall on the resolution of several issues of law briefed in the motion to dismiss. Defendant further states that because a grant of the motion to dismiss would confirm the good faith and substantive merit of Defendant's arguments, resolution of the motion to dismiss would also moot Plaintiff's motion for sanctions, ECF no. 24, which relies exclusively on arguments that these positions are supposedly frivolous and/or asserted in bad faith.

\*   \*   \*

Thank you for your Honor's consideration in this matter.

Respectfully,

 /s/ Gideon Rapaport                                       /s/ Max Rodriguez

Gideon Rapaport
1078 Summit Avenue, # 627
Jersey City, NJ 07307
GideonRapaportLaw@outlook.com
(862) 213-0895

Max Rodriguez
LAW OFFICE OF MAX RODRIGUEZ PLLC
575 5th Avenue, 14th Floor
New York, NY 10017
max@maxrodriguez.law
(646) 741-5167

*Plaintiff Pro Se*                                        *Counsel for Defendant Abigail Finkelman*