

575 5th Avenue, 14th Floor
New York, NY 10017

Max Rodriguez
max@maxrodriguez.law
T 646-741-5167

February 12, 2025

**V**IA **ECF**

Hon. Jessica G. L. Clarke
United States District Judge
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, Room 1040
New York, NY 10007

      Re:    *Rapaport v. Finkelman*, No. 1:24-cv-05942-JGLC

Dear Judge Clarke:

      I represent Defendant Abigail Finkelman in the above-captioned action. Pursuant to the Court's order entered on February 10, 2025, at ECF no. 45, and for good cause, Defendant moves pursuant to Fed. R. Civ. P. 26(c) to stay all discovery in this case, including but not limited to initial disclosures.

      "[U]pon a showing of good cause[,] a district court has considerable discretion to stay discovery pursuant to Fed. R. Civ. P. 26(c)." *Morgan Art Found. Ltd. v. McKenzie*, No. 18-cv-4438, 2020 WL 6135113, at *2 (S.D.N.Y. Oct. 18, 2020). Among other factors, "[g]ood cause may be shown where a party has filed a dispositive motion, the stay is for a short period of time, and the opposing party will not be prejudiced by the stay." *Spencer Trask Software & Info. Servs., LLC v. RPost Int'l Ltd.*, 206 F.R.D. 367, 368 (S.D.N.Y. 2002). "In considering a motion for a stay of discovery pending a dispositive motion, a court should consider the breadth of the discovery sought and the burden of responding to it, as well as the strength of the underlying motion." *Integrated Sys. & Power, Inc. v. Honeywell Int'l, Inc.*, No. 09-cv-5874, 2009 WL 2777076, at *1 (S.D.N.Y. Sept. 1, 2009).

      The most significant factor in this case that warrants a stay of discovery is Defendant's pending and fully-briefed motion to dismiss. ECF no. 17–19, 33–34. In the motion, Defendant raises four independent grounds under which all the claims in this case fail, including statutory immunity under New York Civil Rights Law § 74 (or its New Jersey equivalent), that the statements at issue in this case are non-actionable, that the statements at issue in this case are true, and that the Plaintiff has failed to make any allegations of actual malice. ECF no. 19 at 7–17. In addition, Defendant articulates why Plaintiff's "false light and invasion of privacy claim" separately fails (in addition to the same reasons listed above) because New York law applies in this case under New York's choice-of-law analysis. *Id.* at 17–19.

      This Court need not "predict the outcome of Defendant's motion" to grant a motion to stay discovery. *Boelter v. Hearst Commc'ns, Inc.*, No. 15-cv-03934, 2016 WL 361554, at *5 (S.D.N.Y. Jan. 28, 2016). Rather, this Court need only conclude that "none [of the arguments] are frivolous and, because succeeding on each argument alone may warrant dismissal of Plaintiff's entire complaint,



Hon. Jessica G. L. Clarke
*Rapaport v. Finkelman*, No. 1:24-cv-05942-JGLC
February 12, 2025
Page 2 of 2

ordering discovery to proceed at this time would result in an excessive burden on Defendant." *Id.*; *see also Hong Leong Fin. Ltd. (Singapore) v. Pinnacle Performance Ltd.*, 297 F.R.D. 69, 75 (S.D.N.Y. 2013) (staying discovery because it would "create a significant burden on defendants in the face of a seemingly strong motion to dismiss"); *Gandler v. Nazarov*, No. 94-cv-2272, 1994 WL 702004, at *4 (S.D.N.Y. Dec. 14, 1994) (staying discovery because pending motion to dismiss "is potentially dispositive, and appears to be not unfounded in the law").

That burden is satisfied here. Defendant's motion to dismiss demonstrates not only that Plaintiff has failed to state a claim, but indeed that all his claims in this case are frivolous. The stay will also be for a short period of time because the motion to dismiss has been fully-briefed for about three months, allowing this Court to reach a decision on the motion as soon as its busy schedule allows.

In addition, this Court should grant a stay of discovery because there will be no prejudice to the Plaintiff from such a stay pending resolution of the motion to dismiss. Courts in this District have repeatedly held the same. *See, e.g.*, *Dunning v. Supergoop, LLC*, No. 23-cv-11242, 2024 WL 2326082, at *2 (S.D.N.Y. May 22, 2024); *Boelter*, 2016 WL 361554, at *5; *Spencer Trask*, 206 F.R.D. at 368; *Rivera v. Heyman,* No. 96-cv-4489, 1997 WL 86394, at *1 (S.D.N.Y. Feb. 27, 1997) ("A stay pending determination of a dispositive motion that potentially eliminates the entire action will neither substantially nor unduly delay the action, should it continue."). The issues in the motion to dismiss are "strictly legal questions" and there is no "discovery [] necessary to rebut Defendant's arguments" in the motion to dismiss. *Boelter*, 2016 WL 361554, at *5.

Finally, requiring Defendant to engage in any discovery in this case would be an excessive and unjust burden. *See Boelter*, 2016 WL 361554, at *5. As discussed in Defendant's motion to dismiss and her related motion for sanctions, ECF no. 20–22, this case is a prime example of a strategic lawsuit against public participation (a "SLAPP" suit). Mr. Rapaport's clear contempt for Defendant led him to file this frivolous lawsuit which could have no purpose except to cause her financial and emotional distress by forcing her to retain an attorney and defend herself for merely speaking her mind in a public forum, which the Constitution protects as a fundamental liberty. To allow him to leverage his frivolous claims to pursue invasive discovery would further compound his abuse of the legal system in this case.

I respectfully submit that Defendant's motion to stay discovery should be granted.

Thank you for your Honor's consideration in this matter.

                                                              Respectfully,

                                                              */s/ Max Rodriguez*
                                                              Max Rodriguez