

575 5th Avenue, 14th Floor
New York, NY 10017

Max Rodriguez
max@maxrodriguez.law
T 646-741-5167

April 15, 2025

**VIA ECF**

Hon. Jessica G. L. Clarke
United States District Judge
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, Room 1040
New York, NY 10007

    Re:    *Rapaport v. Finkelman*, No. 1:24-cv-05942-JGLC

Dear Judge Clarke:

    I represent Defendant Abigail Finkelman in the above-captioned action. I write to share a recent relevant authority for this Court's consideration of Defendant's pending motion to dismiss, ECF no. 17. On March 28, 2025, Judge Vyskocil granted a motion to dismiss a defamation claim with overlapping issues and legal analysis to this case, in particular concerning N.Y. Civil Rights Law § 74. *See 1st Amendment Praetorian v. The New York Times Co. and Alan Feuer*, No. 1:23-cv-00012-MKV, ECF no. 43 (S.D.N.Y. Mar. 28, 2025) (the "*1AP* Decision").

    The plaintiff in that case alleged that a series of newspaper articles and related statements concerning the organization's relationship to other organizations and role in the January 6 insurrection were defamatory. *See 1AP* Decision at 1–6. Although the majority of the analysis turned on interpreting whether the statements were actionable, whether they were true, and whether actual malice had been alleged, *see id.* at 12–35, the court concluded that the fair report immunity under Civil Rights Law § 74 applied to bar the claims, *id.* at 35–38.

    In particular, the court in the *1AP* Decision concluded that "[a]n ordinary reader would plainly understand that the challenged statements and articles are relaying information relating to the underlying" January 6 Congressional investigations and proceedings because they "explicitly mention and repeatedly reference the underlying investigation, the allegations made, and the evidence that was presented or was going to be presented at the proceedings." *Id.* at 37. Especially relevant here, the court rejected the plaintiff's arguments that the statements were not "substantially accurate," explaining that "Plaintiff simply disputes that the underlying allegations made in the investigation were incorrect…." *Id.* The court explained, citing *Kesner v. Dow Jones & Co., Inc.*, 515 F. Supp. 3d 149 (S.D.N.Y. 2021), that "challenging the underlying allegations" related to the referenced proceeding "is not sufficient to overcome the fair and true reporting privilege." *1AP* Decision at 38.

    Similarly here, as Defendant argued in support of her motion to dismiss, the photograph that forms the basis of Plaintiff's claims in this case was at issue in his prior litigation, *Rapaport*



Hon. Jessica G. L. Clarke
*Rapaport v. Finkelman*, No. 1:24-cv-05942-JGLC
April 15, 2025
Page 2 of 2

*v. Iyer et al.*, No. 1:23-cv-06709 (S.D.N.Y.). Defendant discussed and posted the photograph in the context of discussing that lawsuit. *See* ECF no. 19 at 5, 8–10; ECF no. 34 at 1–5. Accordingly, for the same reasons laid out in the recent *1AP* Decision, Civil Rights Law § 74 applies and therefore "even if the[] statements … were found to be defamatory, they would nonetheless be privileged under Section 74." *1AP* Decision at 38.

    The *1AP* Decision is enclosed with this letter for this Court's consideration and benefit.

    Thank you for your Honor's consideration in this matter.

                               Respectfully,

                               */s/ Max Rodriguez*
                               Max Rodriguez