

575 5th Avenue, 14th Floor
New York, NY 10017

Max Rodriguez
max@maxrodriguez.law
T 646-741-5167

September 5, 2025

<u>Via ECF</u>

Hon. Jessica G. L. Clarke
United States District Judge
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, Room 1040
New York, NY 10007

      Re:    *Rapaport v. Finkelman*, No. 1:24-cv-05942-JGLC
             **<u>FORTHCOMING TEMPORARY RESTRAINING ORDER MOTION</u>**

Dear Judge Clarke:

      I represent Defendant Abigail Finkelman in the above-captioned action. Per Your Honor's individual rule 4(i), I write to inform the Court that Ms. Finkelman intends to move today for a temporary restraining order under Rule 65 enjoining Plaintiff Gideon Rapaport, until final judgment in this case, from filing any pleadings, motions, or other filings against Ms. Finkelman other than in this action and with prior leave of the Court. Thereafter, either as a Rule 11 remedy or otherwise, Ms. Finkelman will seek a permanent filing injunction barring Mr. Rapaport from filing any pleadings, motions, or other filings against Ms. Finkelman without leave of the Court.

      I learned earlier this morning that Mr. Rapaport filed a new lawsuit against Ms. Finkelman, *Rapaport v. Finkelman*, No. 1:25-cv-07294-UA (S.D.N.Y.). In this new pleading, Mr. Rapaport purports to seek "declaratory relief" for "repeated threats made by [Ms.] Finkelman to bring suit under the so-called anti-SLAPP … law enacted … as New York Civil Rights Law § 70-a." *Rapaport v. Finkelman*, No. 1:25-cv-07294-UA, ECF no. 1, ¶ 1 (S.D.N.Y.). The rest of the complaint, which is attached hereto as **<u>Exhibit A</u>**, represents a rehash of his allegations in this case that this Court just dismissed with prejudice for failure to state a claim.

      "[T]he Second Circuit has held that '[t]he issuance of a filing injunction is appropriate when a plaintiff abuses the process of the Courts to harass and annoy others with meritless, frivolous, vexatious or repetitive proceedings.'" *Ware v. United States*, No. 04-cr-1224-ER, 2023 WL 2757206, at *5 (S.D.N.Y. Apr. 3, 2023) (quoting *Lau v. Meddaugh*, 229 F.3d 121, 123 (2d Cir. 2000)).

      Mr. Rapaport has just revealed his intention not just to harass Ms. Finkelman in this action, but to abuse his privileges as a litigant by multiplying frivolous proceedings against her even though his core purported claim against her has now been adjudicated to be meritless and has been dismissed with prejudice. To protect Ms. Finkelman from these litigation tactics and

Hon. Jessica G. L. Clarke
*Rapaport v. Finkelman*, No. 1:24-cv-05942-JGLC
September 5, 2025
Page 2 of 2

permit the rest of the proceedings in this case to resolve in an orderly fashion, the Court must intervene to maintain the status quo by granting the forthcoming requested relief.

    Per Your Honor's individual rule 4(i), I have emailed Plaintiff communicating my intention to file this motion on Ms. Finkelman's behalf. That email is attached hereto as **Exhibit B**. As explained in my email, unless Mr. Rapaport resolves the matter by voluntarily dismissing his new complaint and gives notice and proof he has done so, I intend to file the motion today by 2pm EST, requesting a hearing on the motion as soon as practicable for the Court, either this afternoon or Monday, September 8.

    Thank you for your Honor's consideration in this matter.

    Respectfully,

    */s/ Max Rodriguez*
    Max Rodriguez