EXHIBIT G

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED:  6/28/2023____

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JASON GOODMAN,

                Plaintiff,

-against-

CHRISTOPHER ELLIS BOUZY, BOT SENTINEL, INC, GEORGE WEBB SWEIGERT, DAVID GEORGE SWEIGERT, BENJAMIN WITTES, NINA JANKOWICZ, ADAM SHARP, MARGARET ESQUENET, THE ACADEMY OF TELEVISION ARTS AND SCIENCES, SETH BERLIN, MAXWELL MISHKIN,

                Defendants.

21 Civ. 10878 (AT) (JLC)

**ORDER ADOPTING REPORT AND RECOMMENDATION**

ANALISA TORRES, District Judge:

    Plaintiff *pro se*, Jason Goodman, brings this action against Defendants Christopher Ellis Bouzy, Bot Sentinel, Inc. ("Bot Sentinel"), George Webb Sweigert ("Webb"), David George Sweigert ("Sweigert"), Benjamin Wittes, Nina Jankowicz, Adam Sharp, Margaret Esquenet, the Academy of Television Arts and Sciences ("ATAS"), Seth Berlin, and Maxwell Mishkin, alleging fraud, defamation, abuse of process, and civil conspiracy. Am. Compl. ¶¶ 52–92, ECF No. 100. As discussed below, the Court has referred several motions to the Honorable James L. Cott for a report and recommendation. ECF Nos. 31, 52, 58, 110, 115, 169.

    On November 10, 2022, Judge Cott issued a Report and Recommendation ("R&R"), recommending, *inter alia*, that the Court grant Webb's motion to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(2), ECF Nos. 19–20, and grant Goodman leave to amend his complaint. First R&R, ECF No. 59 at 1, 15. On December 13, 2022, the Court adopted the First R&R. ECF No. 82. On December 27, 2022, Goodman moved for sanctions pursuant to Rule 11 against Bouzy, Bot Sentinel, and Berlin. ECF No. 86. On January 17, 2023, Goodman filed his amended complaint. Am. Compl. On January 27, 2023, Bouzy, Bot Sentinel,

Berlin, and Mishkin moved to dismiss the amended complaint pursuant to Rules 12(b)(6) and 15(a)(3).  ECF No. 106.  On January 30, 2023, Goodman moved for a preliminary injunction.  ECF No. 111.  That same day, Sweigert moved to dismiss the amended complaint pursuant to Rule 12(b)(6).  ECF No. 112.  On February 21 and 28, 2023, Goodman moved for leave to amend his complaint a second time.  ECF Nos. 137, 142.  On March 6, 2023, Jankowicz and Wittes moved to dismiss the amended complaint pursuant to Rules 8, 9, and 12(b)(6).  ECF No. 153.  On April 3, 2023, Jankowicz and Wittes moved for sanctions against Goodman.  ECF No. 171.

On March 30, 2023, the Court issued an amended order of reference referring all pending motions to Judge Cott.  ECF No. 169.  On May 8, 2023, Judge Cott issued an R&R (the "Second R&R"), recommending that: (1) the motions to dismiss be granted; (2) leave to amend be denied; (3) the motion for a preliminary injunction against Sweigert be denied; (4) the motion for sanctions against Bouzy, Bot Sentinel, and Berlin be denied; (5) the motion for sanctions against Goodman be granted; (6) a filing injunction be issued against Goodman; and (7) the entire case be dismissed with prejudice.  Second R&R at 1–2, ECF No. 203.  On May 22, 2023, Goodman filed objections to the Second R&R.  Obj., ECF No. 212.  On June 2, 2023, Bouzy, Bot Sentinel, Berlin, and Mishkin filed a response to Goodman's objections to the Second R&R.  ECF No. 217.  On June 5, 2023, Jankowicz and Wittes filed a response to Goodman's objections to the Second R&R.  ECF No. 219.  On June 20, 2023, Goodman filed a reply to Defendants' responses to his objections to the Second R&R.  ECF No. 233.  On May 12, 2023, Esquenet, Sharp, and ATAS moved to dismiss the amended complaint.  ECF No. 205.

2

For the reasons stated below, the Court OVERRULES the parties' objections and ADOPTS the conclusions in the Second R&R.[1]

## DISCUSSION[2]

I. Standard of Review

A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). When a party makes specific objections, the court reviews *de novo* those portions of the R&R to which objection is made. *Id.*; Fed. R. Civ. P. 72(b)(3). However, "when a party makes only conclusory or general objections, or simply reiterates [their] original arguments," the court reviews the R&R strictly for clear error. *Wallace v. Superintendent of Clinton Corr. Facility*, No. 13 Civ. 3989, 2014 WL 2854631, at *1 (S.D.N.Y. June 20, 2014) (citation omitted); *see also Bailey v. U.S. Citizenship & Immig. Servs.*, No. 13 Civ. 1064, 2014 WL 2855041, at *1 (S.D.N.Y. June 20, 2014) ("[O]bjections that are not clearly aimed at particular findings . . . do not trigger *de novo* review."). Even a *pro se* party's objections must be specific and clearly aimed at particular findings in the R&R "such that no party be allowed a second bite at the apple by simply relitigating a prior argument." *Machicote v. Ercole*, No. 06 Civ. 13320, 2011 WL 3809920, at *2 (S.D.N.Y. Aug. 25, 2011). Moreover, "a district judge will not consider new arguments raised in objections to [an R&R] that could have been raised before the magistrate but were not." *United States v. Gladden*, 394 F. Supp. 3d 465, 480 (S.D.N.Y. 2019) (citation omitted).

---

[1] On November 20, 2022, Goodman moved for default judgment against Bouzy and Bot Sentinel. ECF No. 60. The certificate of default, ECF No. 72, was vacated on May 8, 2023, Second R&R at 13, 44, 46. Accordingly, Goodman's motion for default judgment is DENIED.

[2] The Court presumes familiarity with the facts and procedural history as detailed in the R&Rs, *see* First R&R at 2–4; Second R&R at 3–8, and, therefore, does not summarize them here.

3

The Court may adopt those portions of the R&R to which no objection is made "as long as no clear error is apparent from the face of the record." *Oquendo v. Colvin*, No. 12 Civ. 4527, 2014 WL 4160222, at *2 (S.D.N.Y. Aug. 19, 2014) (citation omitted). An R&R is clearly erroneous if the reviewing court is "left with the definite and firm conviction that a mistake has been committed." *Easley v. Cromartie*, 532 U.S. 234, 242 (2001) (citation omitted); *see also Travel Sentry, Inc. v. Tropp*, 669 F. Supp. 2d 279, 283 (E.D.N.Y. 2009).

II. Goodman's Objections

First, Goodman contends that Judge Cott erred in stating that Goodman theorized that Wittes murdered a political operative, and that this conclusion is "so fundamental to the case" that it evinces a misunderstanding of the facts or a bias against Goodman. Obj. at 6. Goodman states that he did not accuse Wittes of murder, but rather of being involved in a conspiracy to cover up the suspicious death of a political operative. *Id.* Because Goodman's objection relates to a specific finding of fact in the R&R, the Court shall review that finding *de novo*. *See* 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3).

On a motion to dismiss under Rule 12(b)(6), the Court must accept as true the factual allegations in the complaint and draw all reasonable inferences in favor of the plaintiff. *Ebomwonyi v. Sea Shipping Line*, 473 F. Supp. 3d 338, 344 (S.D.N.Y. 2020), *aff'd*, No. 20 Civ. 3344, 2022 WL 274507 (2d Cir. Jan. 31, 2022). The complaint alleges that, on several podcasts, Wittes commented on the suspicious death of a political operative. Am. Compl. at 19. The complaint also alleges that Goodman interviewed Wittes about Wittes's coverage of the death. *Id.* The complaint does not mention any accusation of murder. The Court agrees that the complaint can only be read to allege that Goodman accused Wittes of obscuring the truth about the death of a political operative, *see id.* at 38, and not of murder. However, Goodman's claims

4

against Wittes are based on Wittes's alleged retaliation against Goodman. *Id.* at 10, 19–20, 38. The wording of Goodman's accusation against Wittes is irrelevant to whether Goodman has sufficiently alleged acts on the part of any Defendant which support a claim for fraud, defamation, abuse of process, civil conspiracy, or RICO violations. *See* Second R&R at 13–28. Accordingly, Goodman's objection is OVERRULED.

Second, Goodman objects to Judge Cott's characterization of Defendant Bouzy's allegedly defamatory statement. Obj. at 6. Specifically, Judge Cott wrote: "Bouzy stated only that he was aware of allegations that Goodman had raped someone." Second R&R at 24. Goodman argues that this factual finding is incorrect, because Goodman has never been so accused, and, therefore, Bouzy could not have been aware of any allegations. Obj. at 6–8. Goodman misstates Judge Cott's conclusion. The complaint alleges that Bouzy accused Goodman of having "committed the crime of rape." Am. Compl. at 3, 20, 37. Bouzy's allegedly defamatory statement was: "Until creepy Jason Goodman called me, I had no clue someone previously accused him of rape, and it's a bizarre thing to tell a stranger in a phone call." Obj. at 6–7. Judge Cott found, and the Court agrees, that Bouzy's statement does not accuse Goodman of rape, but rather states that Goodman told Bouzy that Goodman had been accused of rape. *See* Second R&R at 24. Judge Cott did not find that Bouzy was, in fact, aware of such allegations. Thus, Goodman's objection does not address a specific finding in the R&R and does not trigger *de novo* review. *See Bailey*, 2014 WL 2855041, at *1.

Goodman also objects to Judge Cott's characterization of the phone call recording on which Goodman relies in his complaint, *see* Am. Compl. at 20; Second R&R at 23 n.7, to the extent that Judge Cott concludes that Goodman implied to Bouzy that Goodman had been accused of rape, *see* Obj. at 7–8; Second R&R at 23. However, Goodman merely reiterates his initial

5

arguments on this point. ECF No. 140 at 2; Obj. at 7–8. The Court, therefore, reviews the R&R for clear error, *Wallace*, 2014 WL 2854631, at *1, and finds none. Goodman's objection is OVERRULED.

Finally, Goodman argues that, "in light of new information discovered after" the Second R&R was issued, he should be given leave to amend his complaint. Obj. at 1–5, ECF No. 212. The "new information" includes a May 12, 2023 report published by the U.S. Attorney General and an email exchange from 2016 that Goodman contends are evidence of an alleged conspiracy involving Wittes, on which Goodman intends to comment publicly via his social media platforms. *Id.* at 3, 5. This "new information" is entirely unrelated to this case and has no bearing on whether Goodman has stated a claim for fraud, defamation, abuse of process, civil conspiracy, or RICO violations. Obj. at 2. Goodman's objection, therefore, does not implicate any specific finding in the Second R&R and does not trigger *de novo* review. *See Bailey*, 2014 WL 2855041, at *1. Moreover, the email exchange to which Goodman refers has been in the public domain for several years. ECF No. 219 at 4 n.4. Goodman does not explain why he could not have raised his argument with respect to the email exchange before Judge Cott. The Court will not consider any argument with respect to the email exchange. *Gladden*, 394 F. Supp. 3d at 480.

The remainder of Goodman's objections are general, conclusory, and merely reiterate his original arguments. *See Wallace*, 2014 WL 2854631, at *1. The Court has reviewed the remainder of the thorough and well-reasoned Second R&R for clear error and finds none. Accordingly, Goodman's objections to the Second R&R are OVERRULED.

6

III. <u>Defendants' Objections</u>

Defendants Bouzy, Bot Sentinel, Berlin, and Mishkin argue that, in light of new statements made by Goodman after the Second R&R was issued, attorney's fees and costs should be awarded in connection with Goodman's Rule 11 motion. ECF No. 217 at 4. An argument is frivolous for the purpose of Rule 11 sanctions if it is clear that there is no chance of success. Second R&R at 33 (citing *Morley v. Ciba–Geigy Corp.*, 66 F.3d 21, 25 (2d Cir. 1995)). Judge Cott found that it was not clear that Goodman understood there to be no chance of success. *Id.* Defendants allege that, after Judge Cott issued the Second R&R, Goodman emailed Defendants stating that Goodman will spend the "rest of [his] life" seeing to it that those in concert with Defendant Sweigert are "sent to prison." ECF No. 217-1. Defendants further allege that Goodman published a video online stating that Defendant Bouzy has not "won" this lawsuit because he "had to pay a huge legal bill." ECF No. 217 ¶ 7. Defendants argue that these new statements should be considered as evidence of Goodman's intent to harass Defendants and that the Court should award attorney's fees and costs to Defendants. But, these statements do not shed light on Goodman's understanding at the time he filed his Rule 11 motion. The Court is of the view that the filing injunction recommended by Judge Cott is a sufficient remedy at this time. Defendants' objection to the Second R&R is OVERRULED.

The Court has reviewed the remainder of the thorough and well-reasoned Second R&R for clear error and finds none. Accordingly, the Court OVERRULES the parties' objections and ADOPTS the conclusions in the Second R&R.

III. <u>Defendants' Objections</u>

Defendants Bouzy, Bot Sentinel, Berlin, and Mishkin argue that, in light of new statements made by Goodman after the Second R&R was issued, attorney's fees and costs should be awarded in connection with Goodman's Rule 11 motion. ECF No. 217 at 4. An argument is frivolous for the purpose of Rule 11 sanctions if it is clear that there is no chance of success. Second R&R at 33 (citing *Morley v. Ciba–Geigy Corp.*, 66 F.3d 21, 25 (2d Cir. 1995)). Judge Cott found that it was not clear that Goodman understood there to be no chance of success. *Id.* Defendants allege that, after Judge Cott issued the Second R&R, Goodman emailed Defendants stating that Goodman will spend the "rest of [his] life" seeing to it that those in concert with Defendant Sweigert are "sent to prison." ECF No. 217-1. Defendants further allege that Goodman published a video online stating that Defendant Bouzy has not "won" this lawsuit because he "had to pay a huge legal bill." ECF No. 217 ¶ 7. Defendants argue that these new statements should be considered as evidence of Goodman's intent to harass Defendants and that the Court should award attorney's fees and costs to Defendants. But, these statements do not shed light on Goodman's understanding at the time he filed his Rule 11 motion. The Court is of the view that the filing injunction recommended by Judge Cott is a sufficient remedy at this time. Defendants' objection to the Second R&R is OVERRULED.

The Court has reviewed the remainder of the thorough and well-reasoned Second R&R for clear error and finds none. Accordingly, the Court OVERRULES the parties' objections and ADOPTS the conclusions in the Second R&R.

# CONCLUSION

For the foregoing reasons, the Court OVERRULES the parties' objections and ADOPTS the conclusions in the Second R&R. Accordingly:

1. Goodman's motion for default judgment against Bouzy and Bot Sentinel is DENIED.

2. Goodman's motion for sanctions against Bouzy, Bot Sentinel, and Berlin is DENIED. Defendants' request for attorney's fees is DENIED.

3. Goodman's motion for a preliminary injunction is DENIED.

4. Bouzy, Bot Sentinel, Berlin, and Mishkin's motion to dismiss is GRANTED.

5. Sweigert's motion to dismiss is GRANTED.

6. Jankowicz and Wittes's motion to dismiss is GRANTED.

7. For the same reasons that the Court grants the other Defendants' motions to dismiss, Esquenet, Sharp, and ATAS's motion to dismiss is GRANTED.

8. Goodman's motion for leave to amend his complaint is DENIED.

9. Jankowicz and Wittes's motion for sanctions is GRANTED. Goodman is enjoined from filing additional documents on the docket relating to Wittes or Jankowicz in this District; filing any federal district court action against Wittes or Jankowicz relating to the subject matter in this case; and filing any new *pro se* action against Wittes or Jankowicz in any federal district court without first obtaining leave of that court. Defendants' request for attorney's fees is DENIED.

The complaint is DISMISSED with prejudice as to all Defendants. The Clerk of Court is directed to terminate the motions at ECF Nos. 60, 86, 106, 111, 112, 137, 142, 153, 171, and 205.

The Clerk of Court is further directed to amend the case caption to correct the spelling of Defendant's name to "Bot Sentinel, Inc.," mail a copy of this order to Plaintiff *pro se*, and to close the case.

SO ORDERED.

Dated: June 28, 2023
New York, New York

ANALISA TORRES
United States District Judge

9