The Honorable Jessica G. L. Clarke
United States District Court Judge
Southern District of New York
500 Pearl Street
New York NY, 10007

Re:     Rapaport v. Epstein et al., 24-cv-07439

**Letter re Finkelman Forthcoming Temporary Restraining Order Motion**

Your Honor:

     I am respectfully writing in response to defendant Finkelman's outrageous temporary restraining order desired against me to prevent my filing of "any pleadings, motions or other filings against Ms. Finkelman other than in [the defamation/false light invasion of privacy] action and without prior leave of the Court" ECF 55.

     This stems from the action 25-cv-7294 for a declaratory judgment I have brought in this District for an adjudication of defendant Finkelman's purported claim/claims against me arising from New York Civil Rights Law § 70-a. Defendant Finkelman, through her counsel Mr. Max Rodriguez, has incessantly and maliciously threatened me with the bringing of such a retaliatory action against me since September 16, 2024 ECF 11 until August 29, 2025 ECF 52. Defendant Finkelman's threatened retaliatory action would be meritless and frivolous both as a matter of fact and of law, as any minimally competent attorney should know, and I am properly seeking relief from such continued threats through a declaratory judgment action.

     The purpose of my 25-cv-7294 action is solely to obtain a declaratory judgment per 28 U.S.C. § 2201, regarding defendant Finkelman's threatened NY CLR 70-a action, and no other claim is brought or relief demanded. § 2201, titled "Creation of remedy" provides:

> In a case of actual controversy within its jurisdiction, [irrelevant exceptions omitted] any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought. Any such declaration shall have the force and effect of a final judgment or decree and shall be reviewable as such.

     Defendant Finkelman falsely represents that the declaratory judgment action is a "rehashing" of my state tort claims brought and decided in 24-cv-5942, which betrays a fundamental misunderstanding of how NY CLR 70-a operates to create a new cause of action. For example, according to CLR 70-a(a):

> "costs and attorney's fees shall be recovered upon a demonstration, including an adjudication pursuant to subdivision (g) of rule thirty-two hundred eleven or subdivision (h) of rule thirty-two hundred twelve of the civil practice law and rules, that the action involving public petition and participation was commenced or continued without a substantial basis in fact and law and could not be supported by a substantial argument for the extension, modification or reversal of existing law"

      Clearly any action or claim brought under CLR 70-a inevitably requires the "rehashing" of the law and facts of the prior "action involving public participation" for which the subsequent retaliatory action is brought. There is no "multiplying" proceedings compared with the almost-certain scenario in which defendant Finkelman carries out her threat to bring such an action involving the same material, as she has been threatening for almost an entire year.

      If defendant Finkelman will concede that she has no claims against me arising from NY CRL 70-a, and will commit through a legally binding agreement to refrain from bringing any action or claim against me arising from that statute, there would be no further purpose for my declaratory judgment action and I would agree to voluntarily dismiss it.

      I also respectfully write to express my intention to oppose defendant Finkelman's motion after it is brought.

      Thank you for considering my reply in this matter.

      Respectfully submitted,

          /s/ Gideon Rapaport *pro se*
          GideonRapaportLaw@outlook.com
          (862) 213-0895
          #627 1078 Summit Avenue
          Jersey City, New Jersey, 07307