UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| GIDEON RAPAPORT,<br><br>      Plaintiff,<br><br>- vs. -<br><br>ABIGAIL FINKELMAN,<br><br>      Defendant. | No.: 1:24-cv-05942 (JGLC) |

**MEMORANDUM OF LAW IN SUPPORT OF
DEFENDANT ABIGAIL FINKELMAN'S MOTION
FOR TEMPORARY RESTRAINING ORDER AND/OR
PRELIMNINARY INJUNCTION IMPOSING
<u>FILING INJUNCTION ON PLAINTIFF GIDEON RAPAPORT</u>**

Max Rodriguez
LAW OFFICE OF MAX RODRIGUEZ PLLC
575 5th Avenue, 14th Floor
New York, NY 10017
max@maxrodriguez.law
(646) 741-5167
*Attorney for Defendant Abigail Finkelman*

**TABLE OF CONTENTS**

LEGAL STANDARD ................................................................................................................. 1

PROCEDURAL HISTORY ....................................................................................................... 1

ARGUMENT .............................................................................................................................. 4

I. ... MS. FINKELMAN HAS LIKELIHOOD OF SUCCESS ON THE MERITS BECAUSE SHE WILL BE ENTITLED TO A FILING INJUNCTION ................................................................... 4

II. ............. MS. FINKELMAN WILL SUFFER IRREPARABLE HARM UNLESS THE COURT ISSUES AN ORDER ENJOINING PLAINTIFF FROM MAKING FURTHER FILINGS OR INITIATING FURTHER PROCEEDINGS AGAINST HER WITHOUT LEAVE OF COURT . 9

III. ... THE BALANCE OF EQUITIES AND PUBLIC INTEREST FAVORS MS. FINKELMAN .................................................................................................................................... 10

CONCLUSION ......................................................................................................................... 10

# **TABLE OF AUTHORITIES**

**CASES**

*5 Eatery Corp. v. City of New York*,
    408 F. Supp. 3d 424 (S.D.N.Y. 2019) .................................................................................. 10

*215 W. 84th St Owner LLC v. Bailey*,
    217 A.D.3d 488 (1st Dep't 2023) ........................................................................................ 7

*Aristocrat Plastic Surgery, P.C. v. Silva*,
    206 A.D.3d 26 (1st Dep't 2022) ......................................................................................... 7

*Atas v. New York Times Co.*,
    No. 22-cv-853-JPO, 2023 WL 5715617 (S.D.N.Y. Sept. 5, 2023) ...................................... 7

*Benihana, Inc. v. Benihana of Tokyo, LLC*,
    784 F.3d 887 (2d Cir. 2015) ................................................................................................ 1

*Bobulinski v. Tarlov*,
    758 F. Supp. 3d 166 (S.D.N.Y. 2024) ................................................................................ 7

*Goldman v. Reddington*,
    No. 18-cv-3662-RPK-ARL, 2021 WL 4099462 (E.D.N.Y. Sept. 9, 2021) .......................... 6

*Goodman v. Bouzy et al.*,
    No. 1:21-cv-10878-AT-HJR, ECF no. 203 (S.D.N.Y. May 8, 2023) .............................. 5, 8

*Heilbut v. Cassava Scis., Inc.*,
    778 F. Supp. 3d 551 (S.D.N.Y. 2025) ................................................................................ 7

*In re Amelio*,
    No. 20-cv-3080-JPC, 2020 WL 7028957 (S.D.N.Y. Nov. 30, 2020) .................................. 9

*In re Hartford Textile Corp.*,
    681 F.2d 895 (2d Cir. 1982) ................................................................................................ 4

*In Re Martin-Trigona*,
    573 F. Supp. 1245 (D. Conn. 1983) .................................................................................... 9

*Lau v. Meddaugh*,
    229 F.3d 121 (2d Cir. 2000) ................................................................................................ 4

*Polur v. Raffe*,
    912 F.2d 52 (2d Cir. 1990) .................................................................................................. 4

*Reeves v. Associated Newspapers, Ltd.*,
  232 A.D.3d 10 (1st Dep't 2024) .............................................................................. 7

*Safir v. U.S. Lines, Inc.*,
  792 F.2d 19 (2d Cir. 1986) ...................................................................................... 5

*Schuster v. Charter Commc'ns, Inc.*,
  No. 18-cv-1826-RJS, 2021 WL 1317370 (S.D.N.Y. Apr. 8, 2021) .................. 8, 9

*Sharp v. Bar Fluid LLC*,
  237 A.D.3d 628 (1st Dep't 2025) ............................................................................ 7

*Tom Doherty Assocs., Inc. v. Saban Ent., Inc.*,
  60 F.3d 27 (2d Cir. 1995) ........................................................................................ 9

*Ware v. United States*,
  No. 04-cr-1224-ER, 2023 WL 2757206 (S.D.N.Y. Apr. 3, 2023) ........................ 4

**STATUTES**

28 U.S.C. § 1651 ............................................................................................................ 4

New York Civil Rights Law § 70-a ............................................................................... 4

New York Civil Rights Law § 76-a ............................................................................... 6

**FEDERAL RULES**

Fed. R. Civ. P. 11 ............................................................................................... 1, 2, 3, 4

Fed. R. Civ. P. 65 ........................................................................................................... 1

Defendant Abigail Finkelman respectfully submits this Memorandum of Law in support of her motion under Fed. R. Civ. P. 65(a) and (b) for a temporary restraining order and/or preliminary injunction enjoining Plaintiff Gideon Rapaport from filing any pleadings, motions, or other filings against or concerning Abigail Finkelman without prior leave of this Court.

Not merely content with filing a frivolous defamation complaint, which has now been dismissed for failure to state a claim with prejudice, Plaintiff has now filed a new complaint against Ms. Finkelman, seeking purported declaratory relief for an anti-SLAPP motion that is mandatory as a matter of law and, even so, has not yet been filed. As explained below, this reflects Plaintiff's total abuse of the legal system, waste of this Court's resources, and vexatious and frivolous litigation tactics against Ms. Finkelman and other parties. This Court must intervene to maintain the status quo and allow this case to reach its natural conclusion, which should include an award of attorney's fees and costs against Plaintiff, his former counsel, and his former counsel's law firm under Rule 11, and in the alternative, against Plaintiff under New York's anti-SLAPP statute without further vexatious and frivolous interruption by Plaintiff.

## LEGAL STANDARD

To obtain a Temporary Restraining Order or Preliminary Injunction, a party must demonstrate (1) a substantial likelihood of success on the merits; (2) that irreparable injury will be suffered if the relief is not granted; (3) that the threatened injury outweighs the harm the relief would inflict on the non-movant; and (4) that entry of the relief would serve the public interest. *Benihana, Inc. v. Benihana of Tokyo, LLC*, 784 F.3d 887, 895 (2d Cir. 2015).

## PROCEDURAL HISTORY

Plaintiff filed this action and his Complaint on August 5, 2024. ECF no. 1 ("Complaint"). On August 28, 2024, Ms. Finkelman filed a proposed stipulation and order agreeing to accept

service and setting her deadline to answer or move to dismiss as October 28, 2024. ECF no. 6. The Court issued the order so proposed the next day. ECF no. 7.

On September 9, 2024, Plaintiff's now-former counsel Mr. Altman notified the Court in a letter motion to withdraw that Plaintiff had terminated his representation. ECF no. 8. On September 16, 2024, Ms. Finkelman filed a letter noting she did not oppose the motion to withdraw subject to a limited request that the Court retain jurisdiction over Mr. Altman for purposes of a future motion for sanctions under Rule 11. ECF no. 11. On September 17, 2024, the Court granted the motion to withdraw and granted Ms. Finkelman's request to retain jurisdiction over Mr. Altman, ordering that a motion for sanctions be filed on or before October 28. ECF no. 13. Mr. Rapaport is now proceeding *pro se* in this case.

On September 27, 2024, the undersigned counsel provided notice of the motion for sanctions under Rule 11(c)(2), enclosing the motion itself and a letter describing all substantive bases for the motion. On September 30, 2024, Mr. Altman called the undersigned counsel and acknowledged receipt of the sanctions motion.

On October 4, 2024, Mr. Altman filed a "Letter Motion for Conference" seeking either a conference or modification of the Court's prior order in order to release himself from the Court's jurisdiction. ECF no. 14. The same day, Ms. Finkelman opposed Mr. Altman's motion. ECF no. 15. On October 9, 2024, the Court denied Mr. Altman's motion. ECF no. 16.

On October 18, 2024, the twenty-one-day safe harbor period under Rule 11 expired. The Complaint — the subject of Ms. Finkelman's Rule 11 motion — was not withdrawn. On October 21, 2024, Ms. Finkelman filed a motion to dismiss the complaint with prejudice for failure to state a claim, along with an accompanying memorandum of law, declaration, and supporting exhibits. ECF no. 17–19.

2

On October 21, 2024, Ms. Finkelman also filed a first motion for sanctions. ECF no. 20–22. On October 22, 2024, the Court docketed a motion sent by Plaintiff to the Court on October 17, 2024, for sanctions against the undersigned, purportedly based on some combination of the above-mentioned Rule 11 letter and the substantive legal issues raised in the letter (which were then raised in Ms. Finkelman's motion to dismiss). ECF no. 24. On October 25, 2024, the Court stayed briefing on both motions pending the Court's decision on the motion to dismiss. ECF no. 30. On February 12, 2025, after the Court's order on February 10, ECF no. 45, Ms. Finkelman filed a letter motion to stay discovery, ECF no. 46, which the Court granted on February 27, ECF no. 49.

On August 29, 2025, the Court issued an opinion and order: (1) granting Ms. Finkelman's motion to dismiss in its entirety and with prejudice; (2) denying as moot the pending motions for sanctions; and (3) directing Ms. Finkelman to file a renewed motion for sanctions should she wish by September 15, 2025. ECF no. 52 ("MTD Decision"), Declaration of Max Rodriguez in Support of Motion for Temporary Restraining Order and/or Preliminary Injunction ("Rodriguez Dec."), Ex. D.

On August 29, 2025, the undersigned wrote a letter to the Court requesting clarification concerning Rule 11 procedures for the forthcoming renewed motion for sanctions, and disclosed Ms. Finkelman's intention to also file a motion for attorney's fees and costs under Civil Rights Law § 70-a. ECF no. 53, Rodriguez Dec., Ex. E. The September 15 deadline was then amended by the Court *sua sponte* to October 3, 2025. ECF no. 54.

On September 1, 2025, Plaintiff sent and caused to be filed on September 2 a complaint for a new action against Ms. Finkelman. Rodriguez Dec., Ex. A (the "New Rapaport Complaint"). This complaint purported to seek "declaratory relief" for "repeated threats made by

3

[Ms.] Finkelman to bring suit under the so-called anti-SLAPP … law enacted … as New York Civil Rights Law § 70-a" clearly in response to the letter docketed at ECF no. 53. Rodriguez Dec., Ex. A, ¶ 1.

On September 4, 2025, after the Court's order modifying the deadline, the undersigned served Plaintiff under Rule 11 with notice of her intention to file the renewed motion for sanctions. Rodriguez Dec., Ex. H–K.

On September 5, 2025, after learning of the New Rapaport Complaint, the undersigned emailed Plaintiff to inform him of Ms. Finkelman's intention to file this motion. Rodriguez Dec., Ex. B. Thereafter, per the Court's individual rules, the undersigned filed a letter notifying the Court about this motion, and emailed the same. Rodriguez Dec., Ex. C, L. Plaintiff did not provide any response on any matters relating to this motion before it was filed. Rodriguez Dec., ¶ 14.

## ARGUMENT

I. **MS. FINKELMAN HAS LIKELIHOOD OF SUCCESS ON THE MERITS BECAUSE SHE WILL BE ENTITLED TO A FILING INJUNCTION**

"[T]he Second Circuit has held that '[t]he issuance of a filing injunction is appropriate when a plaintiff abuses the process of the Courts to harass and annoy others with meritless, frivolous, vexatious or repetitive proceedings.'" *Ware v. United States*, No. 04-cr-1224-ER, 2023 WL 2757206, at *5 (S.D.N.Y. Apr. 3, 2023) (quoting *Lau v. Meddaugh*, 229 F.3d 121, 123 (2d Cir. 2000)). "A court's power to restrict the litigation of abusive and vexatious litigants is an 'ancient one' that is now codified at 28 U.S.C. § 1651(a), the All Writs Act." *Id.* (citing *Polur v. Raffe*, 912 F.2d 52, 57 (2d Cir. 1990) (quoting *In re Hartford Textile Corp.*, 681 F.2d 895, 897 (2d Cir. 1982) (per curiam) (internal quotation marks omitted))). In addition to a writ, the remedy can be granted as a part of a Rule 11 motion, like the one Ms. Finkelman intends to file in this

action once she is procedurally able. *See, e.g.*, *Goodman v. Bouzy et al.*, No. 1:21-cv-10878-AT-HJR, ECF no. 203 at 34–38 (S.D.N.Y. May 8, 2023), *report and recommendation adopted*, ECF no. 238 (S.D.N.Y. June 28, 2023), Rodriguez Dec., Ex. F, G.

When considering whether a litigant's behavior warrants a filing injunction, this Court considers five factors: (1) "the litigant's history of litigation and in particular whether it entailed vexatious, harassing or duplicative lawsuits;" (2) "the litigant's motive in pursuing the litigation, *e.g.,* does the litigant have an objective good faith expectation of prevailing?"; (3) "whether the litigant is represented by counsel;" (4) "whether the litigant has caused needless expense to other parties or has posed an unnecessary burden on the courts and their personnel; and" (5) "whether other sanctions would be adequate to protect the courts and other parties." *Safir v. U.S. Lines, Inc.*, 792 F.2d 19, 24 (2d Cir. 1986).

First, Ms. Finkelman is likely to succeed on the merits of pursuing a filing injunction against Plaintiff because all five of these factors weigh in her favor. This Court is all too familiar with Plaintiff, not just from this case, but from his constellation of harassing and frivolous litigation. *See Rapaport v. Doe #1 et al.*, No. 1:23-cv-06709-JGLC (S.D.N.Y.); *Rapaport v. Epstein et al.*, No. 1:24-cv-07439-JGLC (S.D.N.Y.). Plaintiff has saddled not just Ms. Finkelman, but numerous other parties he has sued, with litigation that can only be described as vexatious, harassing, and duplicative. In Ms. Finkelman's case, now that he has filed the New Rapaport Complaint, the first factor described in *Safir* is especially satisfied, because his response to a letter simply informing the Court of Ms. Finkelman's intention to file a motion (which he would have the right to oppose as a matter of course) was to file a new and completely baseless lawsuit in this Court. *See* Rodriguez Dec., Ex. E.

5

<u>Second</u>, Plaintiff has no good-faith expectation to prevail in the New Rapaport Complaint. New York's Anti-SLAPP remedy statute provides that a "defendant in an action involving public petition and participation … may maintain an action, claim, cross claim or counterclaim to recover damages … from any person who commenced or continued such action…." Civil Rights Law § 70-a(1). The statute provides — as a mandatory rather than permissive matter — that "costs and attorney's fees <u>shall</u> be recovered" upon dismissal of the action and a finding "that the action involving public petition and participation was commenced or continued without a substantial basis in fact and law and could not be supported by a substantial argument for the extension, modification or reversal of existing law…." Civil Rights Law § 70-a(1)(a) (emphasis added). Section 76-a(a) defines an action involving public petition and participation as, relevant here, one "based upon: (1) any communication in a place open to the public or a public forum in connection with an issue of public interest; or (2) any other lawful conduct in furtherance of the exercise of the constitutional right of free speech in connection with an issue of public interest…." Civil Rights Law § 76-a(1)(a). "Public interest" in this context "shall be construed broadly, and shall mean any subject other than a purely private matter." *Id.* § 76-a(1)(d).

This case is an action involving public petition and participation. As discussed in Plaintiff's complaint, his now-dismissed claims arose from Ms. Finkelman's statements on X, a social media platform that is available to the public. ECF no. 1, ¶¶ 6, 12–16, 19, 24, 26. Online posts on public platforms by members of the public constitute communications open to the public or on a public forum. *See, e.g.*, *Goldman v. Reddington*, No. 18-cv-3662-RPK-ARL, 2021 WL 4099462, at *4 (E.D.N.Y. Sept. 9, 2021) (applying section 76-a to lawsuit "alleging defamation and tortious interference is based on 'communication[s] ... in a public forum'—

6

specifically, [defendant's] statements on Facebook and LinkedIn"); *Sharp v. Bar Fluid LLC*, 237 A.D.3d 628, 629 (1st Dep't 2025) (applying section 76-a because defamation counterclaim "target[ed] … statements regarding the lawsuit that plaintiff made on Instagram"); *Aristocrat Plastic Surgery, P.C. v. Silva*, 206 A.D.3d 26, 32 (1st Dep't 2022) (noting application of section 76-a to claims based on "defendant post[ing] her reviews on two public internet forums").

Furthermore, Ms. Finkelman's statements at issue were exclusively about Plaintiff's complaint and amended complaint in *Rapaport v. Iyer et al.*, No. 1:23-cv-06709 (S.D.N.Y.). *See* ECF No. 1, ¶¶ 11–16, 25–26. Statements about a judicial proceeding have repeatedly been held to be statements "in connection with an issue of public interest" under New York law. *See, e.g.*, *Atas v. New York Times Co.*, No. 22-cv-853-JPO, 2023 WL 5715617, at *4 (S.D.N.Y. Sept. 5, 2023) (noting defendant's "purported use of the Canadian legal system and the internet as tools of harassment are matters of public concern, rather than "purely private matter[s]"" (citation omitted)); *Reeves v. Associated Newspapers, Ltd.*, 232 A.D.3d 10, 19 (1st Dep't 2024) ("Matters of public interest [] include judicial proceedings….").

Finally, this action "was commenced or continued without a substantial basis in fact and law and could not be supported by a substantial argument for the extension, modification or reversal of existing law…." Civil Rights Law § 70-a(1)(a). "[W]hatever *else* the phrase 'without a substantial basis in fact and law' means, it is certainly triggered by the failure to state a claim." *Bobulinski v. Tarlov*, 758 F. Supp. 3d 166, 185 (S.D.N.Y. 2024) (emphasis in original); *see also, e.g.*, *Heilbut v. Cassava Scis., Inc.*, 778 F. Supp. 3d 551, 570 (S.D.N.Y. 2025) (same); *215 W. 84th St Owner LLC v. Bailey*, 217 A.D.3d 488, 488–89 (1st Dep't 2023) (same). Similarly to the court in *Bobulinski*, this Court granted Ms. Finkelman's motion to dismiss for failure to state a claim in its entirety and on multiple grounds. ECF No. 52 at 5–14; *see Bobulinski*, 758 F. Supp.

7

3d at 189 (awarding attorney's fees because "Plaintiffs have failed to adequately allege three independent elements of defamation").

Accordingly, Plaintiff has no good faith expectation of prevailing in the New Rapaport Complaint.

Third, Plaintiff is not represented by counsel, but filing injunctions against *pro se* parties have been imposed multiple times in this District. *See, e.g.*, *Goodman v. Bouzy et al.*, No. 1:21-cv-10878-AT-HJR, ECF no. 203 at 34–38 (S.D.N.Y. May 8, 2023), *report and recommendation adopted*, ECF no. 238 (S.D.N.Y. June 28, 2023), Rodriguez Dec., Ex. F, G; *Schuster v. Charter Commc'ns, Inc.*, No. 18-cv-1826-RJS, 2021 WL 1317370, at *10 (S.D.N.Y. Apr. 8, 2021) (*pro se* status does not bar imposition of filing injunction).

Fourth, across each of his cases but especially so here, Plaintiff has not just wasted Ms. Finkelman's time and money with the merits of the claims, but also with his conduct in the case. Plaintiff at every turn filed frivolous letters, letter motions, and motions as a part of his delusional crusade to vindicate what he believed to be his rights (i.e., to sue Ms. Finkelman for criticizing him on the internet). *See, e.g.*, ECF no. 24 (filing sanctions motion claiming arguments made by the undersigned which formed the basis of the Court's logic granting the motion to dismiss were sanctionable); ECF no. 25 (requesting "expedited discovery relating to Defendant Finkelman's Motion for Sanctions"); ECF no. 36 (impermissible letter sur-reply on motion to dismiss); ECF no. 38 (further impermissible letter sur-reply); ECF no. 47 (accusing Ms. Finkelman — with no evidence — of spoliation of evidence). Indeed, the Court was forced to issue an order directing Plaintiff not to file any more letters unless directed. ECF no. 39. Now, Plaintiff has escalated his imposition of needless expense to a new front by filing a new complaint altogether.

8

Fifth, no other sanction will be adequate to address this particular problem (i.e., Plaintiff's desire to prolong and expand this dispute, which he has already lost on the merits, with prejudice). A filing injunction "properly captures the main focus … complaints that [plaintiff's] past practice suggests will continue unabated without a filing injunction in place…." *Schuster*, 2021 WL 1317370, at *10.

Accordingly, Ms. Finkelman satisfies all five factors for a filing injunction and therefore has likelihood of success on the merits.

## II. MS. FINKELMAN WILL SUFFER IRREPARABLE HARM UNLESS THE COURT ISSUES AN ORDER ENJOINING PLAINTIFF FROM MAKING FURTHER FILINGS OR INITIATING FURTHER PROCEEDINGS AGAINST HER WITHOUT LEAVE OF COURT

"Irreparable harm is an injury that is not remote or speculative but actual and imminent, and 'for which a monetary award cannot be adequate compensation.'" *Tom Doherty Assocs., Inc. v. Saban Ent., Inc.*, 60 F.3d 27, 37 (2d Cir. 1995) (internal citation and quotation marks omitted). To prevent both the financial and emotional harassment caused by this kind of serial litigation, courts have previously issued injunctions — affirmed by the Second Circuit — barring further filings in pending cases in a District Court without first obtaining leave of court, or filing future actions in that court without obtaining leave of court. *See, e.g.*, *In re Amelio*, No. 20-cv-3080-JPC, 2020 WL 7028957, at *3 (S.D.N.Y. Nov. 30, 2020) (explaining prior grant of temporary restraining order enjoining "further filings without leave of court"); *In Re Martin-Trigona*, 573 F.Supp. 1245, 1261–68 (D. Conn. 1983) (same with permanent injunction); *aff'd*, 737 F.2d 1254 (2d Cir. 1984).

In order to defend herself in this new action, Ms. Finkelman would have to engage counsel, file a dispositive motion and engage with any other proceedings, and then await a ruling on that dispositive motion. She would then have to hope, with no assurance and all prior behavior indicating to the contrary, that Plaintiff would respect that result and leave her alone. In

9

the meantime, Ms. Finkelman faces unnecessary expense, stress, and aggravation with no genuine justification at all.

Ms. Finkelman should not be left to the whims of Plaintiff's narcissism and abuse of the legal system. Without immediate relief barring Plaintiff from initiating further filings or actions without leave of court, she will be.

### III.  THE BALANCE OF EQUITIES AND PUBLIC INTEREST FAVORS MS. FINKELMAN

The balance of equities and public interest in issuing a temporary restraining order and/or preliminary injunction also favors Ms. Finkelman. This Court must "balance the competing claims of injury[,]… consider the effect on each party of the granting or withholding of the requested relief, and pay particular regard [to] the public consequences in employing the extraordinary remedy of preliminary relief." *725 Eatery Corp. v. City of New York*, 408 F. Supp. 3d 424, 469 (S.D.N.Y. 2019). Plaintiff would suffer minimal burden that is vastly outweighed by the benefit the Court and Ms. Finkelman would obtain from the injunction. Plaintiff would (with leave of Court) retain the right to oppose any forthcoming motions by Ms. Finkelman in this case, and the Court would (as it scrupulously has in other motions) consider his arguments on the merits in deciding whether to grant or deny any such motions. On the other hand, Ms. Finkelman as explained above would obtain certainty and security that Plaintiff would be constrained to only litigate within the four corners of this case, and only as appropriate, rather than filing new and frivolous filings or litigation. Furthermore, the Court (and thus the public) would benefit from the orderly administration of what remains of this dispute.

### CONCLUSION

For the reasons explained above, this Court should grant Ms. Finkelman's motion for a temporary restraining order and/or preliminary injunction, and issue the proposed order enclosed herewith and such other relief as the Court deems appropriate.

                                                  Respectfully submitted,

DATED:       September 5, 2025         /s/ *Max Rodriguez*
                                                  Max Rodriguez
                                                  LAW OFFICE OF MAX RODRIGUEZ PLLC
                                                  575 5th Avenue, 14th Floor
                                                  New York, NY 10017
                                                  max@maxrodriguez.law
                                                  (646) 741-5167
                                                  *Attorney for Defendant Abigail Finkelman*