The Honorable Jessica G. L. Clarke
United States District Court Judge
Southern District of New York
500 Pearl Street
New York NY, 10007

Re:    Rapaport v. Finkelman, 24-cv-05942

### Letter in Opposition to Defendant Finkelman's TRO/Preliminary Injunction Motion

Your Honor:

I am respectfully writing in opposition to defendant Finkelman's motion for a temporary restraining order that would prevent me from entering any filings in any action involving defendant Finkelman, including the declaratory judgment action I have brought in response to defendant Finkelman's incessant and malicious threats to bring an action against me under NY CRL 70-a.

The injunctive relief defendant Finkelman requests is "an extraordinary and drastic remedy which should not be routinely granted" *Pride v. Community School Bd. of Brooklyn, New York School Dist. No. 18*, 482 F.2d 257 at 264 (2d Cir. 1973), and defendant Finkelman does not even come close to justifying such an action by the Court. Instead, this request is just the most recent continuation of an obsession with ancillary proceedings, such as the abusive use of Rule 11 sanction threats that burden the *pro se* plaintiff, waste judicial resources and derail the consideration of issues on their merits.

Defendant Finkelman's motion for injunctive relief is motivated by the same inclination as her vexatious and malicious Rule 11 sanctions proceedings. Specifically that she is the only one who is entitled to file or argue anything, and that any contrary position or opinion must be inherently sanctionable for one reason or another. Defendant Finkelman is the only party in any related action involving the plaintiff that has moved for sanctions. Her counsel, Mr. Max Rodriguez, a solo practitioner, is the odd man out because three top-flight law firms staffing multiple attorneys each on related matters have not moved for sanctions, and indeed such a level of care and representation underscores the serious merits of the plaintiff's other actions.

### LEGAL STANDARD

To obtain a Temporary Restraining Order or Preliminary Injunction, a party must demonstrate (1) a substantial likelihood of success on the merits; (2) that irreparable injury will be suffered if the relief is not granted; (3) that the threatened injury outweighs the harm the relief would inflict on the non-movant; and (4) that entry of the relief would serve the public interest. *Benihana, Inc. v. Benihana of Tokyo, LLC*, 784 F.3d 887, 895 (2d Cir. 2015).

### ANALYSIS

#### Defendant Finkelman Does Not Have A Substantial Likelihood Of Success On The Merits

The most essential feature of defendant Finkelman's proposed order is that it seeks to prevent the plaintiff from entering any filings at all without prior leave of the Court, including in the related

declaratory judgment case that addresses the claims for damages arising from NY CRL 70-a that defendant Finkelman purports to have. The "merits" of the injunctive relief she seeks are to prevent the plaintiff from litigating in opposition to her purported claims simply because he does so by seeking a declaratory judgment.

The "merits" should not be confused with those of the underlying CRL 70-a claims, because the relief that defendant Finkelman seeks here is to prevent the plaintiff from filing anything related to those claims, rather than an actual adjudication of the CRL 70-a claims on their substantive merits, which is what the plaintiff seeks through his declaratory judgment action.

Defendant Finkelman suggests that such a sweeping restraint is justified because the plaintiff is "vexatious" among many other adjectives. The declaratory judgment action is only the second action filed against defendant Finkelman, and was brought purely in response to defendant Finkelman's repeated threats of filing a new action against the plaintiff pursuant to CRL 70-a for damages rather than just costs and attorney's fees. Were it not for defendant Finkelman's repeated threats, the plaintiff would not have brought that action to determine the rights and obligations between him and defendant Finkelman according to CRL 70-a at all.

Defendant Finkelman Will Not Suffer Any Irreparable Injury

The plaintiff seeks a declaratory judgment against defendant Finkelman's threatened CRL 70-a claims for damages in excess of costs and attorney's fees per CRL 70-a(1)(b)-(c). It is unclear how such a declaratory judgment action will irreparably injure defendant Finkelman because she herself has expressed a desire to bring a practically identical, mirror-image action against the plaintiff anyway. The same legal theories and facts would have to be examined regardless of whether the action is styled as a declaratory judgment action or not, and if anything defendant Finkelman's burden will be lessened because the plaintiff bears the cost of the filing fee.

Furthermore, since the declaratory judgment action seeks no damages or remedy from defendant Finkelman other than an adjudication that she has no basis for an action for damages against the plaintiff under CRL 70-a, defendant Finkelman can simply concede in that action or even default at no cost to her and that action will terminate.

The Plaintiff Will Suffer Injury And Hardship If The Relief Is Granted

While defendant Finkelman suffers no comparative hardship from litigating the claims she has expressed a desire to bring anyway, the plaintiff has already filed his declaratory judgment action, and will suffer severe and irreparable injury resulting from the drastic injunction that defendant Finkelman proposes. The plaintiff will suffer a general prohibition on filing without leave of the Court in any action involving defendant Finkelman, including the action he has already filed, while defendant Finkelman "risks" only having to defend the validity (with the opportunity to actually bring by counterclaim) the claims she has repeatedly asserted, and apparently intends to bring anyway.

There Is A Strong Public Interest Against This Relief

There is also a strong public interest against the granting of such injunctive relief. Congress enacted 28 U.S.C. § 2201 as part of the Declaratory Judgment Act with the clear policy purpose of

allowing persons to have an "actual controversy" to which they are exposed adjudicated. The plaintiff is seeking precisely this kind of adjudication with respect to future action threatened by defendant Finkelman arising from CRL 70-a. Foreclosing the possibility of a declaratory judgment action on such an anticipated and threatened retaliatory action would significantly hamper the purpose of the Declaratory Judgment Act, and categorically limit it from addressing potential causes of action arising from previous litigation such as CRL 70-a claims.

Defendant Finkelman's request for injunctive relief should be denied because it fails to meet even a single element required in this Circuit for injunctive relief.

Thank you for considering my position in this matter.

Respectfully submitted,

/s/ Gideon Rapaport *pro se*
GideonRapaportLaw@outlook.com
(862) 213-0895
#627 1078 Summit Avenue
Jersey City, New Jersey, 07307