


575 5th Avenue, 14th Floor
New York, NY 10017

Max Rodriguez
max@maxrodriguez.law
T 646-741-5167

September 8, 2025

**<u>VIA ECF</u>**

Hon. Jessica G. L. Clarke
United States District Judge
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, Room 1040
New York, NY 10007

Re: *Rapaport v. Finkelman*, No. 1:24-cv-05942-JGLC

Dear Judge Clarke:

I represent Defendant Abigail Finkelman in the above-captioned action. I write in response to Plaintiff Gideon Rapaport's letter docketed at ECF no. 62, and in further support of Ms. Finkelman's motion for a temporary restraining order and/or preliminary injunction, ECF no. 56–59. Plaintiff's letter is littered with inaccuracies about his own new lawsuit, the record in this case, and the law.[1] Furthermore, Plaintiff's filings merely since Friday reinforce that Plaintiff has no plans to slow down, or to do anything in remotely efficient fashion. This Court must grant Ms. Finkelman's motion and allow proceedings in this case (including Plaintiff's eventual appeal, as is his right should he choose) to proceed in an orderly fashion that respects Ms. Finkelman's interests, which will be irreparably harmed if the motion is not granted.

Plaintiff claims in his opposition that his new lawsuit, *Rapaport v. Finkelman*, No. 1:25-cv-07294-UA, ECF no. 1, (S.D.N.Y. Sept. 2, 2025) ("New Rapaport Complaint"), was "brought purely in response to defendant Finkelman's repeated threats of filing a new action against the plaintiff pursuant to [Civil Rights Law § 70-a] for damages rather than just costs and attorney's fees." ECF no. 62 at 2. That is categorically false in multiple respects. First, Plaintiff's new complaint seeks a declaratory judgment "to determine that he is not liable under, and that Defendant has no right or claim by [Civil Rights Law § 70-a] arising from or related to the action Rapaport v. Finkelman 24-cv-5942(JGLC)…." New Rapaport Complaint, ¶ 31. As the Court knows, Civil Rights Law § 70-a covers mandatory attorney's fees and costs, *id.* § 70-a(1)(a), compensatory damages if "the action involving public petition and participation was commenced or continued for the purpose of harassing, intimidating, punishing or otherwise maliciously inhibiting the free exercise of speech, petition or association rights," *id.* § 70-a(1)(b), and

[1] Plaintiff claims without any authority that any filing injunction will visit an irreparable injury on him. ECF no. 62 at 2. For the reasons made clear in Ms. Finkelman's opening brief in support of the motion (including cases where filing injunctions were imposed), that argument is meritless. Without belaboring the point further, Plaintiff's other arguments are meritless and fail to engage with any of the concepts, factors, or authorities cited in Ms. Finkelman's opening brief. The legal arguments in that brief speak for themselves and Ms. Finkelman rests on them.

LAW OFFICE OF
MAX
RODRIGUEZ



punitive damages "upon an additional demonstration that the action … was commenced or continued for the sole purpose" of the same, *id.* § 70-a(1)(c). In other words, Plaintiff materially misrepresents the scope of his own claim.

Furthermore, as referenced above Plaintiff claims that Ms. Finkelman made "repeated threats" that she would file a new lawsuit for compensatory and punitive damages. In reality, she referenced Plaintiff's potential liability under Civil Rights Law § 70-a(1)(b) and § 70-a(1)(c) exactly once, nearly a year ago.[2] In her original Rule 11 safe harbor letter dated September 27, 2024, Ms. Finkelman pointed out that Civil Rights Law § 70-a provides for three different categories of potential liability, and further pointed out that "[p]rior decisions in the Southern District of New York strongly suggest such a claim would be meritorious" with one such decision denying "a motion to dismiss a counterclaim under section 70-a where the counterclaimant at issue had — similarly to Ms. Finkelman — merely 'republished content that the defamation plaintiff alleged was defamatory in its original context." ECF no. 21-2 at 12 (citing *Watson v. NY Doe 1*, No. 19-cv-533-JGK, 2023 WL 6540662, at *5 (S.D.N.Y. Oct. 6, 2023). Leaving aside whether such claims would be facially plausible (which they would be), Ms. Finkelman has not referenced them since, and has taken no other steps to pursue them. The timing of that reference nearly a year ago does not explain Plaintiff filing the New Rapaport Complaint when he did.

Instead, what does plausibly explain Plaintiff's timing is my letter on behalf of Ms. Finkelman on August 29, 2025, ECF no. 53, filed after this Court issued its decision granting Ms. Finkelman's motion to dismiss for failure to state a claim in its entirety with prejudice, ECF no. 52. In my letter, I noted in a footnote that "Ms. Finkelman reserves the right to <u>move</u> for <u>attorney's fees</u> under Civil Rights Law § 70-a — separately from the sanctions motion — by the same date." ECF no. 53 at 1 n.1 (emphasis added) (citing *Bobulinski v. Tarlov*, 758 F. supp. 3d 166, 182–9 (S.D.N.Y. 2024)). Ms. Finkelman's reference — including to the *Bobulinski* case — could not have more clearly communicated her intention to file a motion in this case for attorney's fees. Plaintiff responded by filing a new lawsuit, forcing Ms. Finkelman to have to litigate the same issue in two different cases (section 70-a(1)(a) attorney's fees) and litigate a frivolous lawsuit stuffed with irrelevant allegations based on additional hypothetical anti-SLAPP claims that are unquestionably plausibly actionable. *See Watson*, 2023 WL 6540662, at *5.[3]

---

[2] In a letter to the Court on September 5, 2025, Plaintiff claimed that I referenced such potential claims in my letter dated September 16, 2024, docketed at ECF no. 11. *See* ECF no. 58 at 1. That letter does not even mention Civil Rights Law § 70-a.

[3] Separately, it is not clear from the New Rapaport Complaint whether Ms. Finkelman would even need to have plausible section 70-a(1)(b) or 70-a(1)(c) claims for Plaintiff's declaratory






Plaintiff also reveals his real, cynical, and improper strategy with regard to the New Rapaport Complaint in his opposition, saying that Ms. Finkelman's easiest and most efficient solution is to "simply concede in that action or even default at no cost to her…." ECF no. 62 at 2. In other words, as Plaintiff makes more than clear, he is daring Ms. Finkelman to shoulder additional cost for attorney's fees to defend herself or default.

On September 5, Plaintiff made three other filings that only further demonstrate that, having filed a now-dismissed strategic lawsuit against public participation (a "SLAPP" suit), Plaintiff is now going to throw as many wrenches in the works as he can — simultaneously — in an attempt to evade accountability. Plaintiff filed a letter with multiple falsehoods about the New Rapaport Complaint and the record in this case, ECF no. 58; *see also supra* n.2. The same day, Plaintiff filed another letter claiming he is going to file a motion under Fed. R. Civ. P. 59 or 60 "on or about September 26, 2025," even though there will not be a judgment in this case by that date and Plaintiff has not — and could not — identify any grounds different than the arguments he raised in his opposition to the motion to dismiss that would even arguably justify such relief.[4] ECF no. 61. Finally, seeking to open a third simultaneous front despite his stated intention to file a motion under Rules 59 or 60, Plaintiff also (unsuccessfully, because it was rejected by the Clerk's office, though presumably he will file another) filed an interlocutory notice of appeal. ECF no. 60.

There could not be a clearer demonstration of vexatious litigation tactics pursued in bad faith. The motion should be granted. Thank you for your Honor's consideration in this matter.

Respectfully,

*/s/ Max Rodriguez*
Max Rodriguez

---

relief claim to fail. By its own terms and as explained above, the claim seeks a declaratory judgment that section 70-a does not apply to Ms. Finkelman at all. For the reasons explained in the opening memorandum in support of Ms. Finkelman's motion, it unquestionably does. *See* ECF no. 59 at 10–12.

[4] As courts in this District have made clear, repackaging previously unsuccessful arguments raised in opposition to a motion to dismiss in a Rule 59 or Rule 60 motion is an exercise in futility. *See, e.g.*, Court issued its Opinion and Order. *Moon Rocket Inc. v. City of New York*, No. 24-cv-4519-JPO, 2025 WL 2324074, at *1–2 (S.D.N.Y. Aug. 12, 2025)