The Honorable Jessica G. L. Clarke
United States District Court Judge
Southern District of New York
500 Pearl Street
New York NY, 10007

Re:     Rapaport v. Finkelman, 24-cv-05942

**<u>Letter-motion for Sur-reply to Defendant Finkelman's TRO/Preliminary Injunction Motion Reply</u>**

Your Honor:

    I am respectfully writing for leave to sur-reply with regard to defendant Finkelman's TRO/Preliminary Injunction motion. I respectfully submit that the material below will assist the Court in considering this matter, especially considering the short-notice involved in the underlying emergency motion.

_____

    The related declaratory judgment action was brought with respect to threatened 70-a(1)(a) through (1)(c) claims without carving out (1)(a) because there are serious doubts as to whether attorney's fees and costs through CRL 70-a(1)(a) may be demanded by motion as defendant Finkelman suggests, or even at all.

    As Judge Preska summarized in *Prince v. Intercept*, No. 21-CV-10075, 2022 WL 5243417 (S.D.N.Y. Oct. 6, 2022):

> Courts in this district have held that "§ 70-a is inapplicable in federal court" because its "'substantial basis' standard articulated in New York's anti-SLAPP law [] conflicts with the standards under Federal Rules of Civil Procedure 12 and 56." *Nat'l Acad. Of Television Arts & Scis., Inc. v. Multimedia Sys. Design, Inc.*, 551 F. Supp. 3d 408, 431-32 (S.D.N.Y. 2021); see also *Carroll v. Trump*, No. 20-cv-7311, 2022 WL 748128, at *7 (S.D.N.Y. Mar. 11, 2022); see also *Friedman v. Bloomberg, L.P.*, No. 3:15-cv-443, 2022 WL 1004578, at *1 (D. Conn. Apr. 4, 2022) (denying defendants' motion to amend as futile because the "substantial basis" standard in New York's anti-SLAPP statute conflicts with Rule 12 and 56) … The Court agrees with its colleagues that § 70-a's standard conflicts with the standards under Federal Rules 12 and 56. Accordingly, Defendants' request for costs and attorneys' fees is denied.

    This view was also recently restated in *Exec. Park Partners LLC v. Benicci Inc.*, 2023 WL 3739093 (S.D.N.Y. May 31, 2023).

    Even if 70-a could apply in federal court, the text of 70-a requires a defendant to "maintain an action, claim, cross claim or counterclaim to recover *damages*, including costs and attorney's fees" as a procedural matter. Though the latter portion of (1)(a) mentions "costs and attorney's fees", that specific use of the term after "damages" refers to costs and attorney's fees relating to recovering the *damages* of the "action, claim cross claim or counterclaim" which per (1)(a) are the costs and attorney's fees of the

*prior* dismissed action. 70-a was designed to create new substantive causes of action, though with its own award of costs and attorney's fees, in order to circumvent the prior treatment of dismissal-based fee-shifting provisions that may be brought by motion as procedural by the federal courts, and thus not applicable to plaintiffs who file federal actions according to the Federal Rules of Civil Procedure. The question of whether 70-a(1)(a) costs and attorney's fees can be demanded by motion (or at all) has not been answered by the Second Circuit or any other federal appeals court, and has divided district courts. Regardless, the declaratory judgment action could always become limited to 70-a(1)(b)-(c) claims later, and I do not have any desire to duplicate proceedings with respect to 70-a(1)(a).

  Defendant Finkelman has already stated an intent to double-dip by both demanding attorney's fees and costs through a frivolous and malicious abuse of Rule 11 sanctions, and moving for 70-a attorney's fees and costs ECF #53. Now she represents that I cannot properly seek a declaratory judgment regarding "hypothetical" claims for damages in excess of costs and attorney's fees as she has previously threatened, because she has only threatened so *once*, clearly demonstrating that they are not just hypothetical. Once is plenty enough for a declaratory judgment action, but her representation is not accurate anyway because in the many threatening emails and physical letters sent to me by her counsel referencing costs and attorney's fees, there has always been a statement such as "Ms. Finkelman reserves all rights and remedies" See Exhibit 1 September 4, 2025 email/letter, Exhibit 2 October 21, 2024 e-mail/letter, thus reasonably leading me to believe that the "all rights and remedies" refers to more than the specifically mentioned costs and attorney's fees, and is designed to avoid a waiver that would solely restrict her to a claim for fees in lieu of further damages in an additional action. No other counsel has used such a "reserves all rights" term in any communications with me or made such threats as defendant Finkelman's.

  Defendant Finkelman feigns a false disinterest in pursuing a new action under 70-a(1)(b)-(c), as she describes my bringing of the declaratory judgment action as a "real, cynical and improper strategy" supposedly meant to impose costs and burdens upon her. If defendant Finkelman really does not wish to bring such (1)(b)-(c) against me in the future she may simple waive them specifically within the meaning of 70-a(2) and thus significantly narrow or completely eliminate the need for the declaratory judgment action (depending on whether 70-a(1)(a) costs and attorney's fees may be demanded by motion or would require a separate action post-dismissal anyway). So far she has clearly refused to do so, because she intends not only to duplicatively demand costs and attorney's fees twice, but also to commence an additional action afterwards. Rather than disclaim such future action, defendant Finkelman describes her potential (1)(b)-(c) claims as "unquestionably plausibly actionable" bringing even more life to the controversy.

  It should also be noted that though 70-a(1)(a) may be considered mandatory when applicable due to its use of the word *shall*, it is not *automatic* upon dismissal as defendant Finkelman suggests, because in order for 70-a(a)(1) to apply there must be "a demonstration, including an adjudication pursuant to subdivision (g) of rule thirty-two hundred eleven or subdivision (h) of rule thirty-two hundred twelve of the civil practice law and rules, that the action involving public petition and participation was commenced or continued without a substantial basis in fact and law and could not be supported by a substantial argument for the extension, modification or reversal of existing law". Neither a federal dismissal alone (if it can ever result in 70-a liability), nor CPLR 3211(h) or 3212 state court dismissals can be enough, because of the additional requirements in the latter portion of (1)(a).

  As far as falsely trying to portray me as a vexatious litigant, defendant Finkelman's accuses me of trying "to throw as many wrenches in the works as [I] can", her evidence is my making of "three other filings" in the declaratory judgment action. Those three filings are entirely routine and administrative filings, and her need to use them as supposed evidence to attack me as vexatious betrays the frivolous and abusive purpose of her motion, and conduct towards myself and this Court in general. The three documents I filed in the declaratory action through the Pro Se office are the standard forms (1) to consent to receive documents via ECF, (2) request for permission to file documents via ECF, and (3) the summons issuance form for that case 25-cv-7294 Dkt. Nos. 3-5 respectively. How could three standard forms with entirely administrative purposes relevant to any civil action possibly "throw… wrenches in the works"? At the same time, defendant Finkelman has filed 12 exhibits of dubious relevance in support of her drastic request for injunctive relief which would cause me the irreparable injury of being unable to maintain and defend the action for declaratory judgment I have brought.

  Defendant Finkelman in her reply at footnote 3 also incorrectly represents that the declaratory judgment action must necessarily succeed in proving that she has no claims arising from any of 70-a(1)(a)-(c) or fail as to disproving all three. Though it is my position that defendant Finkelman "… has no right or claim by NY CRL § 70-a arising from or related to the [first] action… " Finkelman II Complaint ¶ 31 there is no reason why it would not be possible for the declaratory judgment action to succeed as to one or two of 70-a(1)(a)-(c) but not the other(s).

  Thank you for considering my position in this matter.

  Respectfully submitted,

    /s/ Gideon Rapaport *pro se*
    GideonRapaportLaw@outlook.com
    (862) 213-0895
    #627 1078 Summit Avenue
    Jersey City, New Jersey, 07307