

575 5th Avenue, 14th Floor
New York, NY 10017

Max Rodriguez
max@maxrodriguez.law
T 646-741-5167

September 16, 2025

<u>Via ECF</u>

Hon. Jessica G. L. Clarke
United States District Judge
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, Room 1040
New York, NY 10007

  Re: *Rapaport v. Finkelman*, No. 1:24-cv-05942-JGLC

Dear Judge Clarke:

  I represent Defendant Abigail Finkelman in the above-captioned action. I write to update the Court on the status of negotiations, such as they were, and Plaintiff's actions that directly violate his representations to the Court and the Court's instructions that there be no further filings in this action while discussions of a proposed stipulation were ongoing. *See* ECF no. 66. This morning, I learned that Plaintiff filed a "Interim Memorandum of Law in Support of Plaintiff's Action for Declaratory Judgment" docketed at ECF no. 6 in *Rapaport v. Finkelman*, No. 1:25-cv-7294-JGLC ("*Finkelman II*"). This filing, dated yesterday, is attached as Exhibit A to this letter.

  It is now clear that Plaintiff had no intention of respecting the Court's directions or limiting his declaratory action as he claimed. All the while, Plaintiff played a delay game by purporting to confer with me about the stipulation. The email correspondence is attached as Exhibits B and C. I write to request a hearing on this matter and an immediate imposition of Ms. Finkelman's requested temporary restraining order and/or preliminary injunction.

  Although Ms. Finkelman made both proposals and revisions in good faith to reach a stipulation, Ex. B at 9, 11–13 unfortunately Plaintiff insisted on maintaining his declaratory judgment action, "*Finkelman II*, as pleaded, and insists on pursuing further motions in *Rapaport v. Finkelman*, No. 1:24-cv-5942-JGLC ("*Finkelman I*"). As I explained to Plaintiff in my email dated September 11, 2025, *Finkelman II* is almost entirely non-justiciable and, beyond that, is also entirely frivolous on the merits. Ex. B at 6–8. Plaintiff's insistence in both his initial response dated September 11, Ex. B at 10–11, and his subsequent response dated September 15, Ex. C, that he can maintain a declaratory relief action to absolve himself of liability under Civil Rights Law § 70-a — rather than to merely clarify the procedural applicability of Civil Rights Law § 70-a(1)(a) in federal court — reveals that Plaintiff's representations to the Court on September 10 were not accurate, and that he intends to pursue this action even though it is facially defective as pleaded.



Hon. Jessica G. L. Clarke
*Rapaport v. Finkelman*, No. 1:24-cv-05942-JGLC
September 16, 2025
Page 2 of 2

  Furthermore, the motions Plaintiff has already stated his intention to file (it is unclear whether there are others he intends to file but has not yet disclosed) in *Finkelman I* would be frivolous for the reasons explained in my September 11 email. Ex. B at 8. Despite my notice to Plaintiff of the meritless quality of his motions, and my invitation for Plaintiff to provide "specifically and with supporting case law what motions [he] would intend to file, and [his] colorable basis for relief under them[,]" *id.* at 8, he refused to provide any substantive response. Again, this further reveals that Plaintiff doesn't intend to pursue any affirmative relief in *Finkelman I* he can actually defend. Instead, I respectfully submit that he intends to burden Ms. Finkelman and the Court in the hopes that this sand in the gears will help him escape accountability.

  Plaintiff's bad-faith and vexatious conduct is now further exacerbated by his new filing in *Finkelman II*, which now purports that Plaintiff seeks not just to absolve himself of liability under Civil Rights Law § 70-a, but that it is "unconstitutional on its face and as applied to him … and is inapplicable even under its own terms." Ex. A at 1. Plaintiff has demonstrated the need for a TRO and PI more with each passing day.

  With respect to a settlement conference, as indicated by the email correspondence, Ms. Finkelman is open to a resolution without further motion practice, which would require Plaintiff to express any willingness to concede and offer compensation to Ms. Finkelman for her attorney's fees and costs. Without any indication that Plaintiff is seriously interested in resolution, it would not be a good use of Judge Moses' time to schedule a settlement conference at this juncture. Ms. Finkelman remains open to serious settlement discussions in any context and hopes that Plaintiff reconsiders his position on the matter.

  There could not be a clearer demonstration of vexatious litigation tactics pursued in bad faith. The motion must be granted immediately. Thank you for your Honor's consideration in this matter.

                Respectfully,

                */s/ Max Rodriguez*
                Max Rodriguez