**Tuesday, September 16, 2025 at 11:35:14 Eastern Daylight Time**

| | |
|---|---|
| **Subject:** | Re: Rapaport v. Finkelman, No. 24-cv-5942-JGLC (Confer re: Potential Stipulation and Settlement) |
| **Date:** | Tuesday, September 16, 2025 at 11:35:10 AM Eastern Daylight Time |
| **From:** | Max Rodriguez |
| **To:** | Gideon Rapaport |
| **Attachments:** | image002.png |

Mr. Rapaport,

I just received notice via my docket alert service Docketbird that yesterday, while you were emailing me claiming there was no reason for us to file a joint letter to Judge Clarke until Wednesday, and claiming to confer concerning my-already stated legal positions and consistent with Judge Clarke's instructions, you surreptitiously filed a "Interim Memorandum of Law in Support of Plaintiff's Action for Declaratory Judgment" docketed at ECF no. 6 in *Rapaport v. Finkelman*, No. 1:25-cv-7294-JGLC.

This filing, in addition to making no sense because it is not responsive to any pending motion, was filed vexatiously and in bad faith, contrary to your representations to the Court, to me, and Judge Clarke's unambiguous instructions.

I will be filing a letter immediately, attaching all relevant correspondence and your filing, to inform the Court of your actions and ask that the Court immediately grant the TRO/PI motion.

Sincerely,
Max Rodriguez

---

**From:** Max Rodriguez <max@maxrodriguez.law>
**Date:** Monday, September 15, 2025 at 6:41 PM
**To:** Gideon Rapaport <GideonRapaportLaw@outlook.com>
**Subject:** Re: Rapaport v. Finkelman, No. 24-cv-5942-JGLC (Confer re: Potential Stipulation and Settlement)

Mr. Rapaport,

I already explained to you in my September 11 email why your claims for declaratory relief related to Civil Rights Law § 70-a(1)(b) and 70-a(1)(c) — and for a separate reason, related to Civil Rights Law § 70-a(1)(a) — are not justiciable. Separately, even if they were justiciable, they fail on the merits. You have chosen not to respond. I do not represent you and have no further obligation to explain myself beyond my prior email, which (along with the copious authorities cited) speaks for itself.

I raised concerns about your intentions to file future motions that have no colorable basis at the conference, so you are mistaken to claim this issue was not raised at the hearing.

And, again as explained in my September 11 email, you are mistaken that "specific waiver" was discussed at the conference. It wasn't. Judge Clarke asked me about Ms. Finkelman's intentions at this time to pursue those claims, and I confirmed that she has none but will not waive any claims until this dispute is resolved. That is precisely what I presented to you in both of my emails proposing essential terms for the stipulation.

If you want to wait until Wednesday to file a joint letter, that is fine with me, though I expect per Judge Clarke's remarks that there will be no filings in either case (and no new cases filed) in the meantime. I don't see any reason to wait any longer to alert the Court unless you are actually planning to engage with my proposal. Your proposal, for the reasons I have already explained, is not acceptable.

You can think whatever you'd like about the TRO/PI. Unlike your declaratory relief complaint, it is well supported by the law and the facts. If you wish to engage in a serious settlement discussion that would compensate Ms. Finkelman for her fees and costs, eliminate the TRO/PI motion, and resolve Ms. Finkelman's potential and actual claims against you, I continue to be open to having that discussion.

Please confirm whether you accept, have proposed modifications to, or reject my last set of proposed stipulation terms.

Sincerely,
Max Rodriguez

---

**From:** Gideon Rapaport <GideonRapaportLaw@outlook.com>
**Date:** Monday, September 15, 2025 at 6:20 PM
**To:** Max Rodriguez <max@maxrodriguez.law>
**Subject:** Re: Rapaport v. Finkelman, No. 24-cv-5942-JGLC (Confer re: Potential Stipulation and Settlement)

Dear Mr. Rodriguez,

I expect that we will still be able to complete a joint letter as requested by September 18, even if we do not agree to a stipulation or settlement conference. This will likely be more convenient for the Court than separate letters. As a technical matter, I believe it is possible to merge all emails even if not in sequence into one exhibit, but we can figure that out by then.

Stipulation to prevent any future motions I may have occasion to bring or relating to my notice of appeal was not discussed at the hearing, and has nothing to do with the suggested grounds for stipulation, which were a specific waiver by defendant Finkelman of some or all 70-a claims in order to narrow or dismiss the declaratory judgment action. I am still willing to narrow or dismiss any aspect of the declaratory judgment action if defendant

Finkelman will stipulate to specifically waiving such claims per 70-a(2). This would avert potential unnecessary or duplicative litigation, as you represented you were concerned about previously.

From my perspective, a settlement conference is contingent on resolving the stipulation and/or a decision on the extreme and unjustified filing ban you have moved for by TRO/PI. I find it to be abusively coercive, as well as an attempt to deny me due process, which is not conducive to a settlement conference on all the merits.

It is difficult for me to understand your position relating to justiciability, specifically the ripeness issue. Is it your position that potential 70-a claims are presently not ripe? If so, how could you bring a claim for attorney's fees? What else do you think has to happen for those issues to be ripe?

/s/ Gideon Rapaport

---

**From:** Max Rodriguez <max@maxrodriguez.law>
**Sent:** Monday, September 15, 2025 3:00 PM
**To:** Gideon Rapaport <gideonrapaportlaw@outlook.com>
**Subject:** Re: Rapaport v. Finkelman, No. 24-cv-5942-JGLC (Confer re: Potential Stipulation and Settlement)

Mr. Rapaport,

It has been over four hours since my last email and I have not received a response. Please let me know whether you plan to provide a position for the joint letter or have reconsidered your willingness to engage with my revised proposed stipulation terms.

If I have not heard otherwise from you by 7pm EST, I will file my own letter.

Sincerely,
Max Rodriguez

---

**From:** Max Rodriguez <max@maxrodriguez.law>
**Date:** Monday, September 15, 2025 at 10:46 AM
**To:** Gideon Rapaport <gideonrapaportlaw@outlook.com>
**Subject:** Re: Rapaport v. Finkelman, No. 24-cv-5942-JGLC (Confer re: Potential Stipulation and Settlement)

Mr. Rapaport,

Attached is a draft of the joint letter including Ms. Finkelman's position. The letter would attach the primary email thread, as well as your reply late last night that was out of thread (see attached).

Please provide your written position so it can be included in the letter to Judge Clarke. Or, if you wish to resume negotiations on the stipulation, but in good faith accounting for the issues I have already identified and to which you have not responded, let me know.

Sincerely,
Max Rodriguez

---

**From:** Max Rodriguez <max@maxrodriguez.law>
**Date:** Monday, September 15, 2025 at 8:25 AM
**To:** Gideon Rapaport <gideonrapaportlaw@outlook.com>
**Subject:** Re: Rapaport v. Finkelman, No. 24-cv-5942-JGLC (Confer re: Potential Stipulation and Settlement)

Mr. Rapaport,

You did not respond to my most recent email in the chain. For completeness for Judge Clarke, I am responding here and noting that this email is in reply to your email that I received at 12:04 AM on September 15. That email you most recently sent is attached.

Because you refuse to narrow your claims in *Rapaport v. Finkelman*, No. 1:25-cv-7294-JGLC to those that are actually justiciable (even if still meritless), and refuse to offer any colorable basis for your future motion practice in *Rapaport v. Finkelman*, No. 1:24-cv-5942-JGLC, it is clear a stipulation is not possible. Indeed, it is telling that you refuse to acknowledge or respond to the issues I have raised in my email dated September 11 at all.

Unless your position changes, I intend to update Judge Clarke today. Per her order at ECF no. 66, we are expected to provide a joint letter about the status of negotiations, as well as our position on whether we wish to be referred to Judge Moses for a settlement conference. Please provide me with your written position on both of those issues so I may include them in the joint letter, which should be filed by end of business EST today because there is nothing else to negotiate at this point.

I will be attaching our complete email correspondence on this matter as an exhibit to the letter, and we can have "Plaintiff's Position" and "Defendant's Position" sections as we did for the joint letter concerning discovery (before Judge Clarke ultimately granted Ms. Finkelman's motion to stay discovery).

Sincerely,
Max Rodriguez

---

**From:** Max Rodriguez <max@maxrodriguez.law>
**Date:** Sunday, September 14, 2025 at 10:46 AM

**To:** Gideon Rapaport <gideonrapaportlaw@outlook.com>
**Subject:** Re: Rapaport v. Finkelman, No. 24-cv-5942-JGLC (Confer re: Potential Stipulation and Settlement)

Mr. Rapaport,

You have not responded to my email providing Ms. Finkelman's position in response to your message, and a further proposed set of terms for a potential stipulation. If you do not wish to continue to confer about a potential stipulation or potential settlement, please let me know and I will inform Judge Clarke.

Please also note if it was not clear that the forthcoming Rule 11 motion, if it needs to be filed, will include a request for a filing injunction as mentioned below for the reasons articulated in Ms. Finkelman's brief in support of the TRO/PI motion. The motion will otherwise be substantially similar to what was sent previously.

Thank you,
Max Rodriguez

---

**From:** Max Rodriguez <max@maxrodriguez.law>
**Date:** Thursday, September 11, 2025 at 11:09 AM
**To:** Gideon Rapaport <gideonrapaportlaw@outlook.com>
**Subject:** Re: Rapaport v. Finkelman, No. 24-cv-5942-JGLC (Confer re: Potential Stipulation and Settlement)

Mr. Rapaport,

Your email includes multiple inaccurate statements about yesterday's hearing, the defamation action, and the declaratory judgment action. I write to provide corrective responses to those points, and provide a modified proposed set of points for the stipulation below (see #6).

1. **My representations at yesterday's hearing.**

In your email, you claim that it was "discussed at the conference with Judge Clarke" that Ms. Finkelman would "specifically waive within the meaning of 70-a(2) any claims against me with respect to 70-a(1)(b)-(c)...." That is incorrect. Judge Clarke specifically asked me whether Ms. Finkelman <u>presently</u> has any intention to pursue such claims <u>at this time</u>. I made clear she does not but also made clear that I cannot absolutely disclaim that possibility in the future until this matter is resolved.

Consistent with Judge Clarke's questions and my representations, I proposed in the stipulation terms to confirm and represent that there is no intention to pursue such claims

at this time. You are not going to compel Ms. Finkelman to abandon actionable unasserted potential claims through the threat of a frivolous declaratory judgment action. As I have said already, you may remove that risk for yourself by resolving through settlement the request for fees and costs forthcoming against you in *Rapaport v. Finkelman*, No. 1:24-cv-5942-JGLC, and as a part of that resolution, any additional claims would be released.

To put it simply, your solution to resolving this matter and confirming with absolute clarity your exposure is a settlement that appropriately compensates Ms. Finkelman for her fees and costs, nothing else (see #7).

2. **Your representations at yesterday's hearing.**

By contrast, your email indicates that representations you made to Judge Clarke yesterday about your declaratory judgment action, *Rapaport v. Finkelman*, No. 1:25-cv-7294-JGLC, are not accurate. Yesterday you told Judge Clarke that your exclusive concern is the application of Civil Rights Law § 70-a in federal court. As I already explained in my letter at ECF no. 63, that is not what your complaint says. Your complaint seeks a declaratory judgment "to determine that [you are] not liable under, and that [Ms. Finkelman] has no right or claim by [Civil Rights Law § 70-a] arising from or related to the action Rapaport v. Finkelman 24-cv-5942(JGLC)...." *Rapaport v. Finkelman*, No. 1:25-cv-7294-JGLC, ECF no. 1, ¶ 31.

Your attempt to maintain any component of your declaratory judgment action as written and without modification is inconsistent with your representations to Judge Clarke. In an attempt to reach an agreement, I have included below a proposed term that would clarify your requested declaratory relief to be consistent with your representations and your even-justiciable entitlement to relief, respecting your desire to maintain the action in some form in a stayed posture.

3. **Your declaratory judgment action, as pleaded, is meritless.**

I again reiterate that your requested declaratory relief as written, claiming that you are "not liable under, and that [Ms. Finkelman] has no right or claim by [Civil Rights Law § 70-a] arising from or related to the action Rapaport v. Finkelman 24-cv-5942(JGLC)," *Rapaport v. Finkelman*, No. 1:25-cv-7294-JGLC, ECF no. 1, ¶ 31, is facially deficient and frivolous.

First, your declaratory judgment claim is not ripe and does not present a justiciable case or controversy. Among other things, it seeks relief as to a "feared legal consequence [that] remains a mere possibility, or even probability of some contingency that may or may not come to pass." *Dow Jones & Co., Inc. v. Harrods, Ltd.*, 237 F. Supp. 2d 394, 406–07 (S.D.N.Y. 2002). You have shown no "practical likelihood" that a justiciable controversy with respect to Civil Rights Law § 70-a(1)(b) or 70-a(1)(c) "will occur." *Associated Indem. Corp. v. Fairchild Indus., Inc.*, 961 F.2d 32, 35 (2d Cir. 1992). The claim separately fails even as to Civil Rights Law § 70-a(1)(a) because it would not and cannot finally resolve any dispute between you and Ms. Finkelman

because of "the very real possibility of a further appeal to the Second Circuit" — as evidenced by your attempt to file an interlocutory notice of appeal just last week — in *Rapaport v. Finkelman*, No. 1:24-cv-5942-JGLC. *U.S. Dep't of Treasury v. Off. Comm. of Unsecured Creditors of Motors Liquidation Co.*, 475 B.R. 347, 360 (S.D.N.Y. 2012) ("*Treasury*").

Second, your requested declaratory relief as pleaded would require the resolution of "fundamentally factual question[s]" and is therefore "not a legal issue for the court to declare," making "declaratory judgment [] not appropriate." *CDC Newburgh Inc. v. STM Bags, LLC*, 692 F. Supp. 3d 205, 227 (S.D.N.Y. 2023) (quoting *Exec. Park Partners LLC v. Benicci Inc.*, No. 22-cv-02560-PMH, 2023 WL 3739093, at *4 (S.D.N.Y. May 31, 2023)). In order to declare you are "not liable" under Civil Rights Law § 70-a(1)(b) or 70-a(1)(c), Judge Clarke would have to resolve factual questions about your actions and intent in commencing *Rapaport v. Finkelman*, No. 1:24-cv-5942-JGLC.

Third, even if there were a justiciable claim for declaratory relief (which there isn't), Judge Clarke would retain discretion to "nevertheless decline to hear a declaratory judgment action…." *Treasury*, 475 B.R. at 358. Judge Clarke already reassured you that you could raise all the issues concerning the pursuit in federal court of remedies under Civil Rights Law § 70-a in opposition to any motion by Ms. Finkelman in *Rapaport v. Finkelman*, No. 1:24-cv-5942-JGLC, making your pursuit of declaratory relief an entirely duplicative exercise she would be extremely unlikely to consider on the merits. *See, e.g.*, *Nat'l Acad. of Television Arts & Scis., Inc. v. Multimedia Sys. Design, Inc.*, 551 F. Supp. 3d 408, 430 (S.D.N.Y. 2021) (dismissing counterclaim for declaratory relief as "entirely duplicative of Defendant's affirmative defense"); *Gorfinkel v. Ralf Vayntrub, Invar Consulting Ltd.*, No. 11-cv-5802, 2014 WL 4175914, at *6 (E.D.N.Y. Aug. 20, 2014) (explaining "where a declaratory judgment claim is redundant of a primary claim raised by a party to a lawsuit, it is properly dismissed as duplicative").

Fourth, as I already explained in the hearing yesterday, on the merits your requested relief is frivolous because even if Judge Clarke agreed with you that fees and costs could not be recovered in federal court (either through motion or claim), Ms. Finkelman would retain the procedural right to pursue any claims against you in New York Supreme Court. Judge Clarke would not grant you declaratory relief defining Ms. Finkelman's rights in a hypothetical state court action. *See Travelers Indem. Co. v. Philips Elecs. N. Am. Corp.*, No. 02-cv-9800-WHP, 2004 WL 193564, at *2 (S.D.N.Y. Feb. 3, 2004) (explaining that "the Supreme Court has cautioned that '[o]rdinarily it would be uneconomical as well as vexatious for a federal court to proceed in a declaratory judgment suit where another suit is pending in state court presenting the same issues, not governed by federal law, between the same parties'" (quoting *Brillhart v. Excess Ins. Co. of America*, 316 U.S. 491, 495 (1942)).

Although, as explained above, it would be duplicative and Judge Clarke would almost certainly dismiss it for that reason, the only conceivably justiciable (though still meritless) element of your declaratory judgment action would be seeking a declaratory order that Civil Rights Law § 70-a(1)(a) cannot be pursued, through motion or claim, in federal court. This is the only component of your declaratory judgment action Ms. Finkelman would consider permitting to stand (in stayed posture) by stipulation, because the rest of your

action is facially non-justiciable in addition to being meritless.

4. **You have not identified any motions in *Rapaport v. Finkelman*, No. 1:24-cv-5942-JGLC that you might file for which you have any even colorable entitlement to relief.**

Your insistence to maintain the right to file whatever motions you want in *Rapaport v. Finkelman*, No. 1:24-cv-5942-JGLC is troubling. So far, you have expressed an intention to file a motion under either Rule 59 or Rule 60 "on or about September 26, 2025…." ECF no. 61. As I already explained in my letter at ECF no. 63 and during yesterday's conference, you have no even-colorable basis to file such a motion. Rule 59 only provides potential relief in the granting of new trials or alterations or amendments to a judgment. There has been and will be no trial in *Rapaport v. Finkelman*, No. 1:24-cv-5942-JGLC, and there will be no judgment by the date you claim you will be filing that motion. The merits of a Rule 59 motion, or one under Rule 60(b) would fare no better. "The standard governing motions for reconsideration under Federal Rule of Civil Procedure 60(b) is 'strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked.'" *Richardson v. Com. Media Holdings, LLC*, No. 24-cv-4660-PAE, 2025 WL 1938705, at *2 (S.D.N.Y. July 15, 2025) (quoting *Analytical Surveys, Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012)).

As you made clear in the conference yesterday, the basis for your intended motion is a repetition of your prior unsuccessful arguments in opposition to Ms. Finkelman's granted motion to dismiss. Rule 60(b) motions are "neither an occasion for repeating old arguments previously rejected nor an opportunity for making new arguments that could have been previously advanced." *Assoc. Press v. U.S. Depot of Def.*, 395 f. Supp. 2d 17, 19 (S.D.N.Y. 2005). The place for that, should you insist on maintaining this action rather than resolving it by settling with Ms. Finkelman to appropriately compensate her for her fees and costs, would be an appeal to the Second Circuit upon final order and judgment in *Rapaport v. Finkelman*, No. 1:24-cv-5942-JGLC.

Given your stated intention with respect to future motions and your past motion practice (including but not limited to a denied sanctions motion for which you did not even attempt to satisfy the relevant standard of review, inappropriate denied motions for discovery, and so forth), Ms. Finkelman is unwilling to stipulate to permit you free rein to file motions, for which she will bear the burden to respond and oppose, for which you have no conceivable entitlement to relief. Our demand that you file no additional motions without prior leave of Judge Clarke stands unless you can identify specifically and with supporting case law what motions you would intend to file, and your colorable basis for relief under them.

5. **Ms. Finkelman's intention to simultaneously move under Rule 11 and Civil Rights Law § 70-a(1)(a) is not "double dipping."**

You have repeatedly made reference to supposed "double dipping" by filing for both sanctions and for anti-SLAPP fees. You are fundamentally mistaken in understanding the distinction between Ms. Finkelman's <u>rights</u> and her <u>remedies</u>. Ms. Finkelman has the right (and a more than plausible basis) to pursue sanctions against both you and your former attorney for the

frivolous filing and pursuit of *Rapaport v. Finkelman*, No. 1:24-cv-5942-JGLC. This includes requested relief of fees and costs, as well as other relief like fines to the Court, referral to relevant disciplinary bodies for the New York State bar, a permanent filing injunction, and whatever other relief Judge Clarke would deem proper.

Ms. Finkelman has a separate right to recover fees and costs under Civil Rights Law § 70-a(1)(a). To the extent Judge Clarke granted overlapping relief under both rights, that would not permit (and Ms. Finkelman does not seek) double recovery. Ms. Finkelman will not waive her rights based on your imagined and mistaken concern.

6. **Proposed stipulation terms.**

In light of the above, I propose the following modified stipulation terms.

- You stipulate that you only seek declaratory relief in *Rapaport v. Finkelman*, No. 1:25-cv-7294-JGLC as to whether Ms. Finkelman may recover fees and costs by motion or claim under Civil Rights Law § 70-a(1)(a) in federal court, and that you abandon any other components of requested declaratory relief in that action;
- You shall file, on or before September 17, 2025, a motion to stay all proceedings in *Rapaport v. Finkelman*, No. 1:25-cv-7294-JGLC, pending final resolution (including appeals, if any) of *Rapaport v. Finkelman*, No. 1:24-cv-5942-JGLC;
- You shall not file any new motions in *Rapaport v. Finkelman*, No. 1:24-cv-5942-JGLC, without prior leave of Judge Clarke;
- You may, without prior leave of Judge Clarke, at the appropriate times under the Rules of Civil Procedure, Appellate Procedure, or at such times as modified by order of Judge Clarke, file oppositions to any motions filed by Ms. Finkelman and, if necessary, a notice of appeal from any adverse orders upon final judgment in Rapaport v. Finkelman, No. 1:24-cv-5942-JGLC;
- Ms. Finkelman confirms and represents that at this time she has no intention to pursue claims against you under Civil Rights Law § 70-a(1)(b) or 70-a(1)(c), although until *Rapaport v. Finkelman*, No. 1:24-cv-5942-JGLC is resolved to finality she reserves all rights and remedies; and
- Ms. Finkelman confirms and represents that at this time she has no intention to pursue attorney's fees and costs against you outside of *Rapaport v. Finkelman*, No. 1:24-cv-5942-JGLC, either under Rule 11 or Civil Rights Law § 70-a(1)(a), although she reserves the right to do so to the extent that relief is denied for procedural reasons in that matter.

7. **Settlement**

At the conference yesterday, Judge Clarke encouraged you to consider settlement in this matter, and I would reiterate that we are open to that discussion, which would give you precisely the clarity and certainty concerning exposure that you are incorrectly pursuing through a meritless declaratory judgment action. You have lost your substantive claims, those claims are ones to

which Civil Rights Law § 70-a (by way of § 76-a) apply, and whatever the procedural vehicle will be for recovering fees and costs, Ms. Finkelman is entitled to them. If you wish to reduce and/or clarify your potential exposure, the solution to that is a settlement. We remain willing to have that discussion and hope you will reconsider your unwillingness thus far to engage on that topic.

Please let me know your position on the proposed stipulation terms above.

Sincerely,
Max

---

**From:** Gideon Rapaport <GideonRapaportLaw@outlook.com>
**Date:** Thursday, September 11, 2025 at 2:07 AM
**To:** Max Rodriguez <max@maxrodriguez.law>
**Subject:** Re: Rapaport v. Finkelman, No. 24-cv-5942-JGLC (Confer re: Potential Stipulation and Settlement)

Dear Mr. Rodriguez,

I am writing in response to your email on the topics of 1) the potential resolution or stipulation on the issues raised by the TRO application 2) a general settlement conference with regards to forthcoming motions, as the Court delineated both matters in its post-conference order ECF # 66.

With respect to the potential resolution or stipulation, I cannot accept your "essential terms" and voluntarily dismiss my declaratory judgment action because as part of those terms defendant Finkelman intends to "reserves all rights and remedies" regarding NY CRL 70-a(1)(b)-(c) claims. Indeed, such an insistence even after today's conference clearly demonstrates the need for that action and the actual controversy/controversies that it will properly resolve. In contradiction of what you represented at the conference today that it was just generic "boilerplate", your use of the term "reserves all rights and remedies" clearly does and has always represented an intent to bring 70-a(1)(b)-(c) claims as you have threatened since the start of this action. Furthermore, since 70-a claims must be waived specifically per 70-a(2) any expression of a current intent to not bring claims at the moment is illusory and worthless as to the future, which is the proper concern of the declaratory judgment action.

The above reasoning also applies as to 70-a(1)(a), though there is an additional complication because it is unclear whether attorney's fees and costs may be demanded by motion due to the absence of an authoritative circuit opinion, and the split in district opinions. I will also not agree to any generic prohibition on my filing of any motions or a notice of appeal to best represent my interests, especially because this would have the same effect as the extreme and unjustified TRO you have moved for. In all of your "essential terms" I have failed to find even one respect in which I would be better off, or that a different result would be achieved, compared with if the inappropriate injunctive relief was granted. This is not in the spirit of what we discussed today with Judge Clarke.

Instead, I propose a different set of "essential terms" for a stipulation which would avoid

any burden relating to the issues covered by the declaratory action or that action itself, and should meet the consensus point the Court attempted to reach with us at the hearing. If, as we discussed at the conference with Judge Clarke defendant Finkelman will stipulate and specifically waive within the meaning of 70-a(2) any claims against me with respect to 70-a(1)(b)-(c) I will agree to drop those two sections from the scope of the declaratory action. With respect to the remaining 70-a(1)(a), I will agree to a stay of the remaining portion of the declaratory judgment action pending a decision on the forthcoming motion for attorney's fees and costs within Finkelman I. If those attorney's fees and costs are denied for a procedural reason in Finkelman I, the stay will be lifted and the declaratory judgment action will continue. If granted, I will agree to a voluntary dismissal of the declaratory action. An additional stipulation that defendant Finkelman will not seek attorney's fees and costs per 70-a if she is granted attorney's fees and costs as the result of a Rule 11 sanctions motion will also be required to avoid double-dipping. Such essential terms for a stipulation would avoid any burden or duplicative litigation of any issues, and address the concerns you raised to the Court at the hearing and with regard to the TRO/PI motion.

As to the second issue identified by the Court, we should discuss the possibility of a settlement conference after an agreement on the stipulated resolution for the first TRO and declaratory judgment action issue.

Thank you for considering my position in this matter and hope to hear from you soon,


/s/ Gideon Rapaport *pro se*
GideonRapaportLaw@outlook.com
(862) 213-0895
#627 1078 Summit Avenue
Jersey City, New Jersey, 07307

---

**From:** Max Rodriguez <max@maxrodriguez.law>
**Sent:** Wednesday, September 10, 2025 1:20 PM
**To:** Gideon Rapaport <gideonrapaportlaw@outlook.com>
**Subject:** Rapaport v. Finkelman, No. 24-cv-5942-JGLC (Confer re: Potential Stipulation and Settlement)

Mr. Rapaport,

Per Judge Clarke's direction, I am writing to propose the essential terms for a proposed stipulation that would permit Ms. Finkelman to withdraw her motion for a TRO and/or PI. If we are in agreement about these essential terms, I can draft them in the form of a proposed stipulation for your review and agreement.

As Judge Clarke noted, our ability to negotiate this stipulation is also contingent on making no further efforts to proceed with your new action, and making no additional filings in the now-dismissed defamation case in the meantime.

The essential terms necessary for a stipulation are:

- You shall voluntarily dismiss *Rapaport v. Finkelman*, No. 1:25-cv-7294-JGLC under Rule 41(a)(1)(A)(i) on or before September 17, 2025;
- You shall not file any new actions, claims, counterclaims, cross-claims, third-party claims, or any other matters seeking entitlement to relief from Ms. Finkelman;
- You shall not file any new motions in *Rapaport v. Finkelman*, No. 1:24-cv-5942-JGLC;
- You may, at the appropriate times under the Rules of Civil Procedure, Appellate Procedure, or at such times as modified by order of Judge Clarke, file oppositions to any motions filed by Ms. Finkelman and, if necessary, a notice of appeal from any adverse orders upon final judgment in *Rapaport v. Finkelman*, No. 1:24-cv-5942-JGLC;
- Ms. Finkelman confirms and represents that at this time she has no intention to pursue claims against you under Civil Rights Law § 70-a(1)(b) or 70-a(1)(c), although until *Rapaport v. Finkelman*, No. 1:24-cv-5942-JGLC is resolved to finality she reserves all rights and remedies; and
- Ms. Finkelman confirms and represents that at this time she has no intention to pursue attorney's fees and costs against you outside of *Rapaport v. Finkelman*, No. 1:24-cv-5942-JGLC, either under Rule 11 or Civil Rights Law § 70-a(1)(a), although she reserves the right to do so to the extent that relief is denied for procedural reasons in that matter.

As my letters and emails before have said, the door remains open to negotiate resolving your outstanding exposure under Rule 11 and Civil Rights Law § 70-a(1)(a) (and as a part of that to release any potential liability under Civil Rights Law § 70-a(1)(b) or 70-a(1)(c)). We are open to such negotiations either directly or through a settlement conference with Magistrate Judge Moses, but I want to make clear that the essential shape of any such resolution would require meaningful monetary relief for Ms. Finkelman from you (to account for her fees and costs), an end to the proceedings in *Rapaport v. Finkelman*, No. 1:24-cv-5942-JGLC without any further appeals or motions, and a bar against you initiating any future proceedings against Ms. Finkelman.

Please let me know your position on the essential terms for the proposed stipulation I have provided and on whether you are open to negotiating a resolution of this matter as I have described.

Sincerely,
Max

**MAX RODRIGUEZ**
Principal and Founder
(he/him/his)



575 5th Avenue
14th Floor
New York, NY 10017

T 646-741-5167
max@maxrodriguez.law
www.maxrodriguez.law

This message is confidential and may be legally privileged or otherwise protected from disclosure. If you are not the intended recipient, please telephone or email the sender and delete this message and any attachments from your system; you must not copy or disclose the contents or any attachments to any other person.