Monday, September 15, 2025 at 10:40:12 Eastern Daylight Time

| | |
|---|---|
| **Subject:** | Re: Rapaport v. Finkelman, No. 24-cv-5942-JGLC (Confer re: Potential Stipulation and Settlement) |
| **Date:** | Monday, September 15, 2025 at 12:04:42 AM Eastern Daylight Time |
| **From:** | Gideon Rapaport |
| **To:** | Max Rodriguez |
| **Attachments:** | image002.png |

Dear Mr. Rodriguez,

I am willing to stipulate to narrow or dismiss the declaratory judgment action relating to NY CRL 70-a with respect to any or all parts that defendant Finkelman is willing to specifically waive potential claims per 70-a(2). To the extent that 70-a(1)(a) will be decided by a motion in Finkelman I I am willing to stipulate to a stay for the declaratory judgment action until that is determined. This would resolve your purported reason for the TRO/PI, the possibility of duplicative or needless litigation on issues that defendant Finkelman has no intent of litigating, and you should have no reason to not agree to this if that were the real purpose for your TRO/PI motion.

I am not willing to stipulate to a filing ban on any potential future motions or relating to my notice of appeal.

It is unclear to me how you purport to know on what basis I would move per Rule 59 or 60, or what other motions I may have a purpose for in the future depending on circumstances that may arise in litigation. I did not discuss what my arguments pursuant to such a motion would be, and so you must have confused statements relating to a different issue.

There is no basis for you to conclude that my declaratory judgment action is solely focused on, or limited to, the procedural question of whether or not such relief can be requested by motion or other action in federal court.

Hope to hear from you soon,

/s/ Gideon Rapaport

**From:** Max Rodriguez <max@maxrodriguez.law>
**Sent:** Wednesday, September 10, 2025 1:20 PM
**To:** Gideon Rapaport <gideonrapaportlaw@outlook.com>
**Subject:** Rapaport v. Finkelman, No. 24-cv-5942-JGLC (Confer re: Potential Stipulation and Settlement)

Mr. Rapaport,

Per Judge Clarke's direction, I am writing to propose the essential terms for a proposed

stipulation that would permit Ms. Finkelman to withdraw her motion for a TRO and/or PI. If we are in agreement about these essential terms, I can draft them in the form of a proposed stipulation for your review and agreement.

As Judge Clarke noted, our ability to negotiate this stipulation is also contingent on making no further efforts to proceed with your new action, and making no additional filings in the now-dismissed defamation case in the meantime.

The essential terms necessary for a stipulation are:

- You shall voluntarily dismiss *Rapaport v. Finkelman*, No. 1:25-cv-7294-JGLC under Rule 41(a)(1)(A)(i) on or before September 17, 2025;
- You shall not file any new actions, claims, counterclaims, cross-claims, third-party claims, or any other matters seeking entitlement to relief from Ms. Finkelman;
- You shall not file any new motions in *Rapaport v. Finkelman*, No. 1:24-cv-5942-JGLC;
- You may, at the appropriate times under the Rules of Civil Procedure, Appellate Procedure, or at such times as modified by order of Judge Clarke, file oppositions to any motions filed by Ms. Finkelman and, if necessary, a notice of appeal from any adverse orders upon final judgment in *Rapaport v. Finkelman*, No. 1:24-cv-5942-JGLC;
- Ms. Finkelman confirms and represents that at this time she has no intention to pursue claims against you under Civil Rights Law § 70-a(1)(b) or 70-a(1)(c), although until *Rapaport v. Finkelman*, No. 1:24-cv-5942-JGLC is resolved to finality she reserves all rights and remedies; and
- Ms. Finkelman confirms and represents that at this time she has no intention to pursue attorney's fees and costs against you outside of *Rapaport v. Finkelman*, No. 1:24-cv-5942-JGLC, either under Rule 11 or Civil Rights Law § 70-a(1)(a), although she reserves the right to do so to the extent that relief is denied for procedural reasons in that matter.

As my letters and emails before have said, the door remains open to negotiate resolving your outstanding exposure under Rule 11 and Civil Rights Law § 70-a(1)(a) (and as a part of that to release any potential liability under Civil Rights Law § 70-a(1)(b) or 70-a(1)(c)). We are open to such negotiations either directly or through a settlement conference with Magistrate Judge Moses, but I want to make clear that the essential shape of any such resolution would require meaningful monetary relief for Ms. Finkelman from you (to account for her fees and costs), an end to the proceedings in *Rapaport v. Finkelman*, No. 1:24-cv-5942-JGLC without any further appeals or motions, and a bar against you initiating any future proceedings against Ms. Finkelman.

Please let me know your position on the essential terms for the proposed stipulation I have provided and on whether you are open to negotiating a resolution of this matter as I have described.

Sincerely,
Max

**MAX RODRIGUEZ**
Principal and Founder
(he/him/his)



575 5th Avenue
14th Floor
New York, NY 10017

T 646-741-5167
max@maxrodriguez.law
www.maxrodriguez.law

This message is confidential and may be legally privileged or otherwise protected from disclosure. If you are not the intended recipient, please telephone or email the sender and delete this message and any attachments from your system; you must not copy or disclose the contents or any attachments to any other person.