The Honorable Jessica G. L. Clarke
United States District Court Judge
Southern District of New York
500 Pearl Street
New York NY, 10007

Re:     Rapaport v. Finkelman, 24-cv-05942

**Letter re Finkelman Repeated TRO/PI Motion**

Your Honor:

      I am respectfully writing regarding defendant Finkelman's apparently renewed motion for a TRO/PI.

### Defendant Finkelman's False Accusation That I Have Violated a Court Order

      Defendant Finkelman has fraudulently and vexatiously accused me of violating the Court's Order ECF #66 in her renewed motion ECF #67. The Court's Order pursuant to our hearing did not impose any filing ban or restriction in either case, and while I have been conferring with defendant Finkelman and working towards a joint letter to the best of my ability, I have not been prevented from advancing the declaratory judgment action. Due to the extreme and irreparable injury that would be caused to me by the granting of a filing ban as defendant Finkelman has baselessly requested, I ensured that there would be adequate legal material in the record of that action. If defendant Finkelman had not subjected me to such a danger of becoming unable to advance that action on the merits, I would have had no particular motivation to exhibit legal support for the contentions of that complaint at such an early stage.

      As with the constant threat of frivolous Rule 11 sanctions abusively brought to prevent me from litigating my cause on its merits earlier, defendant Finkelman's abusive and frivolous TRO/PI motion was improperly intended to prevent me from properly advancing my declaratory judgment action on its merits. Previously defendant Finkelman represented that my filing of a notice of appeal and a letter stating a potential future Rule 59 or 60 motion was an attempt to "throw… wrenches in the works" ECF #63. I appreciate that defendant Finkelman believes that those filings were premature, but that is no proof of vexatiousness. Defendant Finkelman simply wants to prevent me from making any filing or raising any argument to advance my interests at all, and is abusing the TRO/PI and Rule 11 mechanisms in order to accomplish this improper result. It is unclear to me why defendant Finkelman believes that any Rule 59 or 60 motion I would bring would be a repeat of arguments already brought, or that I discussed the basis for such a potential future motion in the hearing.

### I Have Offered And Still Offer A Narrowing Or Voluntary Dismissal of the Declaratory Judgment Action In Exchange For A Specific Waiver of Potential Section 70-a Claims

      I have repeatedly tried to confer with defendant Finkelman's counsel according to the terms we all discussed as beneficial at the hearing. I have offered and still offer a narrowing or voluntary dismissal of the declaratory judgment action, and view the avoidance of any unnecessary litigation as a general benefit. Unfortunately, instead of specifically waiving claims as required by 70-a(2), defendant

Finkelman is only willing to stipulate that she has no current intention of bringing such claims. This does not resolve the actual controversy, since defendant Finkelman has repeatedly threatened me with such actions, and is still refusing to specifically waive such potential claims even as she complains about being burdened by another action (which she apparently plans to bring herself later anyway).

Defendant Finkelman's first list of essential terms on September 10, 2025:

- You shall voluntarily dismiss Rapaport v. Finkelman, No. 1:25-cv-7294-JGLC under Rule 41(a)(1)(A)(i) on or before September 17, 2025;

- You shall not file any new actions, claims, counterclaims, cross-claims, third-party claims, or any other matters seeking entitlement to relief from Ms. Finkelman;

- You shall not file any new motions in Rapaport v. Finkelman, No. 1:24-cv-5942-JGLC;

- You may, at the appropriate times under the Rules of Civil Procedure, Appellate Procedure, or at such times as modified by order of Judge Clarke, file oppositions to any motions filed by Ms. Finkelman and, if necessary, a notice of appeal from any adverse orders upon final judgment in Rapaport v. Finkelman, No. 1:24-cv-5942-JGLC;

- Ms. Finkelman confirms and represents that at this time she has no intention to pursue claims against you under Civil Rights Law § 70-a(1)(b) or 70-a(1)(c), although until Rapaport v. Finkelman, No. 1:24-cv-5942-JGLC is resolved to finality she reserves all rights and remedies; and

- Ms. Finkelman confirms and represents that at this time she has no intention to pursue attorney's fees and costs against you outside of Rapaport v. Finkelman, No. 1:24-cv-5942-JGLC, either under Rule 11 or Civil Rights Law § 70-a(1)(a), although she reserves the right to do so to the extent that relief is denied for procedural reasons in that matter.

This would have the same effect as a filing ban, and would provide me with nothing other than an illusory statement about defendant Finkelman's intentions, which may change at any time, absent a specific waiver as required by 70-a(2).

Defendant Finkelman's second list of essential terms on September 11, 2025:

- You stipulate that you only seek declaratory relief in Rapaport v. Finkelman, No. 1:25-cv-7294-JGLC as to whether Ms. Finkelman may recover fees and costs by motion or claim under Civil Rights Law § 70-a(1)(a) in federal court, and that you abandon any other components of requested declaratory relief in that action;

- You shall file, on or before September 17, 2025, a motion to stay all proceedings in Rapaport v. Finkelman, No. 1:25-cv-7294-JGLC, pending final resolution (including appeals, if any) of Rapaport v. Finkelman, No. 1:24-cv-5942-JGLC;

- You shall not file any new motions in Rapaport v. Finkelman, No. 1:24-cv-5942-JGLC, without prior leave of Judge Clarke;

- You may, without prior leave of Judge Clarke, at the appropriate times under the Rules of Civil Procedure, Appellate Procedure, or at such times as modified by order of Judge Clarke, file oppositions to any motions filed by Ms. Finkelman and, if necessary, a notice of appeal from any adverse orders upon final judgment in Rapaport v. Finkelman, No. 1:24-cv-5942-JGLC;

- Ms. Finkelman confirms and represents that at this time she has no intention to pursue claims against you under Civil Rights Law § 70-a(1)(b) or 70-a(1)(c), although until Rapaport v. Finkelman, No. 1:24-cv-5942-JGLC is resolved to finality ==she reserves all rights and remedies==; and

- Ms. Finkelman confirms and represents that at this time she has no intention to pursue attorney's fees and costs against you outside of Rapaport v. Finkelman, No. 1:24-cv-5942-JGLC, either under Rule 11 or Civil Rights Law § 70-a(1)(a), although ==she reserves the right to do so== to the extent that relief is denied for procedural reasons in that matter.

This second list of essential terms is practically identical except for the fact that it ensures by stipulation the exact result of duplicative and unnecessary litigation that defendant Finkelman and myself are trying to avoid by conferral. There would be no point to a declaratory action solely about whether 70-a(1)(a) claims may be brought in federal court by motion or claim after that is already decided in response to the expected motion on that topic.

Defendant Finkelman has repeatedly insisted upon additional terms in the stipulation, including a general filing ban upon me and a restriction of when I may refile my notice of appeal. These are not a reasonable demands and were not raised as a topic for stipulation at the hearing.

### Addressing Some of Defendant Finkelman's Miscellaneous Contentions

Defendant Finkelman's contentions as to non-justiciability are baseless and simply not serious. Defendant Finkelman herself has stated an imminent intent to claim costs and attorney's fees, clearly demonstrating that the issues relating to 70-a are ripe. There are no future events which must occur that may impact the factual basis for 70-a claims, since the this action was already brought, continued and the substantive merits were decided.

Defendant Finkelman attempts to confuse the Court as to the proper role of declaratory judgment actions and claims that they may not involve factual determinations. Such actions have determined factual disputes from the beginning "That the dispute turns upon questions of fact does not withdraw it, as the respondent seems to contend, from judicial cognizance. The legal consequences flow from the facts and it is the province of the courts to ascertain and find the facts in order to determine the legal consequences. That is everyday practice."*Aetna Life Ins. Co. v. Haworth*, 300 U.S. 227, 242 (1937). Defendant Finkelman has not identified any future events which must transpire in order for a Court to decide whether or not she has 70-a claims against the plaintiff, and her conduct indicates the opposite. At ECF #63 defendant Finkelman has represented that the declaratory judgment action relates to "anti-SLAPP claims that **are unquestionably plausibly actionable**" at page 2 (emphasis added).

Defendant Finkelman's contention in her emails to me that a potential future ruling of the Second Circuit would prevent justiciability at this stage for 70-a claims should also bar her from bringing such claims in the interim. Somehow, defendant Finkelman expects the Court to accept that that the dismissal with prejudice of all claims with this action is final enough for her to bring a 70-a claim, but not final enough for me to oppose that claim on the grounds I have raised in the declaratory judgment action.

## Conclusion

I am still willing to file a joint letter with Mr. Rodriguez covering these issues, but it appears that as he has repeatedly threatened me in his emails, he has chosen to file separately in order to obtain an advantage. His excuse is my modest attempt to make my record in Finkelman II underscoring the important legal issues raised by that declaratory judgment action.

I am still willing to stipulate to a narrowing or dismissal of the declaratory judgment action in exchange for a specific waiver per 70-a(2) of such potential claims under 70-a that are the topic of the declaratory judgment action. I would also agree to a stay of the declaratory judgment action for as long as is necessary to resolve a motion for costs and attorney's fees.

If the stipulation issue is resolved, and the threat of a TRO/PI filing ban is removed, I would be willing to negotiate a reasonable settlement as to all remaining matters.

Thank you for considering my position in this matter.

Respectfully submitted,

/s/ Gideon Rapaport *pro se*
GideonRapaportLaw@outlook.com
(862) 213-0895
#627 1078 Summit Avenue
Jersey City, New Jersey, 07307