The Honorable Jessica G. L. Clarke
United States District Court Judge
Southern District of New York
500 Pearl Street
New York NY, 10007

Re:     Rapaport v. Finkelman et al., 24-cv-05942

**Letter re Refiling of Notice of Appeal**

Your Honor:

I am respectfully writing to seek Your Honor's direction to ensure that the Clerk of Court processes and transmits the Notice of Appeal to the United States Court of Appeals for the Second Circuit, as required by the Federal Rules of Appellate Procedure (FRAP). The Notice of Appeal was filed with regard to ECF #52, the opinion and order dismissing all claims against defendant Finkelman with prejudice and terminating her from the docket. It appears that the prior notice was declined by the clerk's office on the belief that the underlying order was interlocutory and not immediately appealable. I respectfully submit in this letter that the clerk's role is ministerial and does not permit such a determination, particularly where all substantive claims in this case have been dismissed with prejudice, rendering the decision final within the meaning of 28 U.S.C. § 1291. Additionally, any pending or potential collateral motions, such as those for sanctions or attorney's fees, do not affect the finality of the judgment for purposes of appeal. The Second Circuit alone has authority to assess appellate jurisdiction, and the clerk's refusal to transmit the notice impedes this process and the right to seek appellate review.

The Clerk's Duty Under FRAP Rule 3 Is Ministerial and Mandatory

FRAP Rule 3(a) provides that an appeal as of right is initiated "only by filing a notice of appeal with the district clerk within the time allowed by Rule 4." Upon receipt, FRAP Rule 3(d) mandates that "The clerk must promptly send a copy of the notice of appeal and of the docket entries—and any later docket entries—to the clerk of the court of appeals named in the notice." The use of "must" underscores the mandatory, non-discretionary nature of this duty. The clerk's role is purely ministerial, as filing the notice "confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982) (per curiam). The clerk lacks authority to evaluate the appeal's jurisdictional basis, including whether the order is interlocutory under 28 U.S.C. § 1292 or final under § 1291. Such determinations are reserved exclusively for the Second Circuit. See, e.g., *Mohawk Indus., Inc. v. Carpenter*, 558 U.S. 100, 106 (2009) (appellate courts determine their own jurisdiction, including over interlocutory orders). By declining to transmit the notice, the clerk's office inadvertently usurps the appellate court's role and risks delaying or denying the right to appeal.

Finality of the Judgment and Effect of Collateral Motions.

The order at issue dismissed all substantive claims in this case with prejudice, constituting a final judgment under 28 U.S.C. § 1291, which grants the courts of appeals jurisdiction over "all final decisions of the district courts." A decision is final when it "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." *Catlin v. United States*, 324 U.S. 229, 233 (1945) citing *St. Louis, I.M. & S. R. Co. v. Southern Express Co.*, 108 U.S. 24 (1883). Here, the dismissal with prejudice of all claims satisfies this standard, as no further adjudication of the case's merits remains. Any pending or potential collateral motions, such as those for sanctions, do not undermine the finality of this judgment. The Supreme Court has long held that "a decision on the merits is a 'final decision' for purposes of § 1291 whether or not there remains for consideration a request for attorney's fees or sanctions." *Budinich v. Becton Dickinson & Co.*, 486 U.S. 196, 202–03 (1988). In the Second Circuit, this principle extends to other collateral issues, such as motions for Rule 11 sanctions, which are "not part of the merits" and do not prevent a judgment from being final "We also hold that our lack of jurisdiction over the issue of sanctions does not taint our jurisdiction over other final decisions rendered in the case" *Cooper v. Salomon Bros. Inc.*, 1 F.3d 82 (2d Cir. 1993) (the merits were appealed before sanctions were decided by the district). Thus, whether such motions are pending or contemplated, they do not justify the clerk's refusal to transmit the notice of appeal, as the finality of the underlying order is unaffected.

Treatment of Potentially Premature or Defective Notices

Even if the clerk's office believed the appeal was premature or otherwise defective, FRAP Rule 4(a)(2) provides that "[a] notice of appeal filed after the court announces a decision or order—but before the entry of the judgment or order—is treated as filed on the date of and after the entry." This ensures that premature filings are preserved for appellate review. Similarly, FRAP Rule 3(a)(2) clarifies that "an appellant's failure to take any step other than the timely filing of a notice of appeal does not affect the validity of the appeal, but is ground only for the court of appeals to act as it considers appropriate, including dismissing the appeal." These provisions confirm that only the Second Circuit may dismiss an appeal for jurisdictional or procedural defects, not the district clerk.

Conclusion and Request for Relief

I respectfully request that Your Honor direct the Clerk of Court to fulfill the ministerial duties under FRAP Rules 3 and 4 by docketing the attached Notice of Appeal, serving copies on all parties, and promptly transmitting it, along with the relevant docket entries, to the Clerk of the United States Court of Appeals for the Second Circuit. The dismissal of all substantive claims with prejudice renders the judgment final under § 1291, and any collateral motions, such as for sanctions, do not alter this status. The Second Circuit alone has authority to determine appellate jurisdiction, and the clerk's refusal to transmit the notice risks prejudicing vital appellate rights.

Thank you for your consideration of this matter.

    Respectfully submitted,

        /s/ Gideon Rapaport *pro se*
        GideonRapaportLaw@outlook.com
        (862) 213-0895
        #627 1078 Summit Avenue
        Jersey City, New Jersey, 07307