UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| GIDEON RAPAPORT,<br><br>                              Plaintiff,<br><br>-against-<br><br>ABIGAIL FINKELMAN,<br><br>                              Defendant. | 24-CV-5942 (JGLC) |
| GIDEON RAPAPORT,<br><br>                              Plaintiff,<br><br>-against-<br><br>ABIGAIL BERYL FINKELMAN,<br><br>                              Defendant. | 25-CV-7294 (JGLC) |

**MEMORANDUM OPINION AND ORDER**

JESSICA G. L. CLARKE, United States District Judge:

Plaintiff Gideon Rapaport originally filed this action on August 5, 2024, asserting claims of defamation and false light and invasion of privacy. ECF No. 1. Defendant thereafter moved to dismiss, and on August 29, 2025, the Court issued an opinion and order granting Defendant's motion to dismiss in its entirety. ECF No. 52. In that same order, the Court permitted Defendant to file a renewed sanctions motion. *Id.* at 16. Thereafter, Plaintiff filed a new declaratory judgment action against Ms. Finkelman, captioned *Rapaport v. Finkelman*, No. 25-CV-7294 ("*Finkelman II*"). Through *Finkelman II*, Rapaport seeks a declaration that he is not liable under, and that Finkelman cannot assert a claim based on, Section 70-a of the New York Civil Rights Law. *Finkelman II*, ECF No. 1 ¶ 31.

As a result of Plaintiff filing *Finkelman II*, on September 5, 2025, Defendant filed the instant motion for a temporary restraining order ("TRO") or filing injunction to prevent Rapaport from filing any further actions. The Court held a conference regarding the TRO application on September 10, 2025, via Microsoft Teams. Having considered the applicable facts and the parties' positions, the Court DENIES the application without prejudice.

A court may enjoin future filings based on vexatious litigation after considering the following factors[1]:

> (1) the litigant's history of litigation and in particular whether it entailed vexatious, harassing or duplicative lawsuits; (2) the litigant's motive in pursuing the litigation, e.g., does the litigant have an objective good faith expectation of prevailing?; (3) whether the litigant is represented by counsel; (4) whether the litigant has caused needless expense to other parties or has posed an unnecessary burden on the courts and their personnel; and (5) whether other sanctions would be adequate to protect the courts and other parties.

*Shekhem El v. Hiller*, No. 24-CV-730 (KMK), 2025 WL 888544, at *7 (S.D.N.Y. Mar. 21, 2025); *accord Eliahu v. Jewish Agency for Israel*, 919 F.3d 709, 714 (2d Cir. 2019). "Ultimately, the question the court must answer is whether a litigant who has a history of vexatious litigation is likely to continue to abuse the judicial process and harass other parties." *Safir v. U.S. Lines, Inc.*, 792 F.2d 19, 24 (2d Cir. 1986)).

---

[1] While Defendant filed the instant application as a request for a temporary restraining order and preliminary injunction, it is not clear that the four-pronged TRO analysis applies rather than the five specific elements considered for a filing injunction. *See, e.g., Eliahu v. Jewish Agency for Israel*, 919 F.3d 709, 713 (2d Cir. 2019) (analyzing anti-filing injunction solely with respect to above five elements). But even if the Court were to analyze Defendant's request in those terms, as set forth below, the request would still be denied because Defendant has not demonstrated a likelihood of success on the merits. Nor has she demonstrated a threat of irreparable harm given, among other things, that the Court will stay *Finkelman II* and impose a pre-motion letter requirement in this action, and given that Rapaport has indicated he does not intend to file any further actions.

A review of these factors suggests that a filing injunction would be inappropriate at this time. While Plaintiff has filed a few lawsuits, none of them have been determined to be frivolous or commenced in bad faith. And *Finkelman II*, as the parties discussed at the September 10 conference, implicates an actual dispute regarding whether a New York Civil Rights § 70-a action can be maintained in federal court. Plaintiff therefore has at least a colorable basis for his claim.

Moreover, the number of suits Plaintiff has filed pales in comparison to instances where a filing injunction was deemed to be appropriate. "While there is no strict numerosity requirement that must be met . . . most courts that have enjoined future filings have done so after a far higher number of redundant complaints [.]" *See Hiller*, 2025 WL 888544, at *7 (cleaned up); *see id.* (collecting cases where litigant filed between 6 and 20 separate actions).

The Court also sees little risk of prejudice or harassment to Finkelman. Rapaport represented at the September 10, 2025 conference before this Court that he does not intend to file any further actions. He has also affirmed his willingness to stay *Finkelman II* in its entirety pending resolution of Defendant's forthcoming sanctions motion in this case. ECF No. 68. And with respect to the fifth element—whether other sanctions or measures would be appropriate— the Court finds that instituting an anti-filing injunction is not strictly necessary to allay Defendant's concerns. As discussed below, *Finkelman II* will be stayed pending resolution of the sanctions motion in this case, and a pre-motion letter requirement will be instituted as well. These measures more than suffice to address Defendant's concerns.

The Court also does not perceive Plaintiff's recent filings as sufficiently vexatious or in violation of any order of this Court. Plaintiffs' three latest filings in this case (ECF Nos. 68–70) are not vexatious: they all related to an attempt to appeal the Court's prior MTD decision. In

3

addition, while the Court stated at the September 10 conference that it "did not expect" to see further filings in *Finkelman II*, it did not expressly forbid it, and Plaintiff's latest filing in that case can be reasonably construed as him prosecuting the action, not engaging in frivolity to harass or prejudice Finkelman. To be sure, the summary judgment motion is improper given, among other things, it appears that Rapaport has yet to effectuate service. But the Court opts to give Plaintiff, who is proceeding *pro se*, the benefit of the doubt that he filed the motion as a "modest attempt to make [his] record in *Finkelman II* underscoring the important legal issues raised by that declaratory judgment action." ECF No. 68. However, the Court makes clear that Finkelman need not file any response to the memorandum or Rapaport's newly filed motion at this time.

The Court therefore declines to impose a filing injunction on Plaintiff, because, at this time, he does not seem "likely to continue to abuse the judicial process and harass other parties." *Safir*, 792 F.2d at 24; *see Hiller*, 2025 WL 888544, at *9 (collecting cases and declining to issue anti-suit injunction). But the Court makes clear that it denies Defendant's motion without prejudice. Should Plaintiff contradict his word and file more lawsuits against Ms. Finkelman, or violate any of the directives specified below in this Order, Defendant is free to renew her application.

In light of the foregoing, Defendant's motion for a filing injunction is DENIED, and *Finkelman II* is STAYED in its entirety pending resolution of Defendant's forthcoming sanctions motion in the instant case. Any briefing with respect to Rapaport's memorandum or newly filed summary judgment motion in *Finkelman II* is similarly stayed. The Court also finds that instituting a pre-motion letter requirement in this action would be beneficial in allaying the Defendant's concerns, as this Court has done previously.

The Court also denies, as moot, Plaintiff's application with respect to the notice of appeal. ECF No. 70. Regarding Plaintiff's request for entry of judgment (ECF No. 69), Defendant shall file by **September 22, 2025** a letter response, not to exceed two pages (or 700 words) stating her position with respect to that request. The parties are also encouraged to continue attempting to resolve their dispute with respect to New York Civil Rights Law § 70-a.

The Clerk of Court is respectfully directed to terminate ECF Nos. 56 and 65, and to STAY the separate *Finkelman II* action (Case No. 1:25-CV-7294 (JGLC)), which is also before this undersigned, until further order from this Court.

Dated: September 18, 2025
New York, New York

SO ORDERED.

*Jessica Clarke*

JESSICA G. L. CLARKE
United States District Judge

5