

575 5th Avenue, 14th Floor
New York, NY 10017

Max Rodriguez
max@maxrodriguez.law
T 646-741-5167

September 22, 2025

<u>**Via ECF**</u>

Hon. Jessica G. L. Clarke
United States District Judge
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, Room 1040
New York, NY 10007

      Re:    *Rapaport v. Finkelman*, No. 1:24-cv-05942-JGLC

Dear Judge Clarke:

      I represent Defendant Abigail Finkelman in the above-captioned action. Per your Honor's order at ECF no. 74, I write to provide Ms. Finkelman's position concerning Plaintiff's two outstanding letters that, in some form or another, state his intention to file or request leave to file two motions: (1) a "motion for reconsideration and/or relief per FRCP 59 or 60" that he is "considering" filing, ECF no. 61; and (2) a "request for an entry of judgment to be entered as a separate document within the meaning of FRCP Rule 58(a)." ECF no. 69. Neither of these motions or "request[s]" has any merit and this Court should deny both.

**<u>Plaintiff has waived any hypothetical rights he had to file a reconsideration or post-judgment motion, and in any case such a motion would be frivolous.</u>**

      On September 5, 2025, Plaintiff wrote a letter to the Court saying he was "considering the filing of a motion for reconsideration and/or for relief per FRCP 59 or 60." ECF no. 61. There is no procedural or substantive basis to pursue any such motion. The time to file a motion for reconsideration under Local Rule 6.3, which only permits motions for reconsideration within 14 days after the entry of the challenged order, has passed. Furthermore, this Court cannot consider any motions under Rules 59 or 60 for relief from a prior order that is the subject of a pending appeal in the Second Circuit. *See James v. D'Amore*, No. 22-cv-1120-KAM, 2024 WL 1174348, at *2 (E.D.N.Y. Mar. 19, 2024) (noting that "[a] district court may retain jurisdiction over a motion for reconsideration that is filed *before* a notice of appeal" but one filed after a notice of appeal would be "denied for lack of jurisdiction"). Plaintiff has himself deprived this Court of jurisdiction to consider any such motion — at least for the time being — by filing his renewed notice of appeal, which was forwarded to the Second Circuit. *See* ECF no. 71; *see also Rapaport v. Finkelman*, No. 25-2247 (2d Cir.).

      Furthermore, even on the merits, any such motion would be frivolous. As Plaintiff made clear during his remarks at the September 10 hearing, he intends to challenge the Court's grant of the motion to dismiss by raising the same arguments he raised in opposition to the motion to dismiss. Courts categorically reject such attempts to relitigate the grant of a motion to dismiss.



Hon. Jessica G. L. Clarke
*Rapaport v. Finkelman*, No. 1:24-cv-05942-JGLC
September 22, 2025
Page 2 of 2

*See, e.g.*, *Moon Rocket Inc. v. City of New York*, No. 24-cv-4519-JPO, 2025 WL 2324074, at *2 (S.D.N.Y. Aug. 12, 2025) (denying motion under Rules 59 and 60 that did not raise any newly-discovered evidence and no intervening changes in or ignored sources of controlling law).

**Plaintiff's request for a judgment is premature and unsupported.**

Second, on September 16, 2025, Plaintiff wrote a letter "request[ing]" entry of a judgment related to the Court's order granting the motion to dismiss. ECF no. 69. Plaintiff's request should be denied. Among other circumstances, this Court must enter a judgment when it has "denie[d] all relief." Fed. R. Civ. P. 58(b)(1)(C). As Plaintiff's other letter concerning his notice of appeal explains, he believes the Court's grant of the motion to dismiss is a final decision within the meaning of 28 U.S.C. § 1291. *See* ECF no. 70 at 1.

The Court's decision has not "denie[d]" or otherwise resolved all "relief" in this case. A judgment "must describe the relief to which the prevailing party is entitled and not simply record that a motion has been granted." *Am. Interinsurance Exch. v. Occidental Fire & Cas. Co. of N. Carolina*, 835 F.2d 157, 159 (7th Cir. 1987). Ms. Finkelman has still yet to file her motion for sanctions or her motion for fees and costs under Civil Rights Law § 70-a(1)(a) (the "Anti-SLAPP Motion"). Especially with respect to the Anti-SLAPP Motion, Plaintiff has made clear through his now-stayed action purporting to pursue declaratory relief that he intends to argue as a substantive matter that Civil Rights Law § 70-a does not apply to this case and that Civil Rights Law § 70-a is somehow unconstitutional. *See Rapaport v. Finkelman*, No. 1:25-cv-07294-JGLC, ECF no. 7–8 (S.D.N.Y. Sept. 17, 2025). Because a final decision "generally is one which ends the litigation on the merits and leaves nothing for the court to do but execute the judgment[,]" *Catlin v. U.S.*, 324 U.S. 229, 233 (1945), Plaintiff's own declared litigation strategy runs afoul of his request that this Court issue a judgment for what he claims is the "final" order in this matter.

Ms. Finkelman would certainly prefer to only be left with a dispute over "the amount of statutory attorney's fees" in this matter, which would permit entry of a partial judgment now if Plaintiff insisted. *Cooper v. Salomon Bros. Inc.*, 1 F.3d 82, 85 (2d Cir. 1993). But anticipating that Plaintiff will not relent in raising his promised arguments in opposition to the Anti-SLAPP Motion, he cannot have it both ways by also claiming this matter has concluded to finality.

Plaintiff's requests should be denied. Thank you for your Honor's consideration in this matter.

Respectfully,

*/s/ Max Rodriguez*
Max Rodriguez