The Honorable Jessica G. L. Clarke
United States District Court Judge
Southern District of New York
500 Pearl Street
New York NY, 10007

**Re:    Rapaport v. Finkelman et al., 24-cv-05942**

<u>Letter in Response to Defendant Finkelman's September 22, 2025 Letter</u>

Your Honor:

      I am respectfully writing in response to defendant Finkelman's recent letter, as I must clarify some glaring falsehoods and misrepresentations as to the law and to the content of our hearing.

<u>Local Rule 6.3 Specifically Exempts Rule 59 Motions From The 14 Day Requirement</u>

      Defendant Finkelman grossly misrepresents SDNY Local Rule 6.3 by asserting that it is already too late for the plaintiff to move for reconsideration per Rule 59. "The time to file a motion for reconsideration under Local Rule 6.3, which only permits motions for reconsideration within 14 days after the entry of the challenged order, has passed" ECF # 77. Local Rule 6.3 provides:

> Local Civil Rule 6.3. Motions for Reconsideration **Unless otherwise provided by the court or by statute or rule (such as Fed. R. Civ. P. 50, 52, and 59)**, a notice of motion for reconsideration must be served within 14 days after the entry of the court's order being challenged… (emphasis added)

      Clearly the 14 day requirement does not apply to Rule 59, as it is specifically listed as an example of a rule that is exempt from the reach of Local Rule 6.3. This is manifest in the first sentence, and should be clear to any minimally competent attorney invoking the rule.

      This position is also contradictory of defendant Finkelman's previous position in this matter, which was that the plaintiff's notice of his consideration to move for reconsideration on September 26, 2025 would be too early because "there will not be a judgment in this case by that date" ECF # 63 at 3 (and thus would also be allegedly frivolous and vexations).

      It is shocking that amid such a display of fundamental ignorance (or brazen fraud if not ignorance) that defendant Finkelman will still move for sanctions and maintain a habit of automatically labeling every filing of the plaintiff as frivolous and vexatious.

<u>Defendant Finkelman's Assertions As To Knowing On What Basis I May Move For Reconsideration Are Unfounded</u>

      Defendant Finkelman has repeatedly asserted both to the Court in filings as well to me via e-mail that she knows on what basis I may move for reconsideration, and that I have no new or different

arguments from those already raised. Defendant Finkelman represented: "[a]s Plaintiff made clear during his remarks at the September 10 hearing, he intends to challenge the Court's grant of the motion to dismiss by raising the same arguments he raised in opposition to the motion to dismiss." ECF # 77. This is simply fraudulent misrepresentation.

Even amid my attempts to correct, defendant Finkelman repeatedly misrepresents the contents of the hearing to suggest that I discussed or indicated what basis I would have for moving for reconsideration. I have never done so, and instead only discussed, as an example, her assertions that my original complaint which included a false light invasion of privacy claim under New Jersey law were frivolous and vexatious as contrasted with my good-faith arguments. These were supported by the starting assumption of New York choice of law that the plaintiff's domicile controls, a precedent from this district *Catalanello v. Kramer*, 18 F.Supp.3d 504 that accepted the same arguments by a similarly situated plaintiff and was favorably cited by the Second Circuit in *Kinsey v. New York Times Co.*, 991 F.3d 171, n.21.

Such assertions are not those of a candid party, and are similarly unreasonable as defendant Finkelman's expectation that I justify via e-mail to her the "colorable basis" of any motion I may bring in the future, including motions that I may not even be able to anticipate due to the inherent unpredictability of litigation. ECF # 67-2 at 4 and 8. Below is an excerpt of the relevant portion of the hearing transcript beginning on page 12:

```
23   [Rapaport:] Of course, we can disagree about the merits

24   of the case, and I know that's already been decided,

25   but really to say that my claims are sanctionable
```

                                13

```
 1   and frivolous from the beginning is something that

 2   I've already opposed, and I maintain that some of

 3   these things are very close calls.

 4     For example, the false-light invasion of

 5   privacy.  Of course, it can be a difficult issue to

 6   decide, but in Catalanello v. Kramer, a similar New

 7   Jersey plaintiff was permitted to bring, as a matter

 8   of choice of law, such claims under New Jersey state
```

    9    law.  And actually, the starting point for such

   10    analysis is that the plaintiff's domicile, which for

   11    me is New Jersey, is what counts, and of course the

   12    analysis can substitute New York later or a

   13    different state.  But I did start at the reasonable

   14    starting point in asserting New Jersey, and other

   15    plaintiffs have been successful in that, as well as

   16    the Second Circuit citing in *Kinsey v. the New York*

   17    *Times* at footnote 21, that *Catalanello* was actually

   18    a good example of how to do New York choice of law.

<u>A Motion For Reconsideration May Be Brought After A Notice Of Appeal Is Filed</u>

     The 1993 Advisory Committee Notes to FRAP 4(a)(4) state: "A notice filed before the filing of one of the specified motions or after the filing of a motion but before disposition is, in effect, suspended until the motion is disposed of, whereupon the previously filed notice effectively places jurisdiction in the court of appeals." This means that a timely filed Rule 59 motion (which is a specified motion by the FRAP) may be made after filing a notice of appeal, and may restore jurisdiction to the district to decide it while the circuit holds the appeal in abeyance. The 1993 amendment to the FRAP was specifically made to address the issue, described by the committee as a "trap" of when under the former rules an early notice of appeal would prevent subsequent FRCP 59 (or other) specified motions per FRAP 4(a)(4)(A).

     Because the plaintiff filed his notice of appeal prior to the formal entry of judgment, it has yet to ripen anyway (and will be held in abeyance by the practice of the Second Circuit) and so cannot interfere with the filing of specified motions such as per FRCP 59. This is anticipated and provided for by FRAP 4(a)(2): "A notice of appeal filed after the court announces a decision or order—but before the entry of the judgment or order—is treated as filed on the date of and after the entry."

     Defendant Finkelman's citation of *James v. D'Amore*, No. 22-cv-1120-KAM, 2024 WL 1174348 (EDNY) undermines her own point because that opinion specifically stated in footnote 1: "The Court notes that in some circumstances the Second Circuit has held a notice of appeal in abeyance in order to allow a district court to dispose of a motion to vacate [also a specified motion] filed after a notice of appeal. See, e.g., *Monroe v. Griffin*, No. 16-CV-04788 (DC), 2023 WL 4667252, at *1 (E.D.N.Y. July 20, 2023)". The Second Circuit has not specifically addressed a case in which a Rule 59 motion brought after the filing of a notice of appeal, but the Ninth Circuit, in applying the 1993

Advisory Committee Notes *supra* and the plain text of the FRAP found that a notice of appeal's grant of jurisdiction is "deferred" pending a decision upon a timely specified motion per FRAP 4(a)(4)(A) rather than "destroyed" *Miller v. Marriott Int'l, Inc.*, 300 F.3d 1061 (9th Cir. 2002).

Defendant Finkelman Is Similarly Confused About Finality And The Entry Of Judgment

All of the substantive merits of this action have been decided with defendant Finkelman's motion for a granting of summary judgment with prejudice on all claims. If defendant Finkelman wanted to assert any claims of her own arising under NY CRL 70-a she would have had to bring an "action, claim, cross claim or counterclaim" as specified by the statute prior to termination. It is the plaintiff's position, and of almost every instance in this district, that as a procedural matter a NY CRL 70-a substantive claim cannot be brought by Rule 54 motion. On its face, 70-a is not an automatic grant of attorney's fees to the prevailing party as with standard fee-shifting provisions, and requires a "demonstration" of both legal and factual issues, the latter which would require a jury determination U.S. Const. amend. VII which would be mandatory if demanded by the defendant of an "action, claim, cross claim or counterclaim" brought as required by the plain text of 70-a.

Rule 58(a)(3) specifies that "a separate document is not required for an order disposing of a motion [] for attorney's fees under Rule 54." and so there could be no conflict with an entry of judgment as to the merits of the case (two entries could also be made if this were an issue). Motions for sanctions and attorney's fees are categorically *collateral* issues, and not part of the merits of the case "a decision on the merits is a 'final decision' for purposes of § 1291 whether or not there remains for consideration a request for attorney's fees" *Budinich v. Becton Dickinson & Co.*, 486 U.S. 196, 202–03 (1988) see also *Tancredi v. Metropolitan Life Ins. Co.*, 378 F.3d 220 (2d Cir. 2004). Thus they also do not upset the conclusion that should be made by the Court Clerk per FRCP 58(b) in automatically entering judgment upon a dismissal of all claims with prejudice.

Putting the automatic duty of the Court Clerk aside, the plaintiff also respectfully represents to the Court that there would be no prejudice arising from or good cause to refrain from directing the entry of such an entry of judgment as to the merits of this case, which were decided on August 29, 2025 ECF # 52.

The plaintiff also respectfully reiterates a willingness to stipulate to a narrowing or dismissal of the related declaratory judgment action in exchange for a specific waiver of NY CRL 70-a claims.

Thank you for your consideration of this matter.

    Respectfully submitted,

        /s/ Gideon Rapaport *pro se*
        GideonRapaportLaw@outlook.com
        (862) 213-0895
        #627 1078 Summit Avenue
        Jersey City, New Jersey, 07307