EXHIBIT 8

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

GIDEON RAPAPORT,

                Plaintiff,

    - vs. -

ABIGAIL FINKELMAN,

                Defendant.

No.: 1:24-cv-05942 (JGLC)

**DECLARATION OF MAX RODRIGUEZ, ESQ. IN SUPPORT OF
DEFENDANT ABIGAIL FINKELMAN'S MOTION
FOR RULE 11 SANCTIONS AGAINST PLAINTIFF GIDEON RAPAPORT AND
PLAINTIFF'S FORMER COUNSEL
<u>RICHARD A. ALTMAN AND THE LAW OFFICE OF RICHARD A. ALTMAN</u>**

MAX RODRIGUEZ, pursuant to 28 U.S.C. § 1746(2), declares as follows:

1. I am a Principal in the law firm Law Office of Max Rodriguez PLLC, counsel for defendant Abigail Finkelman in the above-captioned action. I submit this declaration in support of Ms. Finkelman's Motion for Rule 11 Sanctions Against Plaintiff Gideon Rapaport, Plaintiff's Former Counsel Richard A. Altman, and the Law Office of Richard A. Altman.

2. Attached as **Exhibit 1** is a true and correct copy of an e-mail, dated September 27, 2024, sent by me to Gideon Rapaport and Richard Altman, providing service of the notice of motion for sanctions and a letter providing the substantive bases for the motion for sanctions.

3. Attached as **Exhibit 2** is a true and correct copy of the notice of motion for sanctions and a letter providing the substantive bases for the motion for sanctions, sent to Gideon Rapaport and Richard Altman as an attachment to Exhibit 1.

4. Attached as **Exhibit 3** is a true and correct copy of an e-mail, dated October 10, 2024, sent by me to Gideon Rapaport. Mr. Rapaport never replied to this e-mail.

5. Attached as **Exhibit 4** is a true and correct copy of a decision and order dated February 15, 2022 in *Carey v. Carey et al.*, No. 152192/2021 (N.Y. Cnty. Sup. Ct.), docketed at NYSCEF no. 78.

6. Attached as **Exhibit 5** is a true and correct copy of a decision and order dated March 22, 2022 in *Gillespie v. Kling*, No. 158959/2021 (N.Y. Cnty. Sup. Ct.), docketed at NYSCEF no. 43.

7. On August 27, 2024, I had a conversation with Richard Altman by telephone, which I initiated to discuss waiver of service and a schedule for responding to the complaint. During the call, Mr. Altman told me, in sum and substance, that it would go a long way to resolving the above-captioned case if Ms. Finkelman would delete all of her online posts concerning Mr. Rapaport's other lawsuit. I responded, in sum and substance, that my early assessment of the case was that it was meritless and Mr. Rapaport should consider voluntarily dismissing it.

8. On September 30, 2024, I received a phone call from Richard Altman in which he acknowledged receipt of the email and letter at Exhibits 1 and 2.

9. On October 10, 2024, in addition to the e-mail enclosed as Exhibit 3, I attempted to call Mr. Rapaport, now *pro se*, on the phone number listed in his signature block and on CM/ECF. He did not answer, and I left a voicemail.

10. As of this filing, Mr. Rapaport has not responded in any manner to the emails at Exhibits 1 and 3, my phone call, nor to the 11(c)(2) letter and enclosed motion at Exhibit 2.

Dated: October 21, 2024
      New York, New York

                              LAW OFFICE OF MAX RODRIGUEZ PLLC

                              By:    /s/ *Max Rodriguez*

                              Max Rodriguez
                              575 5th Avenue
                              14th Floor
                              New York, NY 10017
                              (646) 741-5167
                              max@maxrodriguez.law
                              *Attorney for Defendant Abigail Finkelman*