UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

GIDEON RAPAPORT,

                Plaintiff,

- vs. -

ABIGAIL FINKELMAN,

                Defendant.

No.: 1:24-cv-05942 (JGLC)

# MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT ABIGAIL FINKELMAN'S MOTION FOR ATTORNEY'S FEES UNDER NEW YORK'S ANTI-SLAPP LAW

Max Rodriguez
LAW OFFICE OF MAX RODRIGUEZ PLLC
575 5th Avenue, 14th Floor
New York, NY 10017
max@maxrodriguez.law
(646) 741-5167
*Attorney for Defendant Abigail Finkelman*

# **TABLE OF CONTENTS**

INTRODUCTION ........................................................................................................... 1

LEGAL STANDARD.................................................................................................... 2

PROCEDURAL HISTORY............................................................................................ 3

ARGUMENT ................................................................................................................. 5

I.   CIVIL RIGHTS LAW § 70-A APPLIES TO THIS CASE ..................................... 5

II.  THIS COURT IS PERMITTED TO AWARD ATTORNEY'S FEES AND COSTS UNDER CIVIL RIGHTS LAW § 70-A ....................................................................... 7

CONCLUSION............................................................................................................... 9

# TABLE OF AUTHORITIES

**CASES**

*215 W. 84th St Owner LLC v. Bailey*,
 217 A.D.3d 488 (1st Dep't 2023) ............................................................................... 6, 8

*600 W. 115th St. Corp. v. Von Gutfeld*,
 80 N.Y.2d 130 (1992) ....................................................................................................... 1

*Adelson v. Harris*,
 774 F.3d 803 (2d Cir. 2014).............................................................................................. 8

*Aristocrat Plastic Surgery, P.C. v. Silva*,
 206 A.D.3d 26 (1st Dep't 2022) ........................................................................................ 6

*Atas v. New York Times Co.*,
 No. 22-cv-853-JPO, 2023 WL 5715617 (S.D.N.Y. Sept. 5, 2023) ....................................... 6

*Bobulinski v. Tarlov*,
 758 F. Supp. 3d 166 (S.D.N.Y. 2024)...................................................................... 6, 8, 8

*Gasperini v. Ctr. for Humanities, Inc.*,
 518 U.S. 415 (1996)........................................................................................................... 7

*Goldman v. Reddington*,
 No. 18-cv-3662-RPK-ARL, 2021 WL 4099462 (E.D.N.Y. Sept. 9, 2021)........................... 5

*Hanna v. Plumer*,
 380 U.S. 460 (1965).......................................................................................................... 9

*Heilbut v. Cassava Scis., Inc.*,
 778 F. Supp. 3d 551 (S.D.N.Y. 2025)............................................................................... 6

*La Liberte v. Reid*,
 966 F.3d 79 (2d Cir. 2020)................................................................................................ 7

*Lax v. City Univ. of New York*,
 80 Misc. 3d 1212(A), 195 N.Y.S.3d 426 (2023) ............................................................... 9

*Reeves v. Assoc. Newspapers, Ltd.*,
 232 A.D.3d 10 (1st Dep't 2024)........................................................................................ 6

*Reus v. ETC Hous. Corp.*,
 72 Misc. 3d 479 (N.Y. Sup. Ct. 2021)............................................................................... 2

*Sharp v. Bar Fluid LLC*,
    237 A.D.3d 628 (1st Dep't 2025) ............................................................................... 6

## **STATUTES**

CPLR § 3211 .......................................................................................................... 2, 8

New York Civil Rights Law § 76-a ............................................................................ 5

## **FEDERAL RULES**

Fed. R. Civ. P. 11 ................................................................................................... 3, 4

Fed. R. Civ. P. 12 ................................................................................................ 2, 7, 8

Fed. R. Civ. P. 56 ........................................................................................................ 7

Defendant Abigail Finkelman respectfully submits this Memorandum of Law in support of her motion for attorney's fees and costs to be awarded against Plaintiff Gideon Rapaport under Civil Rights Law § 70-a(1).[1]

## INTRODUCTION

"SLAPP suits—strategic lawsuits against public participation—[] are characterized as having little legal merit but are filed nonetheless to burden opponents with legal defense costs and the threat of liability and to discourage those who might wish to speak out in the future" *600 W. 115th St. Corp. v. Von Gutfeld*, 80 N.Y.2d 130, 137 n.1 (1992). This lawsuit is a prime example of a SLAPP suit. Plaintiff filed this lawsuit to punish and intimidate Ms. Finkelman for mocking him and his other litigation, *Rapaport v. Iyer et al.*, No. 1:23-cv-06709 (S.D.N.Y.) ("*Rapaport I*").

New York enacted (and then expanded) both procedural and substantive remedies to disincentivize SLAPP suits asserted under New York law. Relevant here, New York created a substantive right for defendants to recover attorney's fees and costs "upon a demonstration" that the action in question was "involving public petition and participation" and "was commenced or continued without a substantial basis in fact and law and could not be supported by a substantial argument for the extension, modification or reversal of existing law…." Civil Rights Law § 70-a(1)(a). Once those criteria are satisfied, the award of attorney's fees and costs, which can be asserted by "maintain[ing] an action, claim, cross claim or counterclaim[,]" is mandatory. *Id.*

Ms. Finkelman has satisfied all the necessary requirements and this Court should award

---

[1] Ms. Finkelman has also filed a renewed motion for sanctions against Plaintiff, his former counsel Richard Altman, and Mr. Altman's law firm. Ms. Finkelman only maintains this motion in the alternative to assert her right to recovery of all attorney's fees and costs in this action. If the Court awards Ms. Finkelman attorney's fees and costs under the motion for sanctions, the Court may deny this motion as moot.

her attorney's fees and costs. This case is one involving public petition and participation. Indeed, Plaintiff already waived any opportunity to object to that in briefing on Ms. Finkelman's motion to dismiss. And Plaintiff commenced or continued this case without a substantial basis in fact and law because it could not even satisfy the lesser threshold of stating a plausible claim under Rule 12(b)(6) (the equivalent of New York's CPLR 3211(a)(7)). And Ms. Finkelman has "maintain[ed]" this action by asking the Court to rule on this motion rather than abandoning her rights after prevailing on the motion to dismiss.

"Owing simply to the exercise of their constitutional rights, defendant[] ha[s] been forced to suffer this litigation." *Reus v. ETC Hous. Corp.*, 72 Misc. 3d 479, 488 (N.Y. Sup. Ct. 2021). This Court must fulfill its role in applying Ms. Finkelman's substantive rights under New York law.

## LEGAL STANDARD

New York's Anti-SLAPP remedy statute provides that a "defendant in an action involving public petition and participation … may maintain an action, claim, cross claim or counterclaim to recover damages … from any person who commenced or continued such action…." Civil Rights Law § 70-a(1). The statute provides — as a mandatory rather than permissive matter — that "costs and attorney's fees <u>shall</u> be recovered" upon dismissal of the action and a finding "that the action involving public petition and participation was commenced or continued without a substantial basis in fact and law and could not be supported by a substantial argument for the extension, modification or reversal of existing law…." Civil Rights Law § 70-a(1)(a) (emphasis added).

# PROCEDURAL HISTORY

Plaintiff filed this action and his Complaint on August 5, 2024. ECF no. 1 ("Complaint"). On August 28, 2024, Ms. Finkelman filed a proposed stipulation and order agreeing to accept service and setting her deadline to answer or move to dismiss as October 28, 2024. ECF no. 6. The Court issued the proposed order the next day. ECF no. 7.

On September 9, 2024, Plaintiff's now-former counsel Mr. Altman notified the Court in a letter motion to withdraw that Plaintiff had terminated his representation. ECF no. 8. On September 16, 2024, Ms. Finkelman filed a letter noting she did not oppose the motion to withdraw subject to a limited request that the Court retain jurisdiction over Mr. Altman for purposes of a future motion for sanctions under Rule 11. ECF no. 11. On September 17, 2024, the Court granted the motion to withdraw and granted Ms. Finkelman's request to retain jurisdiction over Mr. Altman, ordering that a motion for sanctions be filed on or before October 28. ECF no. 13. Mr. Rapaport is now proceeding *pro se* in this case.

On September 27, 2024, the undersigned counsel provided notice of the motion for sanctions under Rule 11(c)(2), enclosing the motion itself and a letter describing all substantive bases for the motion. ECF no. 21-1, 21-2. On September 30, 2024, Mr. Altman called the undersigned counsel and acknowledged receipt of the sanctions motion. ECF no. 21, ¶ 8.

On October 4, 2024, Mr. Altman filed a "Letter Motion for Conference" seeking either a conference or modification of the Court's prior order in order to release himself from the Court's jurisdiction. ECF no. 14. The same day, Ms. Finkelman opposed Mr. Altman's motion. ECF no. 15. On October 9, 2024, the Court denied Mr. Altman's motion. ECF no. 16.

Plaintiff did not respond to the undersigned counsel's September 27 Rule 11(c)(2) email or letter. ECF no. 21, ¶ 10. On October 10, 2024, the undersigned counsel attempted to contact

3

Plaintiff by phone and left a voicemail. ECF no. 21, ¶ 9. The same day, undersigned counsel sent Plaintiff a follow-up email requesting that he confirm receipt. *Id.* Plaintiff did not respond to either attempt to reach him. ECF no. 21, ¶¶ 4, 9, 10.

On October 18, 2024, the twenty-one-day safe harbor period under Rule 11 expired. The Complaint — the subject of Ms. Finkelman's Rule 11 motion — was not withdrawn. On October 21, 2024, Ms. Finkelman filed a motion to dismiss the complaint with prejudice for failure to state a claim, along with an accompanying memorandum of law, declaration, and supporting exhibits. ECF no. 17–19.

On October 21, 2024, Ms. Finkelman also filed a first motion for sanctions. ECF no. 20–22. On October 22, 2024, the Court docketed a motion sent by Plaintiff to the Court on October 17, 2024 for sanctions against the undersigned, purportedly based on some combination of the above-mentioned Rule 11 letter and the substantive legal issues raised in the letter (which were then raised in Ms. Finkelman's motion to dismiss). ECF no. 24. On October 25, 2024, the Court stayed briefing on both motions pending the Court's decision on the motion to dismiss. ECF no. 30. On February 12, 2025, after the Court's order on February 10, ECF no. 45, Ms. Finkelman filed a letter motion to stay discovery, ECF no. 46, which the Court granted on February 27. ECF no. 49.

On August 29, 2025, the Court issued an opinion and order: (1) granting Ms. Finkelman's motion to dismiss in its entirety and with prejudice; (2) denying as moot the pending motions for sanctions; and (3) directing Ms. Finkelman to file a renewed motion for sanctions should she wish by September 15, 2025. ECF no. 52 ("MTD Decision"). This deadline was then amended by the Court *sua sponte* to October 3, 2025. ECF no. 54.

# ARGUMENT

I.   **CIVIL RIGHTS LAW § 70-A APPLIES TO THIS CASE**

An award of attorney's fees and costs under Civil Rights Law § 70-a(1)(a) has two requirements, both of which are satisfied here.

<u>First</u>, the action in which the defendant seeks fees and costs must be one "involving public petition and participation, as defined in" Civil Rights Law § 76-a(a). Civil Rights Law § 70-a(1). Indeed, Ms. Finkelman argued as much in her motion to dismiss (which this Court granted), and as noted in her reply brief in further support of the motion to dismiss, Plaintiff did not make any argument objecting to that position. ECF no. 19 at 15; ECF no. 34 at 6–7. Accordingly, Plaintiff has waived any objection to that conclusion at this stage.

There is little question that this is such an action. Section 76-a(a) defines an action involving public petition and participation as, relevant here, one "based upon: (1) any communication in a place open to the public or a public forum in connection with an issue of public interest; or (2) any other lawful conduct in furtherance of the exercise of the constitutional right of free speech in connection with an issue of public interest…." Civil Rights Law § 76-a(1)(a). "Public interest" in this context "shall be construed broadly, and shall mean any subject other than a purely private matter." *Id.* § 76-a(1)(d).

This case is an action involving public petition and participation. As discussed in Plaintiff's complaint, his now-dismissed claims arose from Ms. Finkelman's statements on Twitter (now X), a social media platform that is available to the public. ECF no. 1, ¶¶ 6, 11–16, 19, 24, 26. Online posts on public platforms by members of the public constitute communications open to the public or on a public forum. *See, e.g., Goldman v. Reddington*, No. 18-cv-3662-RPK-ARL, 2021 WL 4099462, at *4 (E.D.N.Y. Sept. 9, 2021) (applying section 76-a to lawsuit "alleging defamation and tortious interference is based on 'communication[s] ... in a

public forum'—specifically, [defendant's] statements on Facebook and LinkedIn"); *Sharp v. Bar Fluid LLC*, 237 A.D.3d 628, 629 (1st Dep't 2025) (applying section 76-a because defamation counterclaim "target[ed] … statements regarding the lawsuit that plaintiff made on Instagram"); *Aristocrat Plastic Surgery, P.C. v. Silva*, 206 A.D.3d 26, 31 (1st Dep't 2022) (noting application of section 76-a to claims based on "defendant post[ing] her reviews on two public internet forums").

Furthermore, Ms. Finkelman's statements at issue were exclusively about Plaintiff's complaint and amended complaint in *Rapaport I*. Statements about a judicial proceeding have repeatedly been held to be statements "in connection with an issue of public interest" under New York law. *See, e.g.*, *Atas v. New York Times Co.*, No. 22-cv-853-JPO, 2023 WL 5715617, at *4 (S.D.N.Y. Sept. 5, 2023) (noting defendant's "purported use of the Canadian legal system and the internet as tools of harassment are matters of public concern, rather than 'purely private matter[s]'" (citation omitted)); *Reeves v. Assoc. Newspapers, Ltd.*, 232 A.D.3d 10, 19 (1st Dep't 2024) ("Matters of public interest [] include judicial proceedings….").

Second, § 70-a(1)(a) requires an award of attorney's fees and costs for the defendant only if the relevant action or claim "was commenced or continued without a substantial basis in fact and law and could not be supported by a substantial argument for the extension, modification or reversal of existing law…." Civil Rights Law § 70-a(1)(a). "[W]hatever *else* the phrase 'without a substantial basis in fact and law' means, it is certainly triggered by the failure to state a claim." *Bobulinski v. Tarlov*, 758 F. Supp. 3d 166, 185 (S.D.N.Y. 2024) (emphasis in original); *see also, e.g.*, *Heilbut v. Cassava Scis., Inc.*, 778 F. Supp. 3d 551, 570 (S.D.N.Y. 2025) (same); *215 W. 84th St Owner LLC v. Bailey*, 217 A.D.3d 488, 488–89 (1st Dep't 2023) (same). Similarly to the court in *Bobulinski*, this Court granted Ms. Finkelman's motion to dismiss for failure to state a

claim in its entirety and on multiple grounds. ECF No. 52 at 5–14; *see Bobulinski*, 758 F. Supp. 3d at 189 (awarding attorney's fees because "Plaintiffs have failed to adequately allege three independent elements of defamation"). This Court granted Ms. Finkelman's motion to dismiss for failure to state a claim and because her statements were immunized under Civil Rights Law § 74. ECF no. 52.

Accordingly, this action is subject to Civil Rights Law § 70-a, and is one for which there was no substantial basis in law and fact, entitling Ms. Finkelman to a mandatory award of attorney's fees and costs.

## II. THIS COURT IS PERMITTED TO AWARD ATTORNEY'S FEES AND COSTS UNDER CIVIL RIGHTS LAW § 70-A

The remedy described above — mandatory attorney's fees and costs under Civil Rights Law § 70-a(1)(a) — is one this Court is authorized to award. Federal courts are required to "apply state substantive law and federal procedural law." *Gasperini v. Ctr. for Humanities*, Inc., 518 U.S. 415, 427 (1996) (citing *Erie R. Co. v. Tompkins*, 304 U.S. 64 (1938)). In the context of anti-SLAPP statutes, the Second Circuit has held that to the extent there is a conflict between the relevant state statutes on a question of procedure and the Federal Rules of Civil Procedure (principally Rule 12 and Rule 56 with respect to the standard of review), the federal rule must supersede any procedure mandated by the state statute in federal court. *See La Liberte v. Reid*, 966 F.3d 79, 87–88 (2d Cir. 2020) (citing *Shady Grove Orthopedic Assocs., P.A. v. Allstate Ins. Co.*, 559 U.S. 393 (2010) and explaining how special procedures and standard of review under California anti-SLAPP statute did not apply in federal court).

However, as explained at length in the *Bobulinski* decision, Civil Rights Law § 70-a's attorney fees provision (unlike CPLR § 3211(g)) is substantive and not procedural in nature.[2] *Bobulinski*, 758 F. Supp. 3d at 182–86. Consistent with the proceedings in this case, the court in *Bobulinski* granted the defendant's motion to dismiss under Rule 12(b)(6), not under any conflicting state procedural right. *See id.* at 172–81; ECF no. 52 at 4–14. As the court in *Bobulinski* pointed out, Civil Rights Law § 70-a "does not include a 'reasonable probability of success' requirement" or any "provision tying fee-shifting to a specific state procedural mechanism." *Bobulinski*, 758 F. Supp. 3d at 184. For this reason, Civil Rights Law § 70-a is similar to Nevada's fee-shifting anti-SLAPP statute, which the Second Circuit held could be applied in federal court as "substantive within the meaning of *Erie*" without "conflict[ing] with a valid federal rule" after a dismissal under Rule 12(b)(6). *Adelson v. Harris*, 774 F.3d 803, 809 (2d Cir. 2014).

In other words, Civil Rights Law § 70-a "is doing no procedural work" here; instead, "it is merely defining the substantive standard for entitlement to attorney's fees." *Bobulinski*, 758 F. Supp. 3d at 186. On that basis, the court in *Bobulinski*, upon granting the motion to dismiss for failure to state a claim, awarded attorney's fees and costs under Civil Rights Law § 70-a. *Id.* at 189.[3]

---

[2] As the court in *Bobulinski* explained (and New York state decisions cited herein also confirm), Civil Rights Law § 70-a's "substantial basis in fact and law" language does not refer to a standard greater than or in conflict with Rule 12. *Bobulinski*, 758 F. Supp. 3d at 185 (collecting cases); *see also 215 W. 84th St Owner LLC*, 217 A.D.3d at 488–89 ("[T]he action was 'without a substantial basis in fact and law,' as demonstrated by the court's dismissal of the complaint for failure to state a claim.").

[3] As the court in *Bobulinski* explained, Civil Rights Law § 70-a's language permitting a defendant to "maintain an action, claim, cross claim or counterclaim" to recover attorney's fees and costs encompassed "continuing to litigate in an original action filed against them" to obtain that remedy. *Bobulinski*, 758 F. Supp. 3d at 188; *see also id.* at 188 n.22 (collecting cases defining the word "maintain").

Finally, it is important to emphasize that the inability to obtain the remedy of attorney's fees and costs after dismissal for failure to state a claim in federal court would reward forum shopping when plaintiffs are filing frivolous defamation suits. This would run afoul of what the Supreme Court has explained were "the twin aims of the *Erie* rule: discouragement of forum-shopping and avoidance of inequitable administration of the laws." *Hanna v. Plumer*, 380 U.S. 460, 468 (1965).

New York law applies in this case, ECF no. 52 at 5–6, and New York has seen fit to provide a substantive remedy to defendants who successfully obtain dismissal of claims like the ones in this case for failure to state a claim. Plaintiff has done everything possible to display for the Court that he filed these woefully insufficient claims to penalize Ms. Finkelman for mocking his other litigation, precisely the kind of abusive litigation tactics that New York's anti-SLAPP remedies were meant to prevent. *Lax v. City Univ. of New York*, 80 Misc. 3d 1212(A), 195 N.Y.S.3d 426 at *7 (N.Y. Sup. Ct. 2023) ("It is well established that the anti-SLAPP legislation was enacted to deter litigants from attempting to silence free speech.")

## **CONCLUSION**

For the reasons explained above, this Court should grant Ms. Finkelman's motion for attorney's fees and costs under Civil Rights Law § 70-a.

Respectfully submitted,


DATED:        October 3, 2025              /s/ *Max Rodriguez*             
                                           Max Rodriguez
                                           LAW OFFICE OF MAX RODRIGUEZ PLLC
                                           575 5th Avenue, 14th Floor
                                           New York, NY 10017
                                           max@maxrodriguez.law
                                           (646) 741-5167
                                           *Attorney for Defendant Abigail Finkelman*