

575 5th Avenue, 14th Floor
New York, NY 10017

Max Rodriguez
max@maxrodriguez.law
T 646-741-5167

October 7, 2025

**V**IA **ECF**

Hon. Jessica G. L. Clarke
United States District Judge
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, Room 1040
New York, NY 10007

     Re:    *Rapaport v. Finkelman*, No. 1:24-cv-05942-JGLC

Dear Judge Clarke:

    I represent Defendant Abigail Finkelman in the above-captioned action. I write to respond to Plaintiff's two substantially identical letters, ECF no. 85, 85-1, and Mr. Altman's letter, ECF no. 86, requesting an extension (or leave to request an extension) of the deadline to oppose Ms. Finkelman's motions for sanctions and anti-SLAPP fees and costs, ECF no. 80 ("Renewed Sanctions Motion"), 83 ("Anti-SLAPP Motion"), or in Mr. Altman's case, just the motion for sanctions. Ms. Finkelman opposes these requests, and respectfully submits that leave and/or extensions should be denied.

    These requests are, at their core, dilatory efforts to frustrate and delay Ms. Finkelman's rights to finality in this lawsuit, and an award of fees and costs from her defense of the same. Both Plaintiff and Mr. Altman's letters claim some combination of purported complexity and scheduling conflicts that justify their requests. But the record in this dispute fundamentally undercuts both assertions.

    As to the sanctions motion (to which both Plaintiff and Mr. Altman have the right to respond in opposition, should they wish), both Plaintiff and Mr. Altman have been on notice of the exact arguments asserted in the Renewed Sanctions Motion for <u>over a year</u>. Ms. Finkelman's first motion for sanctions was noticed to both of them on September 27, 2024. ECF no. 21-1. She thereafter further articulated the arguments — substantially but not entirely predicated on this action being frivolous — in papers in support of her now-granted motion to dismiss. ECF no. 17–19, 34–35. She filed the first motion for sanctions the same day. ECF no. 20–22.

    On August 29, 2025 — <u>39 days ago</u> — this Court granted Ms. Finkelman's motion to dismiss and directed her to file the Renewed Sanctions Motion by September 15 (extended *sua sponte* to October 3). ECF no. 52, 54. Thereafter, I promptly prepared a renewed motion for sanctions, and provided notice of the same to Plaintiff and Mr. Altman on September 4, 2025, <u>33 days ago</u>. ECF no. 81–1. Neither Plaintiff nor Mr. Altman responded to the notice to provide any defenses or confer about this Court's scheduling of the motion deadline.

Hon. Jessica G. L. Clarke
*Rapaport v. Finkelman*, No. 1:24-cv-05942-JGLC
October 7, 2025
Page 2 of 2

  Now, for the first time yesterday in emails to me, *see* Ex. 1–2, and now for the first time today to this Court, Plaintiff and Mr. Altman claim this is all so sudden, so unexpected, and so complex that they couldn't possibly be expected to respond on a normal motion schedule. This is not only dilatory. It is disingenuous. At any point in the last year, each of them could have prepared arguments to prepare for this day. At any point in the last month, they could have attempted to confer with me about deadlines, or made genuine efforts to pursue resolution. They didn't.

  Instead, for Plaintiff's part, he dedicated his September to filing a new frivolous lawsuit against Ms. Finkelman, attempting-then-succeeding in filing a notice of appeal he did not yet need to file, and seeking to file a simultaneous untimely and frivolous motion for reconsideration, each of which required substantial attention from myself and from this Court. *See* ECF no. 55–79.[1] As for the appeals Plaintiff claims he is currently "involved" in, ECF no. 85, neither of them has any conflicting deadlines. His appeal from his first case, *Rapaport v. Iyer et al.*, No. 25-841 (2d Cir.), was fully briefed as of September 23, 2025. His hasty first appeal from this case, *Rapaport v. Finkelman*, No. 25-2247 (2d Cir.), has no urgent deadlines at all. Indeed, on October 1, Plaintiff filed his scheduling notification in that appeal declaring his deadline for the opening appellate brief as <u>December 29, 2025</u>. *See* Ex. 3.

  Ms. Finkelman has had this frivolous and costly lawsuit hanging over her for over 14 months. For the reasons explained above, I respectfully submit this Court should deny Plaintiff and Mr. Altman's requests and consider the remaining issues in this case on the usual schedule.

  To the extent this Court does grant an extended briefing schedule, Plaintiff asks for more than six weeks (proposing a deadline of November 20, 2025), which is not at all reasonable. In the alternative should the Court grant a briefing schedule, I respectfully request that this Court grant an extension of no more than one or two weeks to the opposition deadline, and provide a corresponding extension of half that time to Ms. Finkelman's deadline to reply.

  Thank you for your Honor's consideration in this matter.

                Respectfully,

                */s/ Max Rodriguez*
                Max Rodriguez

---

[1] Ironically, several of Plaintiff's filings during September squarely cover the very issues he claims are so novel and complex in the Anti-SLAPP Motion that he needs six weeks to respond. *See, e.g.*, *Rapaport v. Finkelman*, No. 25-cv-7294-JGLC, ECF no. 6–8 (S.D.N.Y.).