The Honorable Jessica G. L. Clarke
United States District Court Judge
Southern District of New York
500 Pearl Street
New York NY, 10007

Re:    Rapaport v. Finkelman, 24-cv-05942

**Letter In Support of Letter-Motion for Leave to File Motion for Extension of Time**

Your Honor:

I am respectfully writing to reply in support of my outstanding motion for leave to file a motion for the extension of time.

Defendant Finkelman incorrectly and baselessly accuses my motion requesting a modest extension of time[1] of being "dilatory". This is just the recent of a long list of vexatious and harassing false accusations and filings by her through her counsel, Mr. Max Rodriguez. Some of these are:

- A false accusation that I violated a Court Order ECF # 67, which the Court correctly rejected ECF # 74 at 3. This is a very serious false accusation, and defendant Finkelman should bear consequences for it.

- A false accusation that I raised the issue of spoliation by defendant Finkelman without evidence ECF # 69 at 8, when in fact I did provide evidence that raises a strong inference of spoliation. The X platform states that a page containing materials related to this action "doesn't exist" error ECF # 47-1, while it identifies other pages containing unrelated materials as inaccessible with a "Something went wrong" error. ECF # 47-2. Rather it was Mr. Rodriguez, as counsel turned witness, who issued a 'just trust me' declaration ECF # 48 without any actual evidence.

- A false accusation that I intended to move for reconsideration for reasons related to choice-of-law analysis[2] ECF # 77 at 1, when in fact I solely discussed those arguments at the hearing to demonstrate that my previous arguments on the merits were not vexatious or frivolous, but rather based on favorable precedent from this District and the Second Circuit.

- A waste of substantial judicial resources through two meritless emergency letters and an emergency hearing regarding a TRO/PI motion that failed every single test or factor for the granting of such relief as discussed by the Court in ECF # 74.

- A direct lie to the Court at the September 10 hearing that repeated threats to bring an additional action under NY CRL 70-a deceptively disclaimed as hypothetical were mere "boilerplate". In fact, during the stipulation conferral, there was a complete refusal to specifically waive such an action, and instead the Court's consideration of a filing ban was

---

1  The extension requested is far less than the generous extension granted by myself and my former counsel, Mr. Altman at the commencement of this action, and is comparable to previous extensions granted.
2  Mr. Rodriguez's prevarication: "As Plaintiff made clear during his remarks at the September 10 hearing, he intends to challenge the Court's grant of the motion to dismiss by raising the same arguments he raised in opposition to the motion to dismiss". In fact I did discuss what arguments I would raise at all in such a future motion, especially not exhaustively.

maliciously used as leverage to extort stipulations as to unrelated matters, including when I would file a notice of appeal ECF ## 67-2 and 67-3.

- Improper litigation of the issues of the declaratory judgment action *Finkelman II* in this docket despite being able to file a notice of appearance and properly address issues in that action.

- A bizarre and ongoing attempt to sanction my former counsel and I for naming defendant Finkelman by her legal name as required by the Federal Rules of Civil Procedure and the strong public interest of transparency in the courts "[L]awsuits are public events and the public has a legitimate interest in knowing the facts involved in them. Among those facts is the identity of the parties." *Doe v. Del Rio*, 241 F.R.D. 154, 156 (S.D.N.Y. 2006) (citation omitted). Apparently, defendant Finkelman expects that the action should have been brought against "Mrs. Detective Pikajew Esq." even as she herself as argued has successfully argued that such privacy rights do not exist under the laws of her New York domicile, especially with regard to such a public matter.

Every false accusation or vexatious filing by defendant Finkelman is in fact an admission of the disgraceful conduct by her through counsel who has used the threats of sanctions, previously stayed, a filing ban TRO/PI which was denied for failing every factor and now conferral regarding a routine extension of time to demand money or other concessions. All of these collateral issues brought in bad faith by defendant Finkelman have wasted time and judicial resources, and burdened me from access to justice on the merits.

Defendant Finkelman has represented that my declaratory judgment action and issues raised therein are "baseless" and "frivolous", and so she should not expect that the Court would use that action as a yardstick to measure how much time I would require to properly oppose her concurrent motions for sanctions and attorney's fees (which seek double relief, as her counsel specifically disclaimed at the September 10 hearing). My declaratory judgment action does not relate whatsoever to the procedural issues that prevent NY CRL 70-a claims made by motion, which have been rejected by all instances of this District except for one.

Furthermore, my extension request also relates to the sanctions motion, which is not implicated by the declaratory judgment action either. Much like her recent emergency TRO/PI filing ban motion that failed at every stage of analysis, this motion is also so untethered from any legal norm, factual evidence or basic logic, that it places a greater burden on me, a *pro se* party, to address it.

Thank you for considering my request in this matter,

Respectfully submitted,

/s/ Gideon Rapaport *pro se*
GideonRapaportLaw@outlook.com
(862) 213-0895
#627 1078 Summit Avenue
Jersey City, New Jersey, 07307