UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| GIDEON RAPAPORT,<br><br>       Plaintiff,<br><br>  - vs. -<br><br>ABIGAIL FINKELMAN,<br><br>       Defendant. | No.: 1:24-cv-05942 (JGLC) |

**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF
DEFENDANT ABIGAIL FINKELMAN'S RENEWED MOTION
FOR RULE 11 SANCTIONS AGAINST PLAINTIFF GIDEON RAPAPORT,
PLAINTIFF'S FORMER COUNSEL RICHARD A. ALTMAN,
<u>AND THE LAW OFFICE OF RICHARD A. ALTMAN</u>**

Max Rodriguez
LAW OFFICE OF MAX RODRIGUEZ PLLC
575 5th Avenue, 14th Floor
New York, NY 10017
max@maxrodriguez.law
(646) 741-5167
*Attorney for Defendant Abigail Finkelman*

## **TABLE OF CONTENTS**

INTRODUCTION .................................................................................................................. 1

ARGUMENT .......................................................................................................................... 2

I. PLAINTIFF'S CLAIMS WERE NOT WARRANTED BY EXISTING LAW OR BY A NONFRIVOLOUS ARGUMENT FOR EXTENDING, MODIFYING, OR REVERSING EXISTING LAW ................................................. 2

    A.    Finkelman's statements were immunized under Civil Rights Law § 74 ............. 3

    B.    Plaintiff failed to satisfy any of the basic elements of his claims ........................ 5

    C.    Plaintiff's attempt to assert a false light and invasion of privacy claim under New Jersey law was frivolous .................................................................. 6

II.    FINKELMAN'S MOTION FOR SANCTIONS IS PROCEDURALLY PROPER ............... 7

III.    PLAINTIFF AND ALTMAN FILED AND PURSUED THIS CASE FOR IMPROPER PURPOSES ................................................................. 9

IV.    PLAINTIFF AND ALTMAN FAIL TO ADDRESS, AND THUS WAIVE, OPPOSITION ON SEVERAL ISSUES RAISED IN THE SANCTIONS MOTION ................. 10

CONCLUSION ...................................................................................................................... 10

# TABLE OF AUTHORITIES

**CASES**

*Baiul v. NBC Sports*,
    No. 15-cv-9920-KBF, 2016 WL 1587250 (S.D.N.Y. Apr. 19, 2016) ............................ 7, 8

*Bouchard v. Daily Gazette Co.*,
    136 A.D.3d 1233 (3d Dep't 2016) ................................................................................. 4

*Brooke v. Cnty. of Rockland*,
    No. 17-cv-03166-PMH, 2021 WL 809320 (S.D.N.Y. Mar. 3, 2021) ............................. 2

*BYD Co. Ltd. v. VICE Media LLC*,
    531 F. Supp. 3d 810 (S.D.N.Y. 2021) ........................................................................... 4

*Catalanello v. Kramer*,
    18 F. Supp. 3d 504 (S.D.N.Y. 2014) ............................................................................. 7

*Celle v. Filipino Reporter Enters. Inc.*,
    209 F.3d 163 (2d Cir. 2000) .......................................................................................... 5

*Cholowsky v. Civiletti*,
    69 A.D.3d 110 (2d Dep't 2009) ..................................................................................... 3

*Corp. Training Unlimited, Inc. v. Nat'l Broad. Co.*,
    868 F. Supp. 501 (E.D.N.Y. 1994) ............................................................................... 4

*Cross & Cross Properties, Ltd. v. Everett Allied Co.*,
    886 F.2d 497 (2d Cir. 1989) .......................................................................................... 8

*Daleiden v. Planned Parenthood Fed. of Am.*,
    No. 21-2068, 2022 WL 1013982 (2d Cir. Apr. 5, 2022) ............................................... 3

*Dangerfield v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*,
    No. 02-cv-256, 2003 WL 22227956 (S.D.N.Y. Sept. 26, 2003) ................................... 7

*Ford v. Levinson*,
    90 A.D.2d 464 (1st Dep't 1982) .................................................................................... 3

*Geiger v. Town of Greece*,
    311 Fed. Appx. 413 (2d Cir. 2009) ............................................................................... 4

*Gong v. Sarnoff*,
    No. 23-cv-343-LJL, 2023 WL 5372473 (S.D.N.Y. Aug. 22, 2023) .............................. 9

*Gray v. Millea*,
    892 F. Supp. 432 (N.D.N.Y. 1995) ........................................................................................... 6

*Haber v. ASN 50th St., LLC*,
    No. 10-cv3536-VM-JLC, 2011 WL 13550249 (S.D.N.Y. Feb. 4, 2011) ........................... 1

*Henry v. Fox News Network LLC*,
    629 F. Supp. 3d 136 (S.D.N.Y. 2022) ..................................................................................... 5

*Johnson v. A.W. Chesterton Co.*,
    18 F.3d 1362 (7th Cir. 1994) .................................................................................................. 6

*Kearney v. Todd L. Smith, P.A.*,
    624 F. Supp. 1008 (S.D.N.Y. 1985) ........................................................................................ 6

*Kinsey v. New York Times Co.*,
    991 F.3d 171 (2d Cir. 2021) ................................................................................................ 3, 7

*Komarov v. Advance Mag. Publishers, Inc.*,
    180 Misc. 2d 658 (Sup. Ct. N.Y. Cnty. 1999) ....................................................................... 4

*Lee v. Bankers Tr. Co.*,
    166 F.3d 540 (2d Cir. 1999) ................................................................................................ 6, 7

*Lee v. TMZ Productions Inc*,
    710 Fed. Appx. 551 (3d Cir. 2017) ........................................................................................ 4

*Logicom Inclusive, Inc. v. W.P. Stewart & Co.*,
    No. 04-cv-604, 2008 WL 1777855 (S.D.N.Y. Apr. 16, 2008) ........................................... 8

*Mackler Prods., Inc. v. Cohen*,
    225 F.3d 136 (2d Cir. 2000) .................................................................................................... 9

*Ophir v. Goldstein*,
    No. 86-cv-2963-WK, 1990 WL 284519 (S.D.N.Y. Oct. 10, 1990) .................................... 8

*Parnoff v. Fireman's Fund Ins. Co.*,
    796 Fed. Appx. 6 (2d Cir. 2019) ............................................................................................ 1

*Patterson v. Aiken*,
    841 F.2d 386 (11th Cir. 1988) ................................................................................................ 2

*Retail Flooring Dealers of Am., Inc. v. Beaulieu of Am., LLC*,
    339 F.3d 1146 (9th Cir. 2003) ................................................................................................ 8

*Test Masters Educ. Servs., Inc. v. NYP Holdings, Inc.*,
 603 F. Supp. 2d 584 (S.D.N.Y. 2009) ............................................................................... 3

*The Law Firm of Daniel P. Foster, P.C. v. Turner Broadcasting Sys., Inc.*,
 844 F.2d 955 (2d Cir. 1988) ............................................................................................. 3

*Theis v. Smith*,
 676 F. Supp. 874 (N.D. Ill. 1988) .................................................................................... 6

*Wenz v. Becker*,
 948 F. Supp. 319 (S.D.N.Y. 1996) ................................................................................... 4

*Williams v. Williams*,
 23 N.Y.2d 592 (1969) ...................................................................................................... 2

*Zerman v. Sullivan & Cromwell*,
 677 F. Supp. 1316 (S.D.N.Y. 1988) ............................................................................ 4, 5

## **FEDERAL RULES**

Fed. R. Civ. P. 11 ................................................................................................................. 1, 7, 8

## **INTRODUCTION**

With each successive filing, Plaintiff Gideon Rapaport and his former counsel Richard Altman confirm with greater clarity that there was never a defensible theory of liability for Plaintiff's now-dismissed claims in this case. Despite being on notice for over thirteen months about why the claims were facially deficient, in a manner that had resulted in sanctions in past cases in this Court and others, despite being granted extra time to oppose Finkelman's motion, and despite promising robust defense of the merits of Plaintiff's claims, *see* ECF no. 85–86, Plaintiff's opposition, ECF no. 93 ("Rapaport Brief"), and Altman's opposition, ECF no. 91 ("Altman Brief"), are nothing more than a recycled list of meritless grievances and unfounded distortions of the law and the facts.

As explained in Finkelman's opening brief, ECF no. 82 ("Finkelman Brief"), Plaintiff's Complaint in this case asserted frivolous claims not warranted by existing law or any nonfrivolous argument for extending, modifying, or reversing existing law. The Complaint also included allegations of injury identical to Plaintiff's alleged injury in the amended complaint in *Rapaport v. Iyer et al.*, No. 1:23-cv-06709 (S.D.N.Y.) ("*Rapaport I*").[1] Plaintiff and Altman initiated and Plaintiff pursued this litigation for inferred improper purposes.

"A litigant's *pro se* status does not shield him from Rule 11 sanctions," especially when the *pro se* party is a law school graduate who has passed the bar exam. *Haber v. ASN 50th St., LLC*, No. 10-cv3536-VM-JLC, 2011 WL 13550249, at *4 (S.D.N.Y. Feb. 4, 2011) (collecting

---

[1] Plaintiff alleged in *Rapaport I* that he was unable to apply for admission as an attorney in New York because of alleged torts in July and August 2022. Plaintiff then made an identical allegation concerning Finkelman's statements in August 2023, with no plausible articulation about why Finkelman's statements would cause the same injury. *See* Finkelman Brief at 12–13. Repeating verbatim allegations in multiple cases involving different parties without any basis is sanctionable. *See, e.g.*, *Parnoff v. Fireman's Fund Ins. Co.*, 796 Fed. Appx. 6, 9 (2d Cir. 2019).

cases). "[O]ne acting *pro se* has no license to harass others, clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets." *Patterson v. Aiken*, 841 F.2d 386, 387 (11th Cir. 1988). The sanctions motion should be granted, and all Finkelman's defense fees and costs should be awarded thereunder.

## ARGUMENT

**I.   PLAINTIFF'S CLAIMS WERE NOT WARRANTED BY EXISTING LAW OR BY A NONFRIVOLOUS ARGUMENT FOR EXTENDING, MODIFYING, OR REVERSING EXISTING LAW**

A claim that has no chance of success and no reasonable argument for extension, modification, or reversal of existing law is frivolous. A frivolous claim creates an inference of an improper purpose for the litigation. *See* Finkelman Br. at 13–14. Plaintiff's claims[2] were unambiguously frivolous when they were filed. *See id.* at 8–12; ECF no. 19 at 7–21; ECF no. 34 at 1–9. In Altman's opposition, he abandons any effort to defend the merits of the Complaint he filed. *See* Altman Br. at 6–7. Accordingly, he has waived any argument that there was a good-faith legal or factual basis for the Complaint. *See Brooke v. Cnty. of Rockland*, No. 17-cv-03166-PMH, 2021 WL 809320, at *7 (S.D.N.Y. Mar. 3, 2021) (collecting cases).[3] Plaintiff's recycled

---

[2] Each of the deficiencies identified below would apply with equal force to Plaintiff's defamation and false light claims. In other words, even if this Court had reached the merits of Plaintiff's false light claim, it too was frivolous. Plaintiff never argues otherwise.

[3] Altman's sole reference to the merits is to cite — without explanation of its purported applicability — *Williams v. Williams*, 23 N.Y.2d 592 (1969). But *Williams* has no similarity to this case. In that case, a defendant was sued for defamation arising from statements in his own complaint against the defamation plaintiff in another action. The defamation defendant then circulated a press release and copies of the complaint to others in the same industry as the parties. *Id.* at 595–96. Analyzing the particular allegations concerning why the statements in the lawsuit were defamatory, the New York Court of Appeals declined to apply section 74. *Id.* at 598–99. Finkelman is a traditional third-party commenter on a lawsuit, the kind that section 74 is intended to protect. *See id.* at 597–99 (explaining that origins of section 74 immunity come from desire to protect those that "inform[]" the public "of what goes on in the courts").

2

arguments fail to reckon with any of the case law and further reveal there was never any plausible good-faith basis for his claims.

### A. Finkelman's statements were immunized under Civil Rights Law § 74

Both binding and persuasive federal and state precedent made abundantly clear that Finkelman's statements concerning *Rapaport I* — including the posting of the photograph — were immunized under Civil Rights Law § 74. *See* Finkelman Br. at 8–10; ECF no. 19 at 8–10; ECF no. 34 at 1–5. Plaintiff confirms as much by ignoring the relevant precedents.

Plaintiff again claims that Civil Rights Law § 74 is "narrow[]" and does not apply to anything except discussion of "material actually contained in or arising directly from the proceeding itself." Rapaport Br. at 16, 18.[4] This is flatly wrong. Generally, the Second Circuit has said section 74 requires "a liberal interpretation … to provide broad protection to [] accounts of judicial proceedings." *Kinsey v. New York Times Co.*, 991 F.3d 171, 179 (2d Cir. 2021).

Specifically, as to what Finkelman and this Court called "background material," *see* MTD Dec. at 9, both federal and state precedents have made clear that section 74's immunity extends to use or discussion of material not drawn directly from a filing, but instead from "secondary sources." *Cholowsky v. Civiletti*, 69 A.D.3d 110, 115 (2d Dep't 2009); *see also Daleiden v. Planned Parenthood Fed. of Am.*, No. 21-2068, 2022 WL 1013982, at *2 (2d Cir. Apr. 5, 2022) (summary order); *The Law Firm of Daniel P. Foster, P.C. v. Turner Broadcasting Sys., Inc.*, 844 F.2d 955, 961 n.11 (2d Cir. 1988); *Test Masters Educ. Servs., Inc. v. NYP Holdings, Inc.*, 603 F. Supp. 2d 584, 588 (S.D.N.Y. 2009); *Ford v. Levinson*, 90 A.D.2d 464, 465

---

[4] Plaintiff also claims, without any support in the plain text or reference to any authority, that the application of the privilege should resolve "against" the defendant if there is "substantial doubt" about its applicability. Rapaport Br. at 16. This argument is a fabrication.

(1st Dep't 1982). Despite being on notice about all these authorities for over a year, Plaintiff does not even reference them, much less attempt to distinguish them.[5]

Furthermore, Plaintiff again claims Finkelman's posts cannot constitute "fair" and "true" "reports" of a judicial proceeding because of his displeasure with her mockery. Rapaport Br. at 16–18. This too is flatly wrong. Again, Plaintiff's recycled arguments from his opposition to the motion to dismiss cannot avoid precedents holding even if a statement "uses more colorful language" than the underlying litigation, there is no "legal basis for plaintiff's libel claim" if the statement "does not suggest more serious conduct than that actually suggested in the original proceeding…." *Geiger v. Town of Greece*, 311 Fed. Appx. 413, 417 (2d Cir. 2009) (summary order) (cleaned up); *see also BYD Co. Ltd. v. VICE Media LLC*, 531 F. Supp. 3d 810, 822 (S.D.N.Y. 2021); *Bouchard v. Daily Gazette Co.*, 136 A.D.3d 1233, 1234 (3d Dep't 2016). Again, except to miscite *Cholowsky*, Plaintiff does not engage with these authorities in any way, despite being on notice about their existence for over a year.

There is no credible argument against section 74's application in this case.[6] There never was. It follows from that conclusion that the exact logic of *Zerman v. Sullivan & Cromwell*, 677 F. Supp. 1316 (S.D.N.Y. 1988), where a motion for sanctions (including an award of attorney's

---

[5] Instead, Plaintiff cites three completely inapposite cases. *See Wenz v. Becker*, 948 F. Supp. 319, 323 (S.D.N.Y. 1996) (denying summary judgment because report referenced wrongdoing by plaintiff without any "focus" on a relevant lawsuit, outside the context of later discussion of the lawsuit, and without any qualifying context that would suggest to the reader that the statements were concerning a lawsuit); *Corp. Training Unlimited, Inc. v. Nat'l Broad. Co.*, 868 F. Supp. 501, 508–9 (E.D.N.Y. 1994) (denying motions to dismiss and for partial summary judgment because report, which was in "narrative fashion" and made no direct references to foreign trial testimony, could not rely on the fact that the reporter "attended some of the proceedings" to apply section 74); *Komarov v. Advance Mag. Publishers, Inc.*, 180 Misc. 2d 658, 659 (Sup. Ct. N.Y. Cnty. 1999) (<u>granting</u> motion to dismiss based on section 74).

[6] Even if New Jersey law somehow applied, which it doesn't, New Jersey has an equivalent immunity that would have barred Plaintiff's false light claim. *See Lee v. TMZ Productions Inc*, 710 Fed. Appx. 551, 557–59 (3d Cir. 2017) (Scirica, J.) (non-precedential opinion).

4

fees and costs) was granted based on defamation claims clearly barred by section 74, applies in this case. *See id.* at 1319–24. Plaintiff does not reference or attempt to address *Zerman*.

**B.     Plaintiff failed to satisfy any of the basic elements of his claims**

This Court held "Finkelman did not write or suggest anything that would cause an ordinary reader to have a different opinion than one they would have if they merely read the *Rapaport I* complaint," which made the statement non-actionable. MTD Dec., ECF no. 52 at 13. Further, even if actionable, the Court concluded that the statement at issue was true because "Defendant described the photograph as 'fake[,]'" and that was the "'truth'—as Plaintiff essentially concedes…." *Id.* at 14. Rather than engaging, Plaintiff doubles down.

First, Plaintiff again claims that posting the photograph is intrinsically defamatory in any context, including Finkelman's posts.[7] This position is as unfounded and wrong as it was over a year ago when he first asserted it. This Court "must" (and correctly did) "give the disputed language a fair reading in the context of *the publication as a whole*." *Celle v. Filipino Reporter Enters. Inc.*, 209 F.3d 163, 177 (2d Cir. 2000) (emphasis in original). As this Court correctly noted, "[t]he alleged defamatory tweet containing the photograph came at the end of an entire thread devoted to the *Rapaport I* complaint, which itself alleged that the photograph was falsified." MTD Dec. at 12. Accordingly, it was "clear, to an ordinary reader, that Defendant derived both the subject and source of" her opinions from *Rapaport I. Id.*

Second, Plaintiff still appears to claim that posting the photograph is not just an actionable statement of fact, but also is factually false. *See* Rapaport Br. at 13–16. He makes no

---

[7] Plaintiff also references "defamation by implication," but that is a distinct claim under New York law, which Plaintiff has never asserted. *See Henry v. Fox News Network LLC*, 629 F. Supp. 3d 136, 145 (S.D.N.Y. 2022). Even if it did somehow apply, this Court's reasoning clearly articulates why there can be no reasonable interpretation of Finkelman's posts as stating or implying what Plaintiff claims. *See* MTD Dec. at 12–13.

citations to authority that might conceivably (even if incorrectly) support his basis for that argument. That is because none exists. As this Court held, Finkelman specifically adopted Plaintiff's "concede[d]" truth by saying the photograph was "fake." MTD Dec. at 14.

Any of these deficiencies from the face of the Complaint — immunity under section 74, non-actionable statements, and true statements — were sufficient to demonstrate Plaintiff's claims could not conceivably succeed. Taken all together, they scream for that conclusion. In addition to *Zerman*, Finkelman cited to other decisions that granted a motion for sanctions (including awarding attorney's fees) against defamation plaintiffs who "failed to point to any even arguably defamatory statement by any defendant." *Gray v. Millea*, 892 F. Supp. 432, 437 (N.D.N.Y. 1995); *see also Johnson v. A.W. Chesterton Co.*, 18 F.3d 1362, 1366 (7th Cir. 1994); *Theis v. Smith*, 676 F. Supp. 874, 877 (N.D. Ill. 1988); *Kearney v. Todd L. Smith, P.A.*, 624 F. Supp. 1008, 1013–16 (S.D.N.Y. 1985). Plaintiff conspicuously fails to address any of them.

    **C.**    **Plaintiff's attempt to assert a false light and invasion of privacy claim under New Jersey law was frivolous**

As this Court held, every relevant factor under New York's choice-of-law analysis points towards the application of New York law. *See* MTD Dec. at 5–6. This Court noted that Plaintiff was already on notice of that conclusion six months before the MTD Decision because the same conclusion was reached in *Rapaport I*. *See* MTD Dec. at 5–6. Nevertheless, Plaintiff maintains that it was reasonable for him to pursue the application of New Jersey law. It was not.

Plaintiff appears to argue that New York's choice-of-law rules, by default, apply "the law of the plaintiff's domicile" to "privacy torts…." Rapaport Br. at 20. That is false. *See Lee v. Bankers Tr. Co.*, 166 F.3d 540, 545 (2d Cir. 1999) ("In tort cases like this, New York applies the law of the state with the most significant interest in the litigation."). Indeed, the very precedent Plaintiff cites explicitly says that "preference for the plaintiff's domicile is not conclusive…." *Id.*

6

at 545.[8] The Second Circuit then followed that rule in *Kinsey*. *See Kinsey*, 991 F.3d at 177. This Court applied that directly-applicable precedent in concluding New York law applied in this case. MTD Dec. at 6. Plaintiff does not cite any authorities that would support another result.[9]

Plaintiff's false light claim, like his defamation claim, was frivolous. *See Baiul v. NBC Sports*, No. 15-cv-9920-KBF, 2016 WL 1587250, at *12, 15–16 (S.D.N.Y. Apr. 19, 2016).

## II.   FINKELMAN'S MOTION FOR SANCTIONS IS PROCEDURALLY PROPER

Plaintiff and Altman make various unfounded procedural arguments to claim this Court somehow lacks authority to grant a motion for sanctions. All those arguments are wrong.

Altman, for his part, argues that this Court categorically cannot grant the motion for sanctions because the motion to dismiss has been granted. Altman in essence admits this argument does not carry water when he says "Rule 11 contains no explicit time limit for serving the motion…." Altman Br. at 4. Regardless, there are numerous decisions considering or granting motions for sanctions after the dismissal of a complaint. *See, e.g.*, *Baiul*, 2016 WL 1587250, at *4, *14–16; *Dangerfield v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, No. 02-cv-2561-KMW-GWG, 2003 WL 22227956, at *5–7 (S.D.N.Y. Sept. 26, 2003).

Altman's more open-ended "policy" arguments (i.e., that he should not be sanctioned when he was supposedly unable to "cure" the sanctionable conduct) are no more availing. In essence, these arguments restate what Altman has been claiming for over a year: that his

---

[8] Plaintiff misconstrues *Lee*. The Second Circuit made clear that the first preference for application of substantive state law is to apply "the law of the place of the tort…." *Lee*, 166 F.3d at 545. Under those particular facts, the court did not consider the plaintiff's residence except in the alternative, instead identifying all the elements of the tort that occurred in New Jersey (location of plaintiff's office, location of his "expulsion from the workplace", and so on). *Id.*

[9] Plaintiff again cites to *Catalanello v. Kramer*, 18 F. Supp. 3d 504 (S.D.N.Y. 2014), but that case bears no similarity to this one because none of the facts relevant to the alleged tort in that case happened in New York, rather than New Jersey. *See id.* at 512–13.

withdrawal immunizes him from sanctions. As Finkelman has repeatedly argued and this Court has repeatedly held, this position is "without merit." ECF no. 16; *see also* ECF no. 11, 13, 15, 28, 30. It is central to this Court's ability to police the conduct of attorneys practicing before it that those attorneys cannot be "insulate[d] [] from such a claim [for sanctions] for pre-withdrawal litigation conduct." *Logicom Inclusive, Inc. v. W.P. Stewart & Co.*, No. 04-cv-604, 2008 WL 1777855, at *2 (S.D.N.Y. Apr. 16, 2008). This even includes imposition of sanctions in circumstances where a withdrawn attorney argues (which, conspicuously, Altman does not) that he or she tried to "persuade" their client to dismiss a frivolous lawsuit and was "unable to obtain [that] consent." *Baiul*, 2016 WL 1587250, at *16. The operative question is whether the conduct occurred before the lawyer's withdrawal, especially when the attorney "failed to make a reasonable inquiry *before* the [pleading] was filed." *Cross & Cross Properties, Ltd. v. Everett Allied Co.*, 886 F.2d 497, 505 (2d Cir. 1989) (emphasis in original).[10] That is satisfied here.

If Rule 11's "safe harbor" provision articulates some policy preference for motions for sanctions asserted when there is still an opportunity to cure, that too is satisfied here. Finkelman's original motion, substantially the same as the renewed one, was noticed before her motion to dismiss was filed, and was filed contemporaneously with her motion to dismiss, eleven months before dismissal was ultimately granted. *See* ECF no. 20, 21-1, 21-2, 21-3.[11]

---

[10] Altman repeatedly misconstrues the issue with his conduct in this case, describing the issue as "failing to withdraw a pleading he had no power to withdraw." Altman Br. at 2. That is not the issue. The issue is Altman's decision to <u>file</u> a frivolous complaint on behalf of his client. He is responsible for that conduct regardless of whether he later withdraws, and regardless of the circumstances of his withdrawal. Altman's arguments on this issue (and others) are a red herring.

[11] Altman's authorities, all of which involve circumstances where neither pre-motion notice nor a filed motion for sanctions were pursued at all before dismissal, are readily distinguishable. *See, e.g.*, *Retail Flooring Dealers of Am., Inc. v. Beaulieu of Am., LLC*, 339 F.3d 1146, 1148, 1150–51 (9th Cir. 2003). Altman similarly relies on inapposite authorities by citing *Ophir v. Goldstein*, No. 86-cv-2963-WK, 1990 WL 284519 (S.D.N.Y. Oct. 10, 1990). In that case, the sanctions motion was denied because the defendant "was found liable on some of the claims." *Id.* at *4.

Plaintiff, for his part, argues that Finkelman was required to submit a declaration to be entitled to a grant of motion for sanctions. This is incorrect. The case he cites, *Mackler Prods., Inc. v. Cohen*, 225 F.3d 136 (2d Cir. 2000), is inapposite because the district court in that case awarded a specific amount of fees without yet having evidentiary basis in the record to confirm that amount was reasonable. *Id.* at 146. As Finkelman's motion makes clear, she will provide the necessary information for assessing an amount of attorney's fees and costs upon the grant of the motion for sanctions. *See* Finkelman Br. at 17. And, if needed, a good faith estimate is included in reply materials in support of Finkelman's alternative anti-SLAPP motion. ECF no. 98–99.

### III. PLAINTIFF AND ALTMAN FILED AND PURSUED THIS CASE FOR IMPROPER PURPOSES

In addition to the inference of improper purposes this Court is permitted to draw based on the frivolousness of the claims, an improper purpose for pursuing this case can separately be inferred from the irrelevant allegations speaking to personal contempt for Finkelman and Altman's conduct while he was representing Plaintiff. *See* Finkelman Br. at 13–16. Altman does not address this issue at all, and Plaintiff references it only with respect to the bare allegation of Finkelman's identity as an attorney. There are numerous other allegations that demonstrate Plaintiff did not file his Complaint "to redress any injury … or to obtain judicial relief, but to harass [] Defendant[]" for doing something completely within her rights to do "and to deter others from doing the same." *Gong v. Sarnoff*, No. 23-cv-343-LJL, 2023 WL 5372473, at *14 (S.D.N.Y. Aug. 22, 2023).

Separately, Altman revealed the retaliatory and intimidating objectives of this litigation when he explicitly asked for what the law does not allow (deletion of all of Finkelman's posts) in exchange for dismissing this case. Tellingly, Altman does not dispute the undersigned's description in his declaration concerning the August 27, 2024 phone call. *See* ECF no. 81-8, ¶ 7.

9

Plaintiff's rank speculation on the topic is not accurate, and in any case does not carry any weight. The conversation went exactly as described.

### IV.  PLAINTIFF AND ALTMAN FAIL TO ADDRESS, AND THUS WAIVE, OPPOSITION ON SEVERAL ISSUES RAISED IN THE SANCTIONS MOTION

In addition to the issues raised above where Plaintiff, Altman, or both fail to engage with facts, authorities, or arguments, Plaintiff and Altman both fail to address several sections of the Finkelman Brief altogether and, accordingly, waive opposition as to those issues too. First, neither Plaintiff nor Altman make any objection to the imposition of fees and costs as a remedy for the sanctions. *See* Sanctions Opening Br. at 16–18. Second, neither Plaintiff nor Altman make any objection to Finkelman's request that any award for fees and costs be joint and several between Plaintiff, Altman, and Altman's firm. *See id.* at 18–19. Third, neither of them objects to any of the other proposed remedies in Finkelman's brief. *See id.* at 17–18.

Granting the motion for sanctions and awarding fees and costs to Finkelman — in an amount to be determined — would provide appropriate deterrence and would moot her separate alternative request for fees and costs under New York's anti-SLAPP law. *See* ECF no. 83.

### CONCLUSION

For the reasons explained above and in prior materials submitted in support of the motion, this Court should grant Finkelman's motion for sanctions, order an award of full attorney's fees, costs, and expenses associated with her defense of this frivolous action, and order any other monetary and nonmonetary sanctions the Court deems appropriate.

                                                          Respectfully submitted,

DATED:   December 3, 2025      /s/ *Max Rodriguez*
                                                    Max Rodriguez
                                                    LAW OFFICE OF MAX RODRIGUEZ PLLC
                                                    575 5th Avenue, 14th Floor
                                                    New York, NY 10017
                                                    max@maxrodriguez.law
                                                    (646) 741-5167
                                                    *Attorney for Defendant Abigail Finkelman*