UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

GIDEON RAPAPORT,

                Plaintiff,

- vs. -

ABIGAIL FINKELMAN,

                Defendant.

No.: 1:24-cv-05942 (JGLC)

**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF
DEFENDANT ABIGAIL FINKELMAN'S MOTION
FOR ATTORNEY'S FEES UNDER NEW YORK'S ANTI-SLAPP LAW**

Max Rodriguez
LAW OFFICE OF MAX RODRIGUEZ PLLC
575 5th Avenue, 14th Floor
New York, NY 10017
max@maxrodriguez.law
(646) 741-5167
*Attorney for Defendant Abigail Finkelman*

**TABLE OF CONTENTS**

INTRODUCTION .................................................................................................................. 1

ARGUMENT ........................................................................................................................ 2

I. PLAINTIFF'S ARGUMENTS INVITE FORUM SHOPPING TO FEDERAL COURT
FOR FRIVOLOUS DEFAMATION SUITS ................................................................... 2

II. THERE IS NO CONFLICT BETWEEN RULE 12 AND
CIVIL RIGHTS LAW § 70-A WITH RESPECT TO THE
SUBSTANTIVE REMEDY OF ATTORNEY'S FEES AND COSTS ................................. 3

III. NEW YORK'S ANTI-SLAPP LAW IS CONSTITUTIONAL ........................................ 5

IV. PLAINTIFF'S CLAIMS HAD NO BASIS IN LAW,
LET ALONE A SUBSTANTIAL BASIS ...................................................................... 6

V. ESTIMATED FEES IN THIS CASE ARE, AT THIS TIME, OVER $144,000 ................... 7

CONCLUSION ..................................................................................................................... 8

# TABLE OF AUTHORITIES

**CASES**

*215 W. 84th St Owner LLC v. Bailey*,
 217 A.D.3d 488 (1st Dep't 2023) ...................................................................................... 6

*Adelson v. Harris*,
 973 F. Supp. 2d 467 (S.D.N.Y. 2013) ................................................................................ 5

*Bill Johnson's Restaurants, Inc. v. N.L.R.B.*,
 461 U.S. 731 (1983) ........................................................................................................... 6

*Bobulinski v. Tarlov*,
 758 F. Supp. 3d 166 (S.D.N.Y. 2024) ....................................................................... 2, 6, 7

*Bobulinski v. Tarlov*,
 No. 24-cv-2349-JPO, 2025 WL 872178 (S.D.N.Y. Mar. 20, 2025) ................................... 7

*Breuer v. Jim's Concrete of Brevard, Inc.*,
 538 U.S. 691 (2003) ........................................................................................................... 2

*California Motor Transp. Co. v. Trucking Unlimited*,
 404 U.S. 508 (1972) ........................................................................................................... 5

*Cheng v. Neumann*,
 106 F.4th 19 (1st Cir. 2024) ............................................................................................... 4

*Hanna v. Plumer*,
 380 U.S. 460 (1965) ........................................................................................................... 2

*Heilbut v. Cassava Scis., Inc.*,
 778 F. Supp. 3d 551 (S.D.N.Y. 2025) ................................................................................ 6

*La Liberte v. Reid*,
 966 F.3d 79 (2d Cir. 2020) ................................................................................................. 5

*Reeves v. Associated Newspapers, Ltd.*,
 232 A.D.3d 10 (1st Dep't 2024) ..................................................................................... 4, 6

*Riordan v. Nationwide Mut. Fire Ins. Co.*,
 977 F.2d 47 (2d Cir. 1992) ................................................................................................. 3

*Shady Grove Orthopedic Assocs., P.A. v. Allstate Ins. Co.*,
 559 U.S. 393 (2010) ........................................................................................................... 3

*Smallwood v. Gallardo*,
    275 U.S. 56 (1927) ............................................................................................................ 2

*Tu Nguyen v. Duy Tu Hoang,*
    No. 17-cv-2060, 2018 WL 8732490 (S.D. Tex. Oct. 19, 2018) ......................................... 8

*United States v. Carranza*,
    751 F. Supp. 3d 295 (S.D.N.Y. 2024) ............................................................................... 2

*Woulfe v. Universal City Studios LLC*,
    No. 2:22-cv-00459-SVW-AGR, 2024 WL 1110914 (C.D. Cal. Feb. 8, 2024) .................. 8

## **STATUTES**

28 U.S.C. § 2072 .............................................................................................................................. 3

CPLR § 3211 .................................................................................................................................... 4

## **FEDERAL RULES**

Fed. R. Civ. P. 12 ........................................................................................................................ 4, 5

**INTRODUCTION**

New York's legislature sought to curb the filing of meritless defamation lawsuits by creating a clear, mandatory mechanism for the recovery of fees by prevailing defendants. Plaintiff's opposition is a desperate effort to avoid the consequences of his own lawsuit. Throwing imagined unconstitutionality, a warped version of the *Erie* doctrine, and anything else he can muster at the wall, Plaintiff tries to make this motion much more complicated than it is. To the extent Defendant Abigail Finkelman is not awarded her fees and costs under her other pending motion for sanctions, ECF no. 80, she is entitled to fees and costs in the alternative under New York's anti-SLAPP law.

New York's anti-SLAPP law provides for mandatory awards of attorney's fees and costs in any "action involving public petition and participation" where the defendant prevailed in demonstrating, through a motion to dismiss or a specialized anti-SLAPP motion in state court, that "the action … was commenced or continued without a substantial basis in fact and law and could not be supported by a substantial argument for the extension, modification or reversal of existing law." Civil Rights Law § 70-a(1)(a). This is an action involving public petition and participation,[1] Plaintiff Gideon Rapaport's claims were dismissed in their entirety for failure to state a claim, *see* ECF no. 52, and New York law makes clear that an action dismissed for failure to state a claim cannot, by virtue of that conclusion, be supported by substantial basis in fact and law. The recovery of fees may occur by "maintain[ing] an action, claim, cross claim or counterclaim" to pursue the fees, which by its plain meaning includes continuation of this action through this motion. The award of attorney's fees under state law has been held to be a substantive remedy, rather than a procedural mechanism, making *Erie* a non-issue. In other

---

[1] Plaintiff does not argue otherwise in his opposition.

1

words, this case is the paradigmatic example of a SLAPP lawsuit to which the anti-SLAPP law applies, for which fees are required under New York law, and which this Court is permitted to award.

## ARGUMENT

I. **PLAINTIFF'S ARGUMENTS INVITE FORUM SHOPPING TO FEDERAL COURT FOR FRIVOLOUS DEFAMATION SUITS**

In his attempts to twist the *Erie* doctrine, litigation immunity,[2] and more, Plaintiff in essence asks for special favorable rules that would reward him for forum shopping in this Court, even though his claims were meritless. The *Erie* doctrine was intended to prevent precisely this type of cynical litigation strategy. The "twin aims of the Erie rule" were "discouragement of forum-shopping and avoidance of inequitable administration of the laws." *Hanna v. Plumer*, 380 U.S. 460, 468 (1965).

This is precisely the concern that was articulated in *Bobulinski v. Tarlov*, 758 F. Supp. 3d 166 (S.D.N.Y. 2024). Without appropriate application of state substantive anti-SLAPP laws in federal court, "forum shopping becomes a logical choice" through which federal courts will become the preferred venue "to bring meritless SLAPP suits … to avoid having to pay attorney's fees." *Id.* at 186.[3]

---

[2] Without any apposite authority, Plaintiff claims that litigation immunity somehow bars anti-SLAPP statutes. This argument is meritless. Both under federal and state law, federal courts regularly apply substantive statutes or rules that regulate conduct through fee-shifting provisions. *See, e.g.*, *United States v. Carranza*, 751 F. Supp. 3d 295 (S.D.N.Y. 2024) (awarding in part prevailing-party attorneys' fees to defendants under federal and state False Claims Acts). Legislatures can deter particular frivolous claims through fee shifting, and courts can apply those statutes without any implication of the litigation privilege, which applies specifically to foreclosing tort liability for statements made in court in some circumstances.

[3] Separately, Plaintiff's argument that anti-SLAPP fees cannot be awarded in this action on this motion are unavailing. The statute by its plain text permits the defendant to recover fees and costs by "maintain[ing] an action, claim, cross claim or counterclaim…." Civil Rights Law § 70-

2

Plaintiff asks this Court to bless his ability to forum shop and receive the benefit of inequitable administration of the laws. To the extent this Court needs to reach this motion (assuming it does not grant Finkelman's motion for sanctions and award fees and costs thereunder), this Court should not permit Plaintiff to avail himself of the parts of New York law he likes and avoid the parts he does not, using the *Erie* doctrine and related principles as a shield to do so.

## II. THERE IS NO CONFLICT BETWEEN RULE 12 AND CIVIL RIGHTS LAW § 70-A WITH RESPECT TO THE SUBSTANTIVE REMEDY OF ATTORNEY'S FEES AND COSTS

In his invocation of various concepts — the *Erie* doctrine, the Supremacy Clause, and the Rules Enabling Act[4] — Plaintiff substantially if not entirely misses the point of assessing state substantive versus procedural law. The first question, before conducting an *Erie* analysis at all, is determining whether the federal law at issue "attempts to answer the same question" as the relevant state statute. *Shady Grove Orthopedic Assocs., P.A. v. Allstate Ins. Co.*, 559 U.S. 393, 399 (2010). With respect to Civil Rights Law § 70-a(1)(a)'s substantive right to fees and costs, the inquiry ends there. *See Riordan v. Nationwide Mut. Fire Ins. Co.*, 977 F.2d 47, 53 (2d Cir. 1992) (recognizing state law's ability to create "substantive right to attorney's fees"). Neither

---

a(1). The word "maintain" is more expansive than to initiate, or file, or assert. Indeed, the Supreme Court has made clear that "'[t]o maintain an action' may also mean 'to continue' to litigate, as opposed to 'commence' an action." *Breuer v. Jim's Concrete of Brevard, Inc.*, 538 U.S. 691, 695 (2003); *see also Smallwood v. Gallardo*, 275 U.S. 56, 61 (1927) ("To maintain a suit is to uphold, continue on foot and keep from collapse a suit already begun."). By pursuing the requested relief after dismissal of Plaintiff's claims, rather than allowing this case to proceed to a final judgment, Finkelman has "maintained" this action.

[4] Notably, the Rules Enabling Act bars federal courts from, among other things, "abridg[ing]" or "modify[ing] any substantive right." 28 U.S.C. § 2072(b). That is precisely what Plaintiff asks this Court to do by making New York's anti-SLAPP remedy unavailable to Finkelman in response to a defamation claim he chose to assert under New York law.

3

Rule 12 nor any other provision of federal law or rules takes any position on the applicability of fee-shifting to defamation claims under state law.

Even if there were overlap, it would be limited to the necessary standard for establishing entitlement to attorney's fees under the statute. *See* Civil Rights Law § 70a-(1)(a) (providing for fees and costs when a covered action "was commenced or continued without a substantial basis in fact and law"). Plaintiff focuses on the specialized procedures in CPLR § 3211(g), claiming this mechanism conflicts with Rule 12 and therefore renders the entire statute in conflict with federal procedure. But again, he misses the mark. New York appellate courts have held that Civil Rights Law § 70-a(1)(a) can separately be satisfied by dismissal under CPLR § 3211(a)(7), which requires only that the defendant establish, just like Rule 12(b)(6), that "the pleading fails to state a cause of action." CPLR § 3211(a)(7); *see also Reeves v. Associated Newspapers, Ltd.*, 232 A.D.3d 10, 24 (1st Dep't 2024) ("[A] complaint which fails to state a claim … necessarily lacks a 'substantial basis in law….'"). Accordingly, to the extent there is any procedural component to section 70-a(1)(a) that overlaps with Rule 12, it is in harmony with it so long as a federal court does not apply the specialized procedures of CPLR § 3211(g), and instead only determines under Rule 12(b)(6) whether the plaintiff has failed to state a claim.[5] That is precisely what this Court did.

This "either or" approach in section 70-a(1)(a) stands in clear contrast to California's anti-SLAPP statute, which the Second Circuit held could not apply in federal court (either procedurally or substantively with respect to fees) because it required dismissal through a "special motion to strike" with a unique shifted burden with no alternative mechanism for

---

[5] This conclusion was confirmed by the First Circuit in addition to the court in *Bobulinski*. *See Cheng v. Neumann*, 106 F.4th 19, 24 n.2 (1st Cir. 2024).

satisfying its requirements. *See La Liberte v. Reid*, 966 F.3d 79, 87 (2d Cir. 2020). Where the "effects of the Anti-SLAPP law … are substantive[,]" and the procedural elements do not present any conflict, those substantive components of the anti-SLAPP law apply. *Adelson v. Harris*, 973 F. Supp. 2d 467, 493 n.21 (S.D.N.Y. 2013), *aff'd*, 774 F.3d 803 (2d Cir. 2014).

Either by way of how other district courts considered the issue, or how the parties presented the issue to those district courts, decisions by other district courts finding that section 70-a(1)(a) did not apply in federal court at all should not be followed because they failed to grapple with this critical distinction between anti-SLAPP laws that exclusively require specialized procedural mechanisms and those that can be applied fully through Rule 12(b)(6) like New York's.

### III. NEW YORK'S ANTI-SLAPP LAW IS CONSTITUTIONAL

Taking another swing for the fences, Plaintiff alternatively argues that New York's anti-SLAPP statute is altogether unconstitutional in violation of the First Amendment. This is not only wrong, but it turns defamation law on its head. Plaintiff is not the one whose speech is silenced by the way this lawsuit (which he has been free to pursue) has unfolded. Instead, it is Finkelman who has been punished for her speech, precisely the interest New York seeks to protect.

While litigation is part of the First Amendment's right of petition, that right is not in any way impacted by the anti-SLAPP statute. After all, we are here before this Court, having litigated Plaintiff's claims and now these ancillary issues, because he filed a lawsuit. The Supreme Court has construed laws to ensure they do not prohibit the <u>filing</u> of lawsuits to avoid affecting the right of petition. *See, e.g.*, *California Motor Transp. Co. v. Trucking Unlimited*, 404 U.S. 508, 510–11 (1972). But the Supreme Court has likewise held that even statutes permitting the special and involuntary dismissal of lawsuits are constitutional so long as they are narrowly construed to

5

ensure that litigation is only dismissed if it is found to be lacking in merit. *See Bill Johnson's Restaurants, Inc. v. N.L.R.B.*, 461 U.S. 731, 743–44 (1983).

In this case, we are several steps further removed from what the Supreme Court has already said is constitutional in the regulation of litigation. Here, the anti-SLAPP statute (as applied in this case, in federal courts) worked no special procedural requirements on Plaintiff, required him to meet no special burdens, and did nothing to prevent him from having his claims heard on the merits. The right of petition is not a right to win, or a right to sue without consequences. It is a "right of access to the courts … for redress of grievances." *Bill Johnson's*, 461 U.S. at 741. But "baseless litigation is not immunized by the First Amendment right to petition." *Id.* at 743. Plaintiff has a right of petition, and he has received that right. Not liking the result (or its attendant consequences under state law) is not the same thing.

IV. **PLAINTIFF'S CLAIMS HAD NO BASIS IN LAW, LET ALONE A SUBSTANTIAL BASIS**

Plaintiff did not have a substantial basis for his claims under existing law or a nonfrivolous basis to extend, modify, or reverse existing law. As referenced above, under New York law "a complaint which fails to state a claim … necessarily lacks a 'substantial basis in law….'" *Reeves*, 232 A.D.3d at 24; state a claim." *Bobulinski v. Tarlov*, 758 F. Supp. 3d 166, 185 (S.D.N.Y. 2024) (emphasis in original); *see also, e.g.*, *Heilbut v. Cassava Scis., Inc.*, 778 F. Supp. 3d 551, 570 (S.D.N.Y. 2025) (same); *215 W. 84th St Owner LLC v. Bailey*, 217 A.D.3d 488, 488–89 (1st Dep't 2023) (same). Plaintiff does not address this issue or these authorities, instead insisting that his arguments in opposition to the motion to dismiss give his claims a substantial basis. But New York law is clear that dismissal for failure to state a claim is the floor, and Plaintiff did not even satisfy that. This Court can end the inquiry there.

But even if further inquiry into the merits were needed, Plaintiff's claims (and the arguments he has repeatedly asserted to try to support them) are frivolous and unsupported under

existing binding and persuasive case law. Plaintiff's arguments and authorities, which are substantially the same as the ones articulated in his opposition to Finkelman's motion for sanctions and now-granted motion to dismiss, are discussed at length in other filings, including but not limited to the reply brief in support of the motion for sanctions and the reply brief in support of the motion to dismiss. *See* ECF no. 34, 97.

## V. ESTIMATED FEES IN THIS CASE ARE, AT THIS TIME, OVER $144,000

To the extent disclosure of a "fair estimate" of the requested fees is required, the undersigned discloses that based off contemporaneous time records in this matter billed on an hourly basis by attorneys and staff, Finkelman has incurred — as of this date — over $144,000 in attorney's fees in her successful defense of this action. To the extent this anti-SLAPP motion needs to be considered on the merits,[6] Finkelman respectfully requests that this Court consider the materials enclosed with the undersigned's reply declaration, but permit Finkelman to provide updated final fee figures if this motion is granted. *See* Reply Declaration of Max Rodriguez in further support of Anti-SLAPP Motion, Exs. 1–2; *see also Bobulinski*, 758 F. Supp. 3d at 190 (directing defendants to "submit any request for attorney's fees and costs with appropriate documentation" after granting the anti-SLAPP motion). If needed, Finkelman will also submit a renewed motion for attorney's fees.

This approximated (and subject to update) amount of fees is entirely reasonable. Indeed, fees for amounts over two times as high as this amount have been awarded under New York's anti-SLAPP law upon dismissal of a case. See *Bobulinski v. Tarlov*, No. 24-cv-2349-JPO, 2025 WL 872178, at *4 (S.D.N.Y. Mar. 20, 2025) ($333,674.66). Fee awards applying other fee-

---

[6] Finkelman again reiterates that, should this Court grants her motion for sanctions and award fees and costs thereunder, this motion can be denied as moot.

shifting anti-SLAPP laws have resulted in similar or greater awards. *See Woulfe v. Universal City Studios LLC*, No. 2:22-cv-00459-SVW-AGR, 2024 WL 1110914, at *13 (C.D. Cal. Feb. 8, 2024) ($126,705.46); *Tu Nguyen v. Duy Tu Hoang*, No. 17-cv-2060, 2018 WL 8732490, at *9–10 (S.D. Tex. Oct. 19, 2018) (awarding almost $1.2 million to two different groups of defendants, including fees incurred and future appellate fees). Finkelman reserves the right to separately brief the appropriate amount of the fee award in a separate phase upon grant of this motion (if needed), similarly to how the court in *Bobulinski* handled the issue.

## CONCLUSION

For the reasons explained above and in prior materials submitted in support of the motion, this Court should grant Finkelman's motion for attorney's fees and costs under New York's anti-SLAPP law.

                                                        Respectfully submitted,

DATED: December 3, 2025    /s/ *Max Rodriguez*
                                              Max Rodriguez
                                              LAW OFFICE OF MAX RODRIGUEZ PLLC
                                              575 5th Avenue, 14th Floor
                                              New York, NY 10017
                                              max@maxrodriguez.law
                                              (646) 741-5167
                                              *Attorney for Defendant Abigail Finkelman*