

575 5th Avenue, 14th Floor
New York, NY 10017

Max Rodriguez
max@maxrodriguez.law
T 646-741-5167

December 8, 2025

<u>Via ECF</u>

Hon. Jessica G. L. Clarke
United States District Judge
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, Room 1040
New York, NY 10007

  Re: *Rapaport v. Finkelman*, No. 1:24-cv-05942-JGLC

Dear Judge Clarke:

  I represent Defendant Abigail Finkelman in the above-captioned action. I write to oppose Plaintiff's letter request for leave to file a surreply memorandum (or memoranda), ECF no. 100, with respect to Ms. Finkelman's pending motions for sanctions and for attorney's fees and costs under New York's anti-SLAPP law, ECF no. 80, 83. Most importantly, per this Court's individual rule 4(b), surreply memoranda are not allowed "unless specifically permitted in <u>extraordinary</u> situations for <u>good cause</u>." Clarke, J., Individual Rules 4(b) (emphasis added). Plaintiff does not even attempt to articulate why this is an extraordinary situation or why good cause exists. Even if he had, neither condition is satisfied here.

  Plaintiff claims that a district court decision, *Button v. New York Times Co.*, No. 1:24-cv-05888-MKV, 2025 WL 2643674 (S.D.N.Y. Sept. 15, 2025), "require[s]" Ms. Finkelman to have fully litigated the amount of her fee award under either sanctions or anti-SLAPP as a part of the substantive motion for relief. ECF no. 100. *Button* does not "require" Ms. Finkelman or this Court to do anything. Indeed, as Ms. Finkelman articulated in her sanctions motion and in her anti-SLAPP motion, other courts in this District have permitted precisely the procedure Ms. Finkelman has followed: to request the substantive relief giving rise to an award of fees and costs, with a separate phase to determine the actual award thereafter. *See, e.g.*, *Bobulinski v. Tarlov*, No. 24-cv-2349-JPO, 2025 WL 872178, at *4 (S.D.N.Y. Mar. 20, 2025) (awarding $333,674.66 in fees under New York anti-SLAPP law in separate order after grant of motion to dismiss and substantive request for fees); *Gong v. Sarnoff*, No. 23-cv-343-LJL, 2023 WL 5372473, at *10 (S.D.N.Y. Aug. 22, 2023) (directing defendants, as part of grant of motion for sanctions, "to file an application for fees and costs within fourteen days of the date of this Order").

  Plaintiff has stated his incorrect position concerning *Button* in his opposition to the anti-SLAPP motion. As explained in the reply, articulation of the fee amount is not needed at this juncture, but even assuming a fee estimate under Rule 54 is required in a substantive anti-SLAPP fee motion, this Court now has it. *See* ECF no. 98 at 7–8. Plaintiff did not articulate a similar position in his opposition to the sanctions motion, which would make a surreply in that context



Hon. Jessica G. L. Clarke
*Rapaport v. Finkelman*, No. 1:24-cv-05942-JGLC
December 8, 2025
Page 2 of 2

doubly inappropriate. But in any case, Rule 54 does not govern sanctions motions. If Plaintiff wishes to assert arguments concerning the amount of the fee award in a case where the fees were made higher by his own litigation tactics (but still substantially lower than other awards given), he will have the opportunity to do so.

    Plaintiff has nothing to offer this Court in a surreply except more of the same irrelevant invective. Plaintiff's request should be denied. Ms. Finkelman respectfully requests that this Court grant the motion for sanctions with an award of fees and costs thereunder or, in the alternative, grant the anti-SLAPP motion for fees and costs, and do so with all deliberate speed this Court's busy schedule allows so that this dispute can come to an end. Thank you for your Honor's consideration in this matter.

    Respectfully,

    */s/ Max Rodriguez*
    Max Rodriguez