The Honorable Jessica G. L. Clarke
United States District Court Judge
Southern District of New York
500 Pearl Street
New York NY, 10007

Re:    Rapaport v. Finkelman et al., 24-cv-05942

**Letter in Support of Motion for Leave to File Motion**

Your Honor:

I am respectfully writing in support of my motion for leave to file a motion for leave to file a sur-reply.

Defendant Finkelman argues that my motion for a sur-reply should not be granted because the rules limit sur-replies to "extraordinary situations for good cause" per Your Honor's Individual Rules. This same standard and its proper purpose of establishing the salutary motion-opposition-reply format restrains defendant Finkelman from extraordinarily and improperly springing new exhibits, facts and allegations on myself as the non-movant in her replies. There is no extraordinary situation nor good cause for her to be allowed to do so.

As I respectfully indicated in my letter-motion, if the Court will not consider such improperly sprung new material from defendant Finkelman's replies there will be little need for my sur-reply. Such absence is sufficient cause, among many reasons already delineated in my oppositions to deny her outstanding motions. Particularly concerning is her concealment of her intent to demand fees relating to an entirely different action, which has not even been adjudicated yet, and for make-work collateral proceedings relating to sanctions that are entirely baseless or the emergency TRO/PI motion which was properly denied for failing to satisfy even a single criteria for such extraordinary relief. These baseless collateral proceedings are and have always been an abuse of process intended for no reasons other than to harass me, and as now revealed to provide make-work while wasting judicial resources.

Defendant Finkelman has also articulated no basis for why it would not be acceptable and more efficient for me to combine a sur-reply in response to new exhibits and allegations she has raised in support of both her motions as opposed to request two different sur-replies. She has also provided no support for her implied-by-calculation and facially absurd contention that a Rule 54 motion could in any context ever award fees relating to a separate, unadjudicated action.

Asides from a single errant district court decision *Bobulinski v. Tarlov,* 2025 WL 872178 which awarded fees pursuant to a Rule 54 motion, defendant Finkelman has no support for her position against over a dozen local rejections of precisely such a position as extensively quoted in my opposition. She argues that the singular *Tarlov* requires this Court to contradict an overwhelming consensus categorically rejecting such motions, and also that *Button v. New York Times Co.* 2025 WL

2643674, another local district court decision, is somehow a nullity, thus revealing a purely arbitrary treatment of practice and precedent.

      As I have also argued in my opposition briefs, defendant Finkelman has far less support than the positions I have taken with regard to choice of law, the inapplicability of the fair and true report privilege and the defamatory nature of her republication for which she seeks sanctions against me. Her position has never been upheld by the Second Circuit, and the only binding precedent on this subject did not decide whether such claims could even be brought at all, but did instruct as to evaluating the sufficiency of legal basis to withstand a motion for attorney's fees closely tracking the norm of Rule 11 analysis.

      In *Harris v. American Accounting Association* 2023 WL 2803770 (2023) the Second Circuit stated: "[The state] law is unclear in several respects. We are therefore not persuaded that Harris's reverse passing off claim, when viewed with the indulgence afforded to pro se litigants, *was wholly 'without a substantial basis in fact and law' and incapable of being 'supported by a substantial argument for extension, modification or reversal of existing law,'* as the statute requires." (citing *Aristocrat Plastic Surgery, P.C. v. Silva*, 206 A.D.3d 26, 29 (1st Dep't 2022)) (emphasis added).

      Thank you for considering my position in this matter.

      Respectfully submitted,

          /s/ Gideon Rapaport *pro se*
          GideonRapaportLaw@outlook.com
          (862) 213-0895
          #627 1078 Summit Avenue
          Jersey City, New Jersey, 07307